# EXHIBIT 1

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

RECEIVED

GRETCHEN

**Registration Number:**

## TXu 1-569-097

**Effective date of registration:**

October 11, 2007

## Title
**Title of Work:** Dynamics v. 6.2.05

## Completion/Publication
**Year of Completion:** 2002

## Author
■ **Author:** Proterion Corporation

**Author Created:** computer program

**Work made for hire:** Yes

**Domiciled in:** United States

**Anonymous:** No     **Pseudonymous:** No

■ **Author:** New Century Software

**Author Created:** computer program

**Work made for hire:** Yes

**Domiciled in:** United States

**Anonymous:** No     **Pseudonymous:** No

## Copyright claimant
**Copyright Claimant:** Wyatt Technology Corporation

6300 Hollister Avenue, Santa Barbara, California, 93117

**Transfer Statement:** by written agreement

## Limitation of copyright claim
**Material excluded from this claim:** Previous versions of work

**Previously registered:** Yes

**Previous registration and year:** TX6-07-607     2005

**Basis of current registration:** This is a changed version of the work.

**New material included in claim:** Revisions and additional text of computer program

*54*

*Exhibit 1*

## Certification

**Name:** Philip J. Wyatt

**Date:** October 2, 2007

**Correspondence:** Yes

# EXHIBIT 2

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

RECEIVED

NOV 6

GRETCHEN H STROL

**Registration Number:**

## TXu 1-569-098

**Effective date of registration:**

**October 11, 2007**

## Title ─────────────────────────

Title of Work:  Dynamics v. 6.3.40

## Completion/Publication ─────────

Year of Completion:  2004

## Author ────────────────────────

- Author:  Proterion Corporation

  Author Created:  Computer program

  Work made for hire:  Yes

  Domiciled in:  United States

  Anonymous:  No          Pseudonymous:  No

- Author:  New Century Software

  Author Created:  computer program

  Work made for hire:  Yes

  Domiciled in:  United States

  Anonymous:  No          Pseudonymous:  No

- Author:  NingBo Zhu Jixiang Guangdian Instruments Co. Ltd.

  Author Created:  computer program

  Work made for hire:  Yes

  Domiciled in:  China

  Anonymous:  No          Pseudonymous:  No

## Copyright claimant ───────────

Copyright Claimant:  Wyatt Technology Corporation

6300 Hollister Avenue, Santa Barbara, CA, 93117-3253

Transfer Statement:  By written agreement

56

*Exhibit 2*

## Limitation of copyright claim

Material excluded from this claim:   Previous versions of work

Previously registered:   Yes

Previous registration and year:   TX 6-07-607     2005

Basis of current registration:   This is a changed version of the work.

New material included in claim:   Revisions and additional text of computer program

## Certification

Name:   Philip J. Wyatt

Date:   October 2, 2007

Correspondence:   Yes

# EXHIBIT 3

# Certificate of Registration

RECEIVED



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, United States Code,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

NI⋯     6 2007

GRETCHEN H STROUD

**Registration Number:**

## TXu 1-569-099

**Effective date of
registration:**

October 11, 2007

---

## Title

**Title of Work:** Dynamics Software v. 5.26.56

## Completion/Publication

**Year of Completion:** 2001

## Author

■     **Author:** Proterion Corporation

**Author Created:** Computer Program

**Work made for hire:** Yes

**Domiciled in:** United States

**Anonymous:** No                         **Pseudonymous:** No

■     **Author:** New Century Software

**Author Created:** Computer Program

**Work made for hire:** Yes

**Domiciled in:** United States

**Anonymous:** No                         **Pseudonymous:** No

## Copyright claimant

**Copyright Claimant:** Wyatt Technology Corporation

6300 Hollister Avenue, Santa Barbara, California, 93117-3253

**Transfer Statement:** By Written Agreement

## Limitation of copyright claim

**Material excluded from this claim:** Previous versions of work

**Previously registered:** Yes

**Previous registration and year:** TX 6-07-607     2005

**Basis of current registration:** This is a changed version of the work.

**New material included in claim:** Revisions and additional text of computer program

58

Page 1 of 2

*Exhibit 3*

## Certification

**Name:**   Philip J. Wyatt

**Date:**   October 2, 2007

**Correspondence:**   Yes

S9

# EXHIBIT 4

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

RECEIVED

NOV 5 2007

GRETCHEN R. STROUD

**Registration Number:**

**TX 6-812-045**

**Effective date of registration:**

**October 11, 2007**

## Title

**Title of Work:** Dynamics Installation CD v. 6.3.40

## Completion/Publication

**Year of Completion:** 2004

**Date of 1st Publication:** June 10, 2004     **Nation of 1st Publication:** United States

## Author

- **Author:** NingBo Zhu Jixiang Guangdian Instruments Co. Ltd.

  **Author Created:** computer program

  **Work made for hire:** Yes

  **Domiciled in:** China

  **Anonymous:** No     **Pseudonymous:** No

- **Author:** Proterion Corporation

  **Author Created:** computer program

  **Work made for hire:** Yes

  **Domiciled in:** United States

  **Anonymous:** No     **Pseudonymous:** No

- **Author:** New Century Software

  **Author Created:** computer program

  **Work made for hire:** Yes

  **Domiciled in:** United States

  **Anonymous:** No     **Pseudonymous:** No

## Copyright claimant

**Copyright Claimant:** Wyatt Technology Corporation

6300 Hollister Avenue, Santa Barbara, California, 93117-3253

**Transfer Statement:** By written agreement

Page 1 of 2

*Exhibit 4*

## Limitation of copyright claim

Material excluded from this claim:   Previous versions of work

Previously registered:   Yes

Previous registration and year:   TX6-07-607     2005

Basis of current registration:   This is a changed version of the work.

New material included in claim:   Revisions and additional text of computer program

## Certification

Name:   Philip J. Wyatt

Date:   October 2, 2007

Correspondence:   Yes

61

# EXHIBIT 5

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

RECEIVED

NO[...]

GRETCHE[...] [...]

**Registration Number:**

**TX 6-812-047**

**Effective date of registration:**

October 11, 2007

## Title

Title of Work: Dynamics Installation CD v. 5.26.56

## Completion/Publication

Year of Completion: 2001

Date of 1st Publication: June 1, 2001

## Author

■ Author: Proterion Corporation

Author Created: computer program

Work made for hire: Yes

Domiciled in: United States

Anonymous: No          Pseudonymous: No

■ Author: New Century Software

Author Created: computer program

Work made for hire: Yes

Domiciled in: United States

Anonymous: No          Pseudonymous: No

## Copyright claimant

Copyright Claimant: Wyatt Technology Corporation

6300 Hollister Avenue, Santa Barbara, California, 93117-3253

Transfer Statement: By written agreement

## Limitation of copyright claim

Material excluded from this claim: Previous versions of work

Previously registered: Yes

Previous registration and year: TX 6-07-607      2005

62

*Exhibit 5*

**Basis of current registration:**   This is a changed version of the work.

**New material included in claim:**   Revisions and additional text of computer program

## Certification

**Name:**   Phillip J. Wyatt

**Date:**   October 2, 2007

**Correspondence:**   Yes

/. ?

# EXHIBIT 6

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

RECEIVED

NOV 9 2007

GRETCHEN R. STROUD

**Registration Number:**

**TX 6-812-053**

**Effective date of registration:**

**October 12, 2007**

## Title

**Title of Work:** PSI Books: Dynamic Light Scattering

## Completion/Publication

**Year of Completion:** 2001

**Date of 1st Publication:** October 27, 2001    **Nation of 1st Publication:** United States

## Author

**Author:** Proterion Corporation

**Author Created:** text and graphs

**Work made for hire:** Yes

**Domiciled in:** United States

**Anonymous:** No    **Pseudonymous:** No

## Copyright claimant

**Copyright Claimant:** Wyatt Technology Corporation

6300 Hollister Avenue, Santa Barbara, California, 93117-3253

**Transfer Statement:** by written agreement

## Limitation of copyright claim

**Previously registered:** No

## Certification

**Name:** Philip J. Wyatt

**Date:** October 2, 2007

64

Exhibit 6

# EXHIBIT 7

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, United States Code,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

**TX 6-813-868**

**Effective date of
registration:**

October 12, 2007

## Title

**Title of Work:** Protein Solutions web site

## Completion/Publication

**Year of Completion:** 2003

**Date of 1st Publication:** July 3, 2003     **Nation of 1st Publication:** United States

## Author

■    **Author:** Proterion Corporation

**Author Created:** text and graphs

**Work made for hire:** Yes

**Domiciled in:** United States

**Anonymous:** No     **Pseudonymous:** No

## Copyright claimant

**Copyright Claimant:** Wyatt Technology Corporation

6300 Hollister Avenue, Santa Barbara, California, 93117-3253

**Transfer Statement:** By written agreement

## Limitation of copyright claim

**Material excluded from this claim:** Previous version

**Previously registered:** No

**New material included in claim:** Additions and revisions

## Certification

**Name:** Philip J. Wyatt, authorized agent of Wyatt Technology
Corporation

**Date:** October 2, 2007

**Correspondence:** Yes

Page 1 of 1

*Exhibit 7*

# EXHIBIT 8

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

**TX 6-816-833**

**Effective date of registration:**

December 17, 2007

## Title

**Title of Work:** PSI Books

## Completion/Publication

**Year of Completion:** 2000

**Date of 1st Publication:** November 11, 2000

## Author

**Author:** Proterion Corporation

**Author Created:** text

**Work made for hire:** Yes

**Domiciled in:** United States

**Anonymous:** No                      **Pseudonymous:** No

## Copyright claimant

**Copyright Claimant:** Wyatt Technology Corporation

6300 Hollister Avenue, Santa Barbara, California, 93117-3253

**Transfer Statement:** By written agreement

## Limitation of copyright claim

**Previously registered:** No

## Certification

**Name:** Philip J. Wyatt

**Date:** December 7, 2007

*Exhibit 8*

Page 1 of 1

# EXHIBIT 9

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

RECEIVED

CRETCHEN R. STROUD

**Registration Number:**

## TX 6-816-834

**Effective date of registration:**

December 17, 2007

## Title ──────────────────────────────

**Title of Work:**  PSI Frequently Asked Questions

## Completion/Publication ──────────────

**Year of Completion:**  1999

**Date of 1st Publication:**  April 21, 1999

## Author ─────────────────────────────

**Author:**  Proterion Corporation

**Author Created:**  text

**Work made for hire:**  Yes

**Domiciled in:**  United States

**Anonymous:**  No          **Pseudonymous:**  No

## Copyright claimant ──────────────────

**Copyright Claimant:**  Wyatt Technology Corporation

6300 Hollister Avenue, Santa Barbara, California, 93117-3253

**Transfer Statement:**  By written agreement

## Limitation of copyright claim ───────

**Previously registered:**  No

## Certification ───────────────────────

**Name:**  Philip J. Wyatt

**Date:**  December 7, 2007

67                    *Exhibit 9*

Page 1 of 1

# EXHIBIT 10



# DynaPro™



# The fast and accurate way to characterize your biomolecules in solution.

# PROTEINSOLUTIONS

Tools for Biomolecular Characterization
www.protein-solutions.com

*Exhibit 10*

68

# INTRODUCTION

**Biophysical characterization** has developed into a critical avenue for any laboratory that requires a complete understanding on how their proteins and other biomolecules function in solution. Stability, aggregation, complex formulation and conformation are all important issues facing a wide variety of biolmolecular research and development initiatives. The DynaPro Molecular Sizing Instrument is an essential tool that provides this often elusive information in a fast, accurate, and user friendly manner.



By employing various light scattering techniques, including dynamic and total intensitiy, the DynaPro generates measurements on diffusion, size, moloecular weight, and polydispersity properties. The DynaPro incorporates patented detection technology with the most advanced data processing know-how to deliver the most sensitive, accuate performance available.

# APPLICATIONS

**The DynaPro** serves a broad range of applications incorporating discovery, development, and delivery.

- Characterize your newly purified protein for homogeneity, size, and thermal stability.
- Measure kinetics associated with macromolecular assemblies.
- Screen therapeutic biotherapeutics for self-association over a broad range of solution conditions
- Measure the stability and size of lipids, conjugates and other drug delivery particles.



*69*

# FLEXIBILITY

The DynaPro offers the flexibility in both hardware and software to meet your specific application requirements.

Choose our unique 12 µl quartz sample cell for precious samples, or the 50 µl disposable cell for high-throughput applications. Our modular cell holder allows for quick and easy conversion from off-line measurements to flow-through applications such as automated titration and chromatography peak characterization. DYNAMICS software provides an easy-to-use, yet powerful interface between you and the DynaPro.







Customized wizards guide you through step-by-step experimental design and optimization. Powerful algorithms process your measurements in seconds and your results can be viewed in a wide variety of windows for confident



data interpretation. The simple export command provides the flexibility to present your data in a way that best suits your presentation. Click START and view your results in seconds.

# PROTEINSOLUTIONS

**Tools for Biomolecular Characterization**
www.protein-solutions.com

# SUPPORT

**Protein Solutions** prides itself on surpassing expectations when it comes to service and support.  Everything we do is centered around our most important asset: you, the customer.

We take the time to develop an understanding of your research goals and then apply our expertise in matching the right applications tom our DynaPro products.  Our exculsive PSI BOOKS, found at **protein-solutions.com**, represent just a portion of the application and technical backup included with every DynaPro purchase.

Go to protein-solutions.com for a comprehensive presentation of application notes, theoretical considerations, and detailed product descriptions.



# PROTEINSOLUTIONS

750 Vassar Avenue, Lakewood, NJ 08701 U.S.A
Telephone: +1 (732) 367-1663 • Fax: +1 (732) 370-0032
Toll-Free in the U.S.: 1-888-242-2848
**www.protein-solutions.com**

© 2002, Protein Solutions, Inc.  All rights reserved.  DYNAMICS and DynaPro are trademarks of Protein Solutions, Inc.          03022M

# EXHIBIT 11

## ASSET PURCHASE AGREEMENT

This Asset Purchase Agreement (this "Agreement") is made as of this 17th day of November, 2004, by and between Wyatt Technology Corporation, a *CALIFORNIA* corporation ("Buyer"), and Steven Z. Jurista, as and solely as the Assignee for the benefit of creditors of assets of Proterion Corporation and its wholly owned subsidiaries Protein Solutions, Inc., Protein Solutions Holdings, Inc., Aviv Instruments, Inc. and Proterion Corporation Limited ("Proterion Ltd."), in his capacity as assignee ("Seller"). The Buyer and the Seller are referred to herein individually as a "Party" and collectively as the "Parties."

## R E C I T A L S :

WHEREAS, Buyer desires to purchase, and Seller desires to sell, certain of Seller's assets, properties and rights that Seller received from Proterion Corporation, Protein Solutions, Inc., Protein Solutions Holdings, Inc., Aviv Instruments, Inc. and Proterion Corporation Limited (collectively "Proterion" or the "Proterion Entities") pursuant to assignments for the benefit of creditors; and

WHEREAS, Buyer is aware that Seller is an Assignee for the benefit of creditors in a New Jersey Superior Court proceedings and that this Agreement and the transactions contemplated herein are subject to the approval of the Superior Court of the State of New Jersey (the "Superior Court") per N.J.S.A. 2A:19-19, after notice to all creditors and parties in interest.

WHEREAS, Buyer is aware that Proterion is insolvent and has ceased operations, and cannot continue as a going concern and that the Buyer has conducted its own diligence concerning the sale.

NOW, THEREFORE, in consideration of the foregoing premises and the mutual promises, a greements, representations, w arranties, a nd c ovenants h erein c ontained, t he p arties hereby agree as follows:

**Section 1.    Purchase and Sale of Assets.**

1.1    Acquired Assets.  At the Closing, subject to Section 1.2, Seller shall sell and assign to Buyer, free and clear of all security interests, encumbrances, restrictions on transfer, or adverse claims, and Buyer shall buy from Seller, all of Seller's right, title and interest in the following assets except any assets that constitute Excluded Assets (the "Acquired Assets"):

(a)    The physical assets of Proterion effectively conveyed to Seller which are in the possession, custody or control of the Seller, exclusive of office equipment, furniture and related assets located at Proterion's office in Somerset, New Jersey.

(b)    The website domain:  Proterion.com.

(c)    Exclusive rights to all software source and compiled code developed for Proterion, to the extent available to the Assignee.

#845185 v5

*Exhibit 11*



(d)    Exclusive rights to all customer databases, servers, prospective customer databases and servers, etc.

(e)    Exclusive rights to all manufacturing software programs and databases relating the manufacturing, resource and planning for manufacturing any equipment by Proterion.

(f)    Exclusive rights to all documentation relating to the fabrication of such instruments.

(g)    Exclusive rights to all Aviv Instrument product drawings, know-how, etc.

(h)    All patents and know-how relating to the PWR technology.

1.2    Excluded Assets. To the extent that any rights referred to in Section 1.1 required the consent to transfer from Proterion to Seller and/or (ii) requires the consent of the counterparty for a transfer by Seller to Buyer and such consent is not obtained, (a) the assets relating thereto shall not be transferred to Buyer (the "Excluded Assets"), (b) there shall be no reduction in the purchase price as a result thereof and (c) no right of Buyer not to close as a result thereof. For the avoidance of doubt, Excluded Assets shall also include all cash, accounts receivable, causes of action, preferences, fraudulent conveyances or other rights or assets not set forth in section 1.1(a) – (h) hereof. Buyer also understands that Seller, in its capacity as such, has provided, or will provide, a release on behalf of himself and Proterion to Aviv Biomedical, Inc. and Jack Aviv. In addition, the assets of the Circular Dichroism ("CD") Spectroscopy business conducted under the brand name of Aviv Instruments (the "Aviv Business Assets") are Excluded Assets. The Aviv Business Assets consist of the following:

(a)    all test fixtures, test equipment, and parts required to build the CD instrument for the National University of Ireland – Maynooth in Kildare, Ireland;

(b)    one (1) computer server and the related software containing the information pertaining to the CD business; i.e., the server which is loaded with the Intuitive Software;

(c)    all inventory pertaining to the CD Business;

(d)    the non-compete clause contained in the May 31, 2001 Merger Agreement between, *inter alia*, Aviv Instruments, Inc. and Rheometric Corp., predecessor in interest to Proterion Corporation;

(e)    any and all instrument records (i.e., history files of the instruments built over the years) pertaining to the CD Business;

(f)    the following phone numbers previously used by Aviv Instruments and Aviv Associates: 732-367-1663; and

(g)    the right of Aviv Biomedical to enter into any warehouse or storage facilities in which the physical Aviv business assets are currently located.

9845185 v5

2

1.3     No Liabilities or Obligations Assumed. Buyer shall not assume or be liable for any liabilities or obligations of Seller, whether the same are direct or indirect, fixed, contingent or otherwise, known or unknown, whether arising under an agreement or contract or otherwise, other than those obligations arising from the ownership and operation of the Acquired Assets (including, without limitation, contracts) from and after the Closing Date.

1.4     Brokers or Finders  No agent, broker, investment banker, financial advisor or other firm or person is or will be entitled to any broker's or finder's fee from Seller or any other commission or similar fee from Seller in connection with any of the transaction contemplated hereby

1.5     Bill of Sale. The sale and delivery of the Acquired Assets shall be effected by the bill of sale and assignment in substantially the forms of Exhibits A and B attached hereto (the "Assignments").

**Section 2.     Closing; Purchase Price.**

2.1     Closing Date.  The closing (the "Closing") of the transactions contemplated hereby shall be held at the offices of counsel to Seller, Sills Cummis Epstein & Gross, P.C., One Riverfront Plaza, Newark, New Jersey 017102 on or about November 18, 2004, or such other date as may be mutually agreed upon by the Parties, subject to the satisfaction or waiver of all of the closing conditions set forth in Section 4 (the "Closing Date").

2.2     Purchase Price; Payment.

(a)     The purchase price for the Acquired Assets (the "Purchase Price") shall be Four Hundred Ten Thousand Dollars ($410,000). Twenty-Five Thousand Dollars ($25,000) has been paid as a refundable deposit (the "Deposit") or one business day after the closing conditions are satisfied or waived in writing and Three Hundred Eighty-Five Thousand Dollars ($385,000) shall be paid at the Closing by wire transfer of immediately available funds. The transfer of the Acquired Assets to Buyer shall not be deemed to be effected until the receipt by Seller of such immediately available funds. Seller shall provide written notice to the Buyer of an account to which Buyer shall wire such funds. If the transactions do not close, the Deposit shall be refunded to the Seller provided that if the transactions do not close by reason of Buyer's default, Seller shall have all rights and remedies available to it at law and in equity, and the retention of the deposit by the Seller shall not be the Seller's sole remedy or a limitation on the damages incurred by Seller as a result of Buyer's breach.

**Section 3.     Representations and Warranties; Disclaimer by Seller.**

3.1     Representations and Warranties of Seller.  Seller represents to Buyer that Seller has full power, capacity, and authority to execute and deliver this Agreement and the Assignments (collectively, the "Transaction Documents") and, upon approval of the Superior Court, to consummate the transactions contemplated in the Transaction Documents.  Buyer is buying the Acquired Assets, as is, where is. Without limiting the generality of the preceding sentence, it shall be Buyer's responsibility to do all lien searches it deems to be appropriate and to review all contracts that, but for Section 1.2, would be assigned to Buyer.

#845185 v5

3

3.2    Disclaimer by Seller. NEITHER SELLER NOR ANY OF HIS AGENTS OR REPRESENTATIVES SHALL (A) BE DEEMED TO HAVE MADE AND/OR (B) BE LIABLE FOR OR BOUND IN ANY MANNER BY ANY EXPRESS OR IMPLIED REPRESENTATIONS, WARRANTIES, GUARANTIES, PROMISES OR STATEMENTS PERTAINING TO THE ACQUIRED ASSETS, EXCEPT TO THE EXTENT SET FORTH IN THIS AGREEMENT. IN ADDITION, SELLER SHALL HAVE NO LIABILITY OF ANY KIND OR NATURE WHATSOEVER IN CONNECTION WITH THE SALE OF THE ACQUIRED ASSETS OR ANY OTHER MATTERS CONTEMPLATED HEREBY EXCEPT, AND ONLY EXCEPT, IN THE CASE OF FRAUD BY SELLER. SELLER MAKES NO REPRESENTATIONS AND WARRANTIES CONCERNING THE ACQUIRED ASSETS OR THE BUSINESS OF PROTERION. BUYER AGREES TO PURCHASE ALL ASSETS "AS IS", WHERE IS WITHOUT LIMITING THE GENERALITY OF THE PRECEDING SENTENCE, BUYER IS RELYING UPON ITS OWN INSPECTION AND ANALYSIS OF THE ACQUIRED ASSETS, ITS OWN KNOWLEDGE OF THE BUSINESS, ITS OWN LIEN SEARCHES, THE ITS OWN REVIEW OF ALL CONTRACTS TO WHICH PROTERION WAS A PARTY AND THE ADEQUACY OF THE ASSIGNMENTS FOR THE BENEFIT OF CREDITORS BY PROTERION USA AND PROTERION LTD TO SELLER IN MAKING THIS PURCHASE. BUYER ACKNOWLEDGES THAT PROTERION IS INSOLVENT AND HAS CEASED OPERATIONS. THERE SHALL BE NO TECHNICAL SUPPORT FROM FORMER EMPLOYEES UNLESS OTHERWISE ARRANGED BY THE BUYER.

3.3    Representations and Warranties of Buyer. Buyer represents to Seller that Buyer has full power and authority to execute and deliver the Transaction Documents and to consummate the transactions contemplated in the Transactions Documents. Buyer now has the funds required to consummate its purchase of the Acquired Assets pursuant to the terms of this Agreement.

**Section 4.    Submission for Court Approval.** As promptly as practicable, but in no event later than five Business Days, after the date hereof, Seller shall file this Agreement with the Superior Court on notice to creditors and parties in interest at Proterion, as well as to other interested bidders with a request that it be approved (the "Sale Motion"). Seller shall provide Buyer with copies of any and all motions, applications, pleadings, schedules, statements, reports and other papers (including exhibits and supporting documentation) filed by or on behalf of Seller related to the Acquired Assets or this Agreement reasonably promptly after same has been filed. This Agreement is subject to Court approval; if the agreement is not approved, if shall be null and void, with no liability by either party.

Section 5.    Closing Deliveries.

5.1    Seller Deliveries. The obligation of Buyer to consummate the Closing shall be subject to the satisfaction or waiver by such party of the following additional conditions:

(a)    Seller shall have executed and delivered to Buyer the Bill of Sale to Buyer in the form attached as Exhibit A;

(b)    The Superior Court shall have entered a final, non-stayed Order (the "Superior Court Order") approving this transaction in a form satisfactory to Buyer and Seller.

#845185 v5

4

25

5.2   Buyer Deliveries. The obligation of Seller to consummate the Closing shall be subject to the satisfaction or waiver by such party of the following additional conditions:

(a)   Seller shall have received the required Three Hundred Eighty-Five Thousand Dollars ($385,000) from Buyer pursuant to a wire transfer of immediately available funds; and

(b)   The Superior Court shall have entered the Superior Court Order in form and substance satisfactory to Buyer and Seller.

**Section 6.   Termination.** The Parties may terminate this Agreement prior to the Closing (whether before or after Superior Court Order) by written consent of each Party. This Agreement will automatically terminate upon the closing of a sale of the Acquired Assets to a purchaser other than Buyer.

**Section 7.   Miscellaneous.**

7.1   Governing Law. This Agreement shall be governed in all respects by the laws of the State of New Jersey, without giving effect to any choice or conflict of law provision or rule (whether of the State of New Jersey or any other jurisdiction that would cause the application of the laws of any jurisdiction other that the State of New Jersey). Any disputes arising out of or otherwise relating to this Agreement shall be resolved exclusively in a New Jersey state court.

7.2   Survival. The representations and warranties made herein shall not survive the Closing except for any fraud on the part of Buyer or Seller.

7.3   Successors and Assigns. Except as otherwise provided herein, the provisions hereof shall inure to the benefit of, and be binding upon, the successors, assigns, legatees, distributees, fiduciaries, estates, guardians, heirs, executors and administrators of the parties hereto. No party may assign any of its rights or obligations hereunder without the express written consent of the other party hereto, which consent may not be unreasonably withheld; provided, however, any party may assign any and all of its rights and interests hereunder to one or more of its affiliates and designate one or more of its affiliates to perform its obligations hereunder provided that such party remains liable for full and total performance of its obligations hereunder.

7.4   Notices. Any notices authorized to be given hereunder shall be in writing and deemed given, if delivered personally or by overnight courier, on the date of delivery, if a Business Day, or if not a Business Day, on the first Business Day following delivery, or if mailed, three days after mailing by registered or certified mail, return receipt requested, and in each case, addressed to the addressees on Schedule 7.4 hereof or if delivered by telecopier, on a Business Day before 4:00 PM local time of addressee, on transmission confirmed electronically, or if at any other time or day on the first Business Day succeeding transmission confirmed electronically, to the facsimile numbers provided above, or to such other address or telecopy number as any party shall specify to the other, pursuant to the foregoing notice provisions.

7.5   Waiver; Amendments. This Agreement, and the Transaction Documents, (i) set forth the entire agreement of the parties respecting the subject matter hereof, (ii) supersede any

#845185 v5

5

76



prior and contemporaneous understandings, agreements, or representations by or among the parties, written or oral, to the extent they related in any way to the subject matter hereof, and (iii) may not be amended orally, and no right or obligation of any party may be altered, except as expressly set forth in a writing signed by such party.

      7.6   <u>Counterparts</u>. This Agreement may be signed in several counterparts.

      7.7   <u>Severability</u>. To the extent any provision of this Agreement can be enforced in part but cannot be enforced in whole, any such provision shall be enforced to the maximum extent permitted by applicable law.   To the extent any provision of this Agreement cannot be enforced, such unenforceability shall have no effect on any other provision of this Agreement which is enforceable in whole or in part.

      7.8   <u>Expenses</u>. Each party shall bear its own expenses incurred with respect to the preparation of this Agreement and the consummation of the transactions contemplated hereby.

      7.9   Amendment and Restatement.   The parties acknowledge that they previously executed an Asset Purchase Agreement and this revised Asset Purchase Agreement amends and restates, and supersedes, the Asset Purchase Agreement previously executed by the parties.

[SIGNATURE PAGES FOLLOW IN THE NEXT PAGE]

77

IN WITNESS WHEREOF, the undersigned have executed this Asset Purchase Agreement as of the date first written above.

BUYER:

WYATT TECHNOLOGY CORPORATION

By: _____
Name: GEOFREY WYATT
Title: PRESIDENT

SELLER:

_____  11/27/07

STEVEN Z. JURASTA, AS AND SOLELY AS ASSIGNEE FOR THE BENEFIT OF CREDITORS OF PROTERION

*78*

EXHIBIT A

BILL OF SALE

For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and pursuant to the herein-defined Asset Purchase Agreement, Steve Jurista ("Seller"), solely in his capacity as Assignee for the benefit of creditors ("Assignee") of the Proterion Entities, as that term is defined in the Asset Purchase Agreement ("Seller"), does hereby take the following actions:

1.    Reference is made to the Asset Purchase Agreement, dated November 17, 2004 (the "Asset Purchase Agreement"), between Steve Jurista, as and solely as the Assignee for the Benefit of Creditors of the Proterion Entities, and Wyatt Technology Corporation ("Wyatt"). Capitalized terms used herein and not defined in the Asset Purchase Agreement (including the terms "Proterion Entities" and "Acquired Assets") have the meanings ascribed to such terms in the Asset Purchase Agreement.

2.    Subject to the provisions of Sections 1.2 and 3.2 of the Asset Purchase Agreement, Seller, solely in his capacity as Assignee, hereby sells, assigns, conveys, sets over, and delivers to Wyatt the Acquired Assets.

3.    This Bill of Sale shall bind and inure to the benefit of Seller and Wyatt and their respective successors, assigns, legatees, distributees, fiduciaries, estates, guardians, heirs, executors and administrators. This Bill of Sale shall be governed by, and construed in accordance with, the laws of the state of New Jersey, without regard to principles of conflicts of law.

4.    Anything to the contrary notwithstanding in this Bill of Sale, the representations and warranties contained in the Asset Purchase Agreement shall not survive the execution and delivery of this Bill of Sale except for any fraud on the part of Seller.

In witness whereof, Seller has executed this Bill of Sale as of November 24, 2004.

Steve Jurista, solely in his capacity as the Assignee for the Benefit of Creditors of the Proterion Entities

#845185 v5

79

EXHIBIT B

ASSIGNMENT

For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and pursuant to the herein-defined Asset Purchase Agreement, Steve Jurista ("Seller"), solely in his capacity as Assignee for the benefit of creditors ("Assignee") of the Proterion Entities, as that term is defined in the Asset Purchase Agreement ("Seller"), does hereby take the following actions:

1.    Reference is made to the Asset Purchase Agreement, dated November 17, 2004 (the "Asset Purchase Agreement") between Steve Jurista, as and solely as the Assignee for the Benefit of Creditors of the Proterion Entities and Wyatt Technology Corporation ("Wyatt"). Capitalized terms used herein and not defined in the Asset Purchase Agreement (including the terms "Proterion Entities" and "Acquired Assets") have the meanings ascribed to such terms in the Asset Purchase Agreement.

2.    Subject to the provisions of Sections 1.2 and 3.2 of the Asset Purchase Agreement, Seller, solely in his capacity as Assignee, hereby sells, assigns, conveys, sets over, and delivers to Wyatt the Acquired Assets.

3.    This Assignment shall bind and inure to the benefit of Seller and Wyatt and their respective successors, assigns, legatees, distributees, fiduciaries, estates, guardians, heirs, executors and administrators.    This Assignment shall be governed by, and construed in accordance with, the laws of the state of New Jersey, without regard to principles of conflicts of law.

4.    Anything to the contrary notwithstanding in this Assignment, the representations and warranties contained in the Asset Purchase Agreement shall not survive the execution and delivery of this Assignment except for any fraud on the part of Seller,

5.    This Assignment is being executed in the event the Bill of Sale executed simultaneously with this Assignment is not sufficient to convey all of the Acquired Assets to Malvern.

In witness whereof, Seller has executed this Assignment as of November 7, 2004.

_____

Steve Jurista, solely in his capacity as the Assignee
for the Benefit of Creditors of the Proterion Entities

SCHEDULE 7.4

If to Buyer:

Wyatt Technology Corporation
6300 Hollister Avenue
Santa Barbara, CA 93117
Attention:  Mr. Geoffrey K. Wyatt

If to Seller:

Wasserman, Jurista & Stolz, P.C.
225 Millburn Avenue
Suite 207
Millburn, NJ 07041
Attention:  Steven Jurista

With a copy to

Sills Cummis Epstein & Gross P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Attention:  Andrew Sherman, Esq.

#845185 v5

# EXHIBIT 12

### FIRST AMENDMENT TO
### ASSET PURCHASE AGREEMENT

This First Amendment to Asset Purchase Agreement (this "First Amendment") is made this 18th day of January, 2005, by and between Wyatt Technology Corporation, a California corporation ("Buyer"), and Steven Z. Jurista, as and solely as the Assignee for the benefit of creditors of assets of Proterion Corporation, and its wholly owned subsidiaries Protein Solutions, Inc., Protein Solutions Holdings, Inc., Aviv Instruments, Inc. and Proterion Corporation Limited, in his capacity as assignee ("Seller"). Buyer and Seller are referred to herein individually as a "Party" and collectively as the "Parties."

### R E C I T A L S:

WHEREAS, Buyer and Seller are Parties to that certain Asset Purchase Agreement dated October 29, 2004 (the "Agreement"). All capitalized terms used herein without definition are defined as set forth in the Agreement; and

WHEREAS, Buyer and Seller desire to enter into this First Amendment to clarify, confirm and otherwise provide for the purchase by and transfer and assignment to Buyer of certain intellectual property rights of Proterion as Acquired Assets under the Agreement.

NOW, THEREFORE, in consideration of the foregoing premises and the mutual promises, agreements, representations, warranties, and covenants contained herein and in the Agreement, the Parties hereby agree as follows:

**Section 1.    Amended Provision.**

Section 1.1 of the Agreement is hereby amended by adding the following subsection (i) to the end thereof:

(i)    The entire and exclusive right, title and interest in and to all trademarks, service marks, trade names, business names, logos, and brands relating to the business of Proterion, including without limitation the marks PROTERION, DYNAPRO, and PROTEIN SOLUTIONS (collectively, the "Trademarks"), any registrations or applications to register the Trademarks subsisting in any country of the world, and the goodwill and undertaking of Proterion in relation to the business heretofore carried on by Proterion in connection with the Trademarks, together with the exclusive right for Buyer to represent itself as carrying on such business in succession to Proterion, and any other industrial or intellectual property right subsisting in any country of the world (in each case for the full period thereof and all extensions and renewals thereof) which are either owned by Proterion or owned by person(s) other than Proterion and licensed to Proterion on an exclusive or non-exclusive basis for use in connection with its business.

82

Exhibit 12

Jan-24-05    02:57pm    From-faxroom                    18734673134              T-967   P.003/003   F-507

**Section 2.    Effect of First Amendment and Ratification of Agreement.**

This First Amendment shall constitute an amendment of the Agreement effective as of the effective date of the Agreement. For the avoidance of doubt, the parties confirm and agree that the provisions of Sections 3.2 and 7.2 of the Agreement apply to this Amendment. Except as and to the extent amended by this First Amendment, the Agreement and all of the terms, conditions, and provisions set forth therein shall, in all respects, remain unmodified and unchanged and are hereby reaffirmed, ratified, and confirmed and shall remain in full force and effect.

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first written above.

BUYER:

WYATT TECHNOLOGY CORPORATION

By:
Name:    PHILIP J. WYATT
Title:    Chief Executive Officer

SELLER:

1/24/05

STEVEN Z. JURISTA, AS AND SOLELY AS ASSIGNEE FOR THE BENEFIT OF CREDITORS OF PROTERION

83