1  Rollin A. Ransom (SBN 196126)
   rransom@sidley.com
2  Frank J. Broccolo (SBN 210711)
   fbroccolo@sidley.com
3  Johari N. Townes (SBN 252369)
   jtownes@sidley.com
4  SIDLEY AUSTIN LLP
   555 West Fifth Street, Suite 4000
5  Los Angeles, California  90013-1010
   Telephone: (213) 896-6000
6  Facsimile: (213) 896-6600

7  Attorneys for Defendants Malvern
   Instruments Incorporated and David Dolak
8

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WYATT TECHNOLOGY CORPORATION, a California Corporation, | Case No.  CV07-8298 DDP (MANx) |
| Plaintiff, | Assigned to: Hon.  Dean D.  Pregerson |
| vs. | [~~PROPOSED~~] ORDER |
| MALVERN INSTRUMENTS INCORPORATED, a Massachusetts corporation; DAVID DOLAK, an individual; and DOES 1 through 50, inclusive, | (Filed concurrently with Stipulated Confidentiality Agreement and Protective Order) |
| Defendants. | |

1  The parties, Plaintiff Wyatt Technology Corporation and Defendants Malvern
2  Instruments Incorporated and David Dolak, through their attorneys of record, have
3  agreed to the *Stipulated Confidentiality Agreement and Protective Order*, filed on
4  October 3, 2008.  The Court finds the *Stipulated Confidentiality Agreement and*
5  *Protective Order* reasonable and appropriately tailored to protect the rights of the
6  parties to keep confidential certain proprietary and commercially valuable
7  information.
8
9  Accordingly, it is hereby ORDERED that the *Stipulated Confidentiality*
10 *Agreement and Protective Order* shall be adopted as the order of this Court and shall
11 govern the dissemination and use of information, documents, and things designated as
12 "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the parties.  In entering
13 this Order, however, the Court expressly cautions the parties that, at a minimum, good
14 cause must be demonstrated to warrant sealing of any portion of the court file and
15 denying public access to court proceedings.  Indeed, in <u>Pintos vs. Pacific Creditors</u>
16 <u>Association</u>, 504 F.3d 792, 802 (9th Cir. 2007), the Ninth Circuit made clear that
17 while a "good cause" standard applies to the sealing of documents filed in connection
18 with nondispositive motions, a more rigorous "compelling reasons" standard applies
19 to a sealing request related to dispositive motions.  As stated by the Ninth Circuit, to
20 seal documents or other materials related to a dispositive motion, the party seeking a
21 sealing order "must overcome a strong presumption of access by showing that
22 'compelling reasons supported by specific factual findings . . . outweigh the general
23 history of access and the public policies favoring disclosure.'" *Id.*; citation omitted.
24
25 The parties' *Stipulated Confidentiality Agreement and Protective Order*, in and
26 of itself, creates no entitlement to file under seal information, documents, and things
27 designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the parties.
28 Accordingly, reference to the parties' *Stipulated Confidentiality Agreement and*

*Protective Order* or to the parties' designation of information, documents, or things as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" is wholly insufficient to warrant filing under seal.  Good cause, if not compelling reasons, must be shown to support a request for filing under seal, and the parties' mere designation of information, documents, or things as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" does not -- without the submission of evidence establishing the confidential nature of the information, documents, or things sought to be filed under seal -- establish good cause, let alone compelling reasons, for filing under seal.

**IT IS SO ORDERED.**


Dated: December 30, 2008                              /s/
                                         **MARGARET A. NAGLE**
                                    **UNITED STATES MAGISTRATE JUDGE**