1  Rollin A. Ransom (SBN 196126)
   rransom@sidley.com
2  Jennifer A. Ratner (SBN 205155)
   jratner@sidley.com
3  Frank J. Broccolo (SBN 210711)
   fbroccolo@sidley.com
4  Johari N. Townes (SBN 252369)
   jtownes@sidley.com
5   SIDLEY AUSTIN LLP
   555 West Fifth Street, Suite 4000
6  Los Angeles, California  90013-1010
   Telephone: (213) 896-6000
7  Facsimile: (213) 896-6600

8  Attorneys for Defendants
   Malvern Instruments Incorporated
9  and David Dolak

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WYATT TECHNOLOGY CORPORATION, a California Corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MALVERN INSTRUMENTS INCORPORATED, a Massachusetts corporation; DAVID DOLAK, an individual; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No. CV07-8298 DDP (MANx)<br><br>Assigned to: Hon. Dean D. Pregerson<br><br>**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFF'S CLAIMS 1-3**<br><br>[Filed Concurrently With Defendants' Reply to Wyatt's Separate Statement of Genuine Issues; Defendants' Evidentiary Objections to and Motion to Strike the Declarations Submitted in Plaintiff's Opposition to Defendants' Motions for Summary Judgment; and Reply Declaration of Roliln A. Ransom]<br><br>Date:　　September 9, 2009<br>Time:　　10:00 a.m.<br>Place:　　Courtroom 3 |

# TABLE OF CONTENTS

**Page**

I.   DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON CLAIMS 1 THROUGH 3 ................................................................................... 1

    A.   Plaintiff Has Failed To Present Evidence Of Access To The Source Code At Issue. ........................................................................................ 1

    B.   Plaintiff Has Presented No Evidence That The Zetasizer Nano Source Code Is Substantially Similar To Plaintiff's Registered Source Code ........................................................................................ 3

    C.   Even If Properly Raised By The SAC, Plaintiff Has No Evidence That The Source Code For LS Shareware Is Substantially Similar To Plaintiff's Registered Source Code ...................................................... 7

II.  DEFENDANTS COMPLIED WITH LOCAL RULE 7-3 .................................. 9

III. THERE IS NO BASIS FOR A CONTINUANCE PURSUANT TO RULE 56(F) OF THE FEDERAL RULES OF CIVIL PROCEDURE ............. 10

IV.  PLAINTIFF IS NOT ENTITLED TO AN ADVERSE INFERENCE .............. 13

V.   CONCLUSION ................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Brookhaven Typesetting Servs., Inc. v. Adobe Systems, Inc.*,
   No. C-01-20813 RMW, 2007 WL 2429653 (N.D. Cal. Aug. 24, 2007)....5, 6, 13

*CyberMedia, Inc. v. Symantec Corp.*,
   19 F. Supp. 2d 1070 (N.D. Cal. 1998)..................................................................7

*Frybarger v. Int'l Bus. Machines Corp.*,
   812 F.2d 525 (9th Cir. 1987) .................................................................................3

*Funky Films, Inc. v. Time Warner Entm't Co., L.P.*,
   462 F.3d 1072 (9th Cir. 2006) ...............................................................................3

*Gemisys Corp. v. Phoenix Am., Inc.*,
   186 F.R.D. 551 (N.D. Cal. 1999) ..................................................................3, 6, 9

*Gen. Universal Sys., Inc. v. Lee*,
   379 F.3d 131 (5th Cir. 2004) .........................................................................5, 6, 7

*Grosz-Salomon v. Paul Revere Life Ins. Co.*,
   No. CV 98-7020 DDP (RNBx), 1999 WL 33244979
   (C.D. Cal. Feb. 4, 1999) .....................................................................................11

*Jada Toys, Inc. v. Mattel, Inc.*,
   518 F.3d 628 (9th Cir. 2008) .................................................................................2

*Krav Maga Assoc. of Amer., Inc. v. Yanilov*,
   464 F. Supp. 2d 981 (C.D. Cal. 2006)................................................................11

*Mills v. Lynwood Unified Sch. Dist.*,
   No. CV 07-05055 DDP (CTx), 2009 WL 1873027
   (C.D. Cal. Jun. 30, 2009)..............................................................................10, 11

*Nissan Motor Co. v. Nissan Computer Corp.*,
   No. CV 99-12980 DDP (MCx), 2002 WL 32006514
   (C.D. Cal. Jan. 7, 2002) ......................................................................................11

*Stern Elec., Inc. v. Kaufman*,
   669 F.2d 852 (2d Cir. 1982) ..................................................................................7

*Tatum v. City and County of San Francisco*,
    441 F.3d 1090 (9th Cir. 2006) ................................................................... 10, 11

**OTHER AUTHORITY**

C.D. Cal. Local Rule 7-3 ................................................................................. 9, 10

Fed. R. Civ. Proc.
    Rule 56(f) ................................................................................................. 10, 13

Defendants Malvern Instruments Incorporated ("Malvern") and David Dolak respectfully submit this reply memorandum in support of their Motion For Partial Summary Judgment Regarding Plaintiff's Claims 1-3 (the "Motion").

Plaintiff's Opposition is nothing more than an attempt to divert attention from the fact that plaintiff cannot demonstrate the elements of its copyright infringement claims. Plaintiff does not dispute that it does not have, and has never obtained, the source code for the Zetasizer Nano software (the "Zetasizer Nano source code"), *i.e.*, the software that is accused of infringement in Claims 1 through 3. *See* Second Am. Compl. ("SAC") ¶¶ 77, 85, 93. Accordingly, plaintiff cannot establish any similarity between the Zetasizer Nano source code and the Dynamics source code that is the subject of Claims 1 through 3 (the "Dynamics source code"). And although plaintiff now suggests that a *separate* collection of computer programs called LS Shareware is relevant, plaintiff has had the LS Shareware source code since May 2009 and has not identified any similarities between the LS Shareware source code and the Dynamics source code either.

No discovery remains regarding these issues. Plaintiff's failure to identify *any* similarities between the Zetasizer Nano source code (or the LS Shareware source code) and the Dynamics source code requires dismissal of plaintiff's claims.

## I. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON CLAIMS 1 THROUGH 3

In its Opposition, plaintiff concedes that to prevail on its claims for copyright infringement of the source code, it bears the ultimate burden of proof of establishing both access and at least substantial similarity. Opp. at 4:22-28. As set forth below, plaintiff cannot establish either element.

### A. Plaintiff Has Failed To Present Evidence Of Access To The Source Code At Issue.

In the motion, defendants established that the three Malvern employees who were previously employed by Protein Solutions did not have access to the

1

1  Dynamics source code that is the subject of plaintiff's copyright registrations.  SS 2.
2  Defendants further established that the two MIL employees who were responsible for
3  creating the allegedly infringing version of the Zetasizer Nano software did not have
4  access to the Dynamics source code.  SS 3.

5        Plaintiff purports to dispute the former, but offers no response as to the
6  latter.  However, even as to the former, the fundamental deficiency in plaintiff's
7  "evidence" regarding "access" (Collins Decl. ¶¶ 5-8 and corresponding exhibits) is
8  that Mr. Collins' declaration merely addresses alleged access to unidentified
9  "Dynamics source code archives" maintained on an ftp site.  *See, e.g.*, Collins Decl. ¶¶
10  5, 8.  At *no* time does Mr. Collins assert that this "ftp" site contained the specific
11  source code that is actually at issue here – namely, the source code that is the subject
12  of the registrations at issue in Claims 1 through 3 – and that such source code was
13  therefore theoretically accessible to Mr. Dolak, Dr. Mattison or Dr. Nobbmann.[1]

14        At a minimum, plaintiff must establish that the alleged infringer(s) had
15  access to the specific material that is the subject of the copyright registrations – it is
16  not sufficient to show access to generic "source code" that *may or may not* constitute
17  the versions that were registered with the Copyright Office.  *See*, *e.g.*, *Jada Toys, Inc.*
18  *v. Mattel, Inc.*, 518 F.3d 628, 636-37 (9th Cir. 2008) (absent direct evidence of
19  copying, plaintiff must establish copying by demonstrating that the defendant "had
20  access *to the copyrighted work* and that the protected portions of the works are

---

[1] Mr. Collins also generically asserts that Dr. Mattison's CD of Protein Solutions' information includes "Dynamics Source Code" and a "library of Dynamics Source Code." Collins Decl. ¶ 10.  As with Mr. Collins' other statements, he makes no effort to establish that the snippets of source code that he references (*see* Frisenda Decl. Exh. 15) are included among the source code that is the subject of plaintiffs' copyright registrations.  Nor is this an immaterial distinction – Protein Solutions had dozens (if not hundreds) of versions of its "Dynamics source code," only three of which are the subject of copyright registrations, *see* SAC Claims 1-3 (alleging infringement of "v. 6.2.05," "v. 6.3.40," and "v. 5.26.56" of the Dynamics software), and at least one of which was not completed until long *after* Dr. Mattison (and Mr. Dolak and Dr. Nobbmann) left Protein Solutions, *see* SAC Exh. 2 (identifying 2004 as "Year of Completion" of version 6.3.40).

substantially similar") (emphasis added). Plaintiff has adduced no such evidence.

Accordingly, plaintiff has failed to raise a genuine issue of material fact regarding access to the source code that is the subject of the SAC. Summary judgment is appropriate on this ground.

### B. Plaintiff Has Presented No Evidence That The Zetasizer Nano Source Code Is Substantially Similar To Plaintiff's Registered Source Code

Even if plaintiff had raised a genuine issue as to access, summary judgment remains appropriate because plaintiff has presented *no* evidence of substantial similarity between the source code at issue. *See*, *e.g. Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1081-82 (9th Cir. 2006) ("[n]o amount of proof of access will suffice to show copying if there are no similarities") (internal citation omitted). As the Ninth Circuit has repeatedly recognized,

> Because plaintiff bears the burden of proving that the works at issue are substantially similar in a copyright infringement case, summary judgment for defendant is appropriate when plaintiff fails to make a sufficient showing that the ideas and expressive elements of the works are substantially similar after defendant has properly identified in a motion for summary judgment that plaintiff has failed to do so.

*Frybarger v. Int'l Bus. Machines Corp.*, 812 F.2d 525, 528 (9th Cir. 1987) (internal citations omitted); *accord Gemisys Corp. v. Phoenix Am., Inc.*, 186 F.R.D. 551, 562 (N.D. Cal. 1999) ("[A]ccess alone does not establish copying, and [plaintiff] must also satisfy its burden of providing some evidence of substantial similarity between [plaintiff's source code and defendant's source code].").

In Claims 1 through 3, plaintiff contends that the Zetasizer Nano source code infringes the Dynamics source code that is the subject of Copyright Nos. TXu 1-569-097, TXu 1-569-098 and TXu 1-569-099. SAC, ¶¶ 79, 87, 95. In the motion, defendants established that plaintiff has no evidence that the Zetasizer Nano source

3

code is substantially similar to the Dynamics source code, because plaintiff *does not have* the Zetasizer Nano source code.  Mot. at 2:20-3:8, 5:7-14.  Plaintiff does not dispute these essential facts.  That is, plaintiff does not dispute that it does not have possession of the Zetasizer Nano source code.  Nor does plaintiff dispute that defendants have repeatedly advised it that the Zetasizer Nano source code is in the exclusive possession, custody or control of MIL and that plaintiff would need to utilize the Hague Convention to obtain production of the Zetasizer Nano source code.  Finally, plaintiff does not dispute that it *never* sought to obtain production of the Zetasizer Nano source code through the Hague Convention.

>Instead, plaintiff's sole argument respecting purported substantial similarity is set forth in one sentence in Plaintiff's Opposition:

>>Plaintiff's SSOGI 2 through 29 demonstrates material facts in dispute as to Defendants' access and the substantial similarities between the copyrighted works and the accused Zetasizer Nano software.

Opp. at 17:23-26.  However, *none* of the "facts" asserted by plaintiff (and none of the "evidence" submitted by plaintiff) identifies *any* similarities between the Zetasizer Nano *source code* and the Dynamics *source code*.  Instead, plaintiff apparently seeks to preclude summary judgment by baldly asserting that there are certain alleged similarities in *function* between the Dynamics software and the Zetasizer Nano software.  *See* Separate Statement of Genuine Issues No. 32 (conclusorily asserting, among other things, alleged similarities in "minimum concentration analysis" and "axial ratio[s]").  This effort fails.  Not only has the Court already held that these nonliteral software elements are not protectable, *see* July 29, 2009 Order Granting in Part and Denying in Part Defendants' Motions for Partial Summary Judgment on Copyright and Non-Copyright Claims ("July 29 Order) at 17:15-20:3, 24:3-25:3, but more importantly, plaintiff cannot establish similarity of the *source code* by reference to either the software's functionality or its screen displays.

4

1  On the contrary, a textual side-by-side comparison of source code is
2 required to demonstrate substantial similarity in source code infringement cases. *See*,
3 *e.g.*, *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137-38 (5th Cir. 2004) ("*GUS*");
4 *Brookhaven Typesetting Servs., Inc. v. Adobe Systems, Inc.*, Case No. C-01-20813
5 RMW, 2007 WL 2429653, at *8 (N.D. Cal. Aug. 24, 2007), *affirmed* No. 07-16700,
6 2009 WL 1515661 (9th Cir. June 1, 2009). In *GUS*, a case that is materially identical
7 to the present action, a software developer filed suit against a competitor alleging,
8 among other things, literal infringement of the source code for a tracking system
9 software program. *GUS*, 379 F.3d at 137-38. In support of its claim, the plaintiff
10 provided four pieces of evidence that it contended constituted evidence of copying of
11 the source code: "(1) a database layout listing the layout of fields used by the
12 [competing systems]; (2) a directory list comparing data entry fields used by the two
13 software systems; (3) a print-out of a program from the [defendant's software]
14 indicating [the creation date and author]; and (4) invoices generated by the two
15 systems." *Id.* at 139, 144. The plaintiff argued that the first three exhibits established
16 "line by line" textual copying of the source code and that the fourth exhibit
17 "suggest[ed] that the source code which generated [invoices with similar layouts]
18 must also be strikingly similar." *Id.* at 144. The district court concluded that the
19 plaintiff had failed to establish any genuine issue as to infringement, and granted
20 summary judgment of non-infringement to the defendant. *Id.* at 139.
21  On appeal, the Fifth Circuit affirmed the district court's summary
22 judgment ruling "because of [plaintiff's] failure to adduce evidence to support its
23 charges of copying and substantial similarity." *Id.* at 145. Noting that plaintiff bears
24 the burden of proof to establish copying, the Fifth Circuit held that "[t]he four isolated
25 pieces of evidence [plaintiff] produced fail *on the most basic level*" to establish the
26 essential elements of plaintiff's claim. *Id.* at 146 (emphasis added). As the court
27 recognized:
28

>To prevail on a claim of source code copyright infringement, [plaintiff] would have to prove that [defendant's] source code is substantially similar to [plaintiff's] source code. To do so, 'a side-by-side comparison must be made between the original and the copy.' [Plaintiff], however, failed to attach any of its own source code to its summary judgment motion or to compare [defendant's] source code to [plaintiff's] source code, despite its conclusory assertions that the four exhibits were evidence of direct copying. Without providing its own source code for comparison, [plaintiff] did not satisfy the requirement that the infringed and infringing work be compared side-by-side."

*Id.* at 146.

In holding that the district court properly dismissed the infringement claims, the Fifth Circuit expressly rejected the plaintiff's attempt to rely on nonliteral similarities to prove its claim of source code infringement. "[T]he exhibits [plaintiff] submitted may have constituted some evidence that nonliteral aspects of [defendant's software] were copied, but not that source code was copied." *GUS*, 379 F.3d at 146 n.32 & 146. The Fifth Circuit noted that only one exhibit contained *any* of the allegedly infringing source code, and that plaintiff "fail[ed] to provide the copy from [plaintiff's] source code for comparison." *Id.* at 147. Rather than relying on "empty and conclusory statements," the Fifth Circuit held plaintiff should have supported its allegations "with tangible references [to the source code]." *Id. See also Brookhaven*, 2007 WL 2429653 at *8 ("[B]ecause Brookhaven has not come forth with some showing of substantial similarities either based on a textual or other analysis of the source codes that have been made available to it, the court concludes that Brookhaven does not have evidence of any similarities between its K2 program and Adobe's InDesign program."); *Gemisys*, 186 F.R.D. at 562-63 (granting summary judgment of

non-infringement where plaintiff failed to submit comparison of source code and instead attempted to create factual issue regarding similarity through evidence of speed of defendant's software development, fact that parties' respective software programs competed in the market, and strong evidence of "access and exposure" to plaintiff's source code by developers of defendant's software); *cf. CyberMedia, Inc. v. Symantec Corp.*, 19 F. Supp. 2d 1070, 1077 (N.D. Cal. 1998) (finding showing of substantial similarity sufficient at preliminary injunction stage where plaintiff presented "line-by-line comparisons of [plaintiff's] source code with that of [defendant's]" and "[l]ine after line of code from the two programs appears identical or nearly identical.").[2]

In this case, plaintiff has engaged in a similar "muddl[ing]" of literal and nonliteral infringement arguments. *GUS*, 379 F. 3d at 146. Plaintiff has not produced, and cannot produce, the Zetasizer Nano source code for a side-by-side textual comparison and, instead, has attempted to defeat summary judgment by reference to nonliteral similarities between the two software packages. Not only has this Court already rejected any copyright protection of the nonliteral elements, such similarities (even if they exist) are insufficient as a matter of law to prove substantial similarity of the source code. Accordingly, because plaintiff has not, and cannot, identify any textual similarity between the Dynamics source code and the Zetasizer Nano source code, plaintiff's claim for copyright infringement fails as a matter of law.

**C. Even If Properly Raised By The SAC, Plaintiff Has No Evidence That The Source Code For LS Shareware Is Substantially Similar To Plaintiff's Registered Source Code**

Unable to assert *any* argument regarding substantial similarity between the Zetasizer Nano source code and the Dynamics source code, plaintiff now

---

[2] The rule that nonliteral similarities cannot be used to establish similarities in source code is both appropriate and necessary. Courts have long recognized that "many different computer programs can produce the same 'results,' whether those results are an analysis of financial records or a sequence of images and sounds." *Stern Elec., Inc. v. Kaufman*, 669 F.2d 852, 855 (2d Cir. 1982).

apparently identifies a new allegedly infringing product, a separate collection of Visual Basic computer programs entitled "LS Shareware" that were written by Dr. Mattison while he was an employee at Malvern.

As an initial matter, plaintiff does not accuse LS Shareware of copyright infringement in the SAC. *See* SAC, ¶¶ 79, 87, 95. Plaintiff's argument should be rejected for this reason alone. However, even if this claim is properly raised by the SAC, plaintiff has failed to establish *any* similarity between the LS Shareware source code and the Dynamics source code that is the subject of Claims 1 through 3.

Plaintiff has had *all* of the LS Shareware-related program files, including the source code, since May 2009. Although plaintiff submits certain excerpts from LS Shareware (albeit without any type of authentication or foundation respecting the file location from which they were printed), it does *not* perform any comparison between the LS Shareware source code and the Dynamics source code – indeed, plaintiff does not even submit the Dynamics source code for a textual comparison. The sole "evidence" regarding alleged similarity comes again from Mr. Collins, who suggests in conclusory fashion that there are "similarities" between "the LS Shareware program" and the "Dynamics Software." Collins Decl. ¶ 11.[3] This bald assertion, untethered to any demonstrated comparison between the source code at issue, fails as a matter of law.[4]

---

[3] Mr. Collins' assertion is necessarily based solely upon a review of the executable version of LS Shareware, rather than the LS Shareware source code. Mr. Collins avers that he reviewed only the "confidential" portions of the LS Shareware software. As produced by defendants, the files on the "confidential" CD are executable files. The Visual Basic source code is contained on the "attorneys eyes only" CD, which Mr. Collins apparently did not review. Supp. Ransom Decl. ¶ 4.

[4] Plaintiff also purports to rely on the Declaration of Brent Fulgham in support of its claim of similarity. *See, e.g.*, Separate Statement of Genuine Issues Nos. 5-11. Defendants have objected to Mr. Fulgham's declaration in its entirety. *See* Defendants' Evid. Objs. at 1:2-5:8. But even if Mr. Fulgham's declaration is considered, it provides plaintiff with no assistance. Mr. Fulgham asserts that there are similarities (and the potential for conversion) between Visual Basic (the LS Shareware programming language) and Visual C++ (the Dynamics programming language), but he *never* states that there are similarities between the actual source code underlying these two software programs. That is, he does not claim to have compared the LS

*(Footnote continued)*

In sum, whether Claims 1 through 3 are based on the Zetasizer Nano source code (as set forth in the SAC) or the LS Shareware source code, a textual comparison reflecting similarities with the Dynamics source code is required to preclude summary judgment on these claims. *See* Section IB, *supra*. Plaintiff does not have the Zetasizer Nano source code, and therefore cannot sustain its burden as to that software. And although it has the LS Shareware source code, it has provided no comparison between that source code and *any* Dynamics source code. Plaintiff has not demonstrated – and cannot demonstrate – any genuine issue of material fact regarding substantial similarity. *Gemisys*, 186 F.R.D. at 563 (granting summary judgment in favor of defendant because plaintiff "does not provide evidence that [its source code] is similar, much less substantially similar, to [defendant's source code]."). Defendants are entitled to summary judgment on Claims 1 through 3.

## II. DEFENDANTS COMPLIED WITH LOCAL RULE 7-3

Plaintiff argues that defendants failed to comply with Local Rule 7-3. This is not correct. Defendants' meet-and-confer regarding the inadequacy of plaintiff's Second Amended Complaint ("SAC") was commenced by letter dated June 9, 2009. *See* Plaintiff's Opposition ("Opp."), Exh. A. Although the letter focused on screen displays with respect to plaintiff's copyright infringement claims, it was a broad-based meet-and-confer letter that asserted that "Wyatt's complaint fails as a matter of law" in its entirety and specifically requested that "Wyatt voluntarily dismiss its entire complaint with prejudice." *Id.*, p. 2. Notably, plaintiff never responded to this letter or otherwise sought to meet and confer with defendants. Reply Declaration of Rollin A. Ransom ("Reply Ransom Decl."), ¶ 2.

Moreover, in defendants' Motion for Partial Summary Judgment

---

Shareware source code to the Dynamics source code, nor does he claim to have "converted" the LS Shareware code to Visual C++, or the Dynamics code to Visual Basic. Abstract characterizations of the alleged similarity between the programming languages does not establish, directly or indirectly, any similarity between particular lines of source code in the software at issue. *See* Defendants' Evid. Objs. at 3:12-4:3.

Regarding Plaintiff's Copyright Claims, filed on June 29, 2009, defendants expressly advised that they contemplated filing a motion for summary judgment as to the underlying source code. *See* Motion for Partial Summary Judgment Regarding Plaintiff's Copyright Claims at 4 n. 1. The prior motion was filed over a month before the filing of the current motion. In addition, defendants have consistently advised plaintiff throughout the entire litigation (as expressed to plaintiff's counsel orally and in writing on numerous occasions) that defendants did not have access to the Dynamics source code, that the Zetasizer Nano source code is in the exclusive possession, custody and control of Malvern Instruments Ltd. ("MIL"), and that plaintiff would be unable to prove substantial similarity without the Zetasizer Nano source code. Reply Ransom Decl. ¶ 3. Accordingly, plaintiff has been on notice of defendants' position for months.

Perhaps most tellingly, plaintiff has not suggested it would have done *anything differently* had defendants articulated their position in even more detail. For example, plaintiff has not suggested it would have considered dismissing or narrowing its copyright claims, nor has it suggested that it would have responded to defendants' arguments (when it did not respond in any way in connection with the original letter). Accordingly, plaintiff's argument respecting Local Rule 7-3 is baseless.

### III. THERE IS NO BASIS FOR A CONTINUANCE PURSUANT TO RULE 56(F) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Plaintiff also seeks a continuance under Rule 56(f) of the Federal Rules of Civil Procedure. The standard applicable to such requests is well-established:

> The party requesting additional discovery and a continuance under Rule 56(f) "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment."

*Mills v. Lynwood Unified Sch. Dist.*, Case No. CV 07-05055 DDP (CTx), 2009 WL 1873027, at *1 (C.D. Cal. Jun. 30, 2009) (*quoting Tatum v. City and County of San*

1 *Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006)). Failure to comply with these requirements justifies denial of a Rule 56(f) request. *Tatum*, 441 F.3d at 1100.

Applying these standards, this Court has routinely denied unsupported Rule 56(f) requests. *See*, *e.g.*, *Mills*, 2009 WL 1873027, at *2 (denying request where "[p]laintiffs do not actually describe the specific facts that these witnesses will provide," but instead "provide vague and general allegations of the witnesses' job titles and the basis for their general testimony, without providing any actual details"); *Krav Maga Assoc. of Amer., Inc. v. Yanilov*, 464 F. Supp. 2d 981, 990-91 (C.D. Cal. 2006) (Pregerson, J.) (denying request where "the plaintiffs failed to make clear what facts they intend to elicit from the seven Israeli declarants or how such facts would help the plaintiffs survive summary judgment"); *Nissan Motor Co. v. Nissan Computer Corp.*, Case No. CV 99-12980 DDP (MCx), 2002 WL 32006514, at * 5-6 (C.D. Cal. Jan. 7, 2002) (denying request where defendants had not "proffered sufficient facts to show that the evidence sought would prevent summary judgment"); *Grosz-Salomon v. Paul Revere Life Ins. Co.*, Case No. CV 98-7020 DDP (RNBx), 1999 WL 33244979, at *3 n.2 (C.D. Cal. Feb. 4, 1999) (denying request where plaintiff "[did] not describe with any particularity what she expects to discover"). Plaintiff's Rule 56(f) request should likewise be denied.

In support of its request, plaintiff identifies three areas of outstanding fact discovery: (1) the deposition of Andy Prior; (2) a Rule 30(b)(6) deposition of Malvern regarding LS Shareware; and (3) AOL's production of documents in response to a subpoena. Opp. at 2:19-22, 3:18-20, Frisenda Decl., ¶ 20a. Plaintiff summarily asserts that it believes that this discovery will establish "that Defendant Malvern has, and had actual possession and control over the source code, or portions thereof, which is herein issue, . . . that Defendants had access to Plaintiff's copyright software works, and that Defendant's accused Zetasizer Nano software, or portions thereof, has probative similarities to the copyrighted works (Claims 1-3)." Opp. 3:21-28.

11

Plaintiff's assertion is baseless – none of the remaining discovery could preclude the granting of summary judgment:

- As to the Zetasizer Nano source code, Malvern's 30(b)(6) witness has already testified, based on discussions with relevant Malvern and MIL personnel, that the Zetasizer Nano source code is in the exclusive possession, custody and control of MIL and it is not disclosed to Malvern. Reply Ransom Decl., Exh. 1 at 36:15-20, 74:20-75:11. Moreover, plaintiff took Mr. Prior's deposition on August 13, and plaintiff's counsel did not ask a single question regarding the Zetasizer Nano source code, including where it was maintained or whether Malvern had access to it. *Id*., ¶ 8 and Exh. 2. Accordingly, there is no basis for any suggestion by plaintiff that discovery will support an argument that the source code is in Malvern's control.

- As to the LS Shareware source code, plaintiff already has both the executable version of the LS Shareware software and the underlying source code, and has had them since May 2009. Reply Ransom Decl. ¶ 4. Accordingly, plaintiff already has all of the information it needs to perform a textual comparison of the LS Shareware source code and the Dynamics source code (but has failed to do so). Likewise, after meeting and conferring, defendants agreed to produce – and have now produced – additional documents relating to LS Shareware. Those documents were produced *before* plaintiff filed its opposition (indeed, plaintiff submitted them in connection with its opposition, *see* Frisenda Decl. Exh. 5).

- Finally, AOL provided its production in response to plaintiff's subpoena on or about August 14. That production consisted of a

12

single-page document reflecting CompuServe "account information," *see* Reply Ransom Decl., ¶ 9 & Exh. 3, and it reflects *no* software or source code information whatsoever.

Accordingly, there is no basis for a Rule 56(f) continuance.[5]

## IV. PLAINTIFF IS NOT ENTITLED TO AN ADVERSE INFERENCE

Finally, plaintiff argues that it is entitled to "an adverse inference jury instruction" – apparently regarding alleged substantial similarity – ostensibly because defendants destroyed relevant evidence in violation of their discovery obligations. This assertion is baseless, and plaintiff's request for an adverse inference frivolous.

First, plaintiff contends that defendants failed to maintain relevant evidence on Mr. Dolak's laptop. Opp. at 19:20-24. This is false. As defendants' counsel have repeatedly advised plaintiff's counsel orally and in writing (and in briefing submitted to the Court in opposition to plaintiff's motion for limited additional discovery):

- The retired laptops (including Mr. Dolak's, Dr. Mattison's and Dr. Nobbmann's) and their contents have been preserved intact (*i.e.*, not erased, reconditioned, or otherwise modified), in recognition of the fact that the laptops may contain materials relevant to this dispute. Reply Ransom Decl. ¶ 5.
- All three of these laptops have been reviewed for responsive

---

[5] Plaintiff asserts that "[t]he Court in Brookhaven Typesetting Services v. Adobe Systems Inc. … granted an Order Continuing Motion fir [*sic*] Summary Judgment on must [*sic*] lesser circumstances than shown here." Opp. at 9:24-27. Not so. In *Brookhaven*, there was no issue respecting control over the source code. Rather, the court established a process to permit the exchange of source code that was admittedly in the parties' control while addressing confidentiality, discovery costs and other burden issues. *Brookhaven*, 2007 WL 2429653, at *2. Indeed, the case involved multiple orders relating to the production of source code over a several-year period. *Id.*, *2-4. The unique circumstances present in the *Brookhaven* case are not remotely similar to the case at hand, where plaintiff has made no meaningful effort to obtain the source code, fact discovery has closed, the deadline for filing dispositive motions has passed, and trial is a few short months away.

13

documents, consistent with defendants' responses and objections to plaintiff's requests for documents. *Id.*

- Although the laptops are being preserved in the IT department at MIL, they (and their contents) remain in Malvern's control.[6] *Id.*

Plaintiff next suggests that Dr. Mattison improperly sold his home computer at a garage sale. What plaintiff fails to mention is that the garage sale took place in *2002*, years before this litigation was commenced in December 2007 (Opp. at 19:18-20). Frisenda Decl., Exh. 10 at 91:12-92:3. There was and is simply nothing improper about this action.

Third, plaintiff asserts that Mr. Dolak improperly destroyed a CD containing a Protein Solutions customer database. Setting aside that the customer database has nothing to do with the issues presented by this motion, plaintiff's claim of impropriety is baseless. Mr. Dolak testified that his destruction of the CD took place shortly after he joined Malvern *in 2003*, again years before the commencement of this litigation. Frisenda Decl., Exh. 9 at 48:9-49:1.

Finally, plaintiff suggests that defendants have engaged in a "pea and shell" game with respect to discovery. Opp. at 7:23-7:24. On the contrary, defendants have been both forthcoming and forthright throughout the course of discovery. They have provided detailed objections and responses to discovery requests, and have repeatedly invited plaintiff to meet and confer regarding those objections and responses. Reply Ransom Decl. ¶ 6. Plaintiff has routinely failed to do so. *Id.* With respect to the Zetasizer Nano source code, defendants clearly and unequivocally

---

[6] Plaintiff's suggestion that there was anything improper about the return of the laptops is nonsense. Malvern's employees testified that, pursuant to company policy, employee laptops are replaced with newer models and updated software every few years. The old laptops are returned to the IT department and the employees are issued new laptops. Reply Ransom Decl., Exh. 4 at 36:3-38:14; Frisenda Decl., Exh. 9 at 10:13-13:25. Notably, plaintiff has a similar policy, and has likewise retired computers during the course of this litigation. Reply Ransom Decl., Exh. 5 at 174:12-175:2.

advised plaintiff's counsel nearly a year ago – in September 2008 – that the Zetasizer Nano source code was in MIL's exclusive possession, custody and control, and that the Hague Convention provided the mechanism for plaintiff to pursue production of the source code if it chose. *Id.*, ¶¶ 3, 6. Defendants have never wavered from this position. Plaintiff failed to seek to obtain the source code from MIL, and has not even attempted to explain its inaction. Plaintiff and its counsel – not defendants – bear sole responsibility for plaintiff's inability to prove their claims of infringement.

## V.   CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court grant their motion in its entirety and enter judgment in favor of defendants on plaintiff's Claims 1 through 3.

Dated:  August 17, 2009

SIDLEY AUSTIN LLP
Rollin A. Ransom
Frank J. Broccolo
Jennifer A. Ratner
Johari N. Townes

By:  /s/ Rollin A. Ransom
       Rollin A. Ransom
       Attorneys for Defendants Malvern
       Instruments Incorporated and David Dolak