Rollin A. Ransom (SBN 196126)
rransom@sidley.com
Jennifer A. Ratner (SBN 205155)
Frank J. Broccolo (SBN 210711)
fbroccolo@sidley.com
Johari N. Townes (SBN 252369)
jtownes@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for Defendants
Malvern Instruments Incorporated and
David Dolak

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WYATT TECHNOLOGY CORPORATION, a California Corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MALVERN INSTRUMENTS INCORPORATED, a Massachusetts corporation; DAVID DOLAK, an individual; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No. CV07-8298 DDP (MANx)<br><br>Assigned to: Hon. Dean D. Pregerson<br><br>**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW PURSUANT TO LOCAL RULE 16-4**<br><br>Final Pre-Trial Conference:<br>Date:　　October 19, 2009<br>Time:　　3:00 p.m.<br>Place:　　Courtroom 3 |

Defendants Malvern Instruments Incorporated ("Malvern") and David Dolak (together "defendants") hereby submit their Memorandum of Contentions of Fact and Conclusions of Law pursuant to Local Rule 16-4.  Defendants reserve their right to amend this memorandum as appropriate.

## I. L.R. 16-4.1: Claims and Defenses

Pursuant to Local Rule 16-4.1, the following claims and defenses are expected to be presented at trial.

### (a) Claims Plaintiff Has Pleaded and that Defendant Assumes Plaintiff Plans to Pursue

Defendants have filed three summary judgment motions relating to plaintiff's claims.  In response to the first two motions, the Court granted summary judgment in favor of defendants on Claims 1-3 for copyright infringement (as to the resulting screen displays), Claims 4 through 8 for copyright infringement, Claim 9 for copyright infringement (as to plaintiff's request for damages), Claim 11 for misappropriation of trade secrets (as to all trade secrets except for certain customer-related information, the purported idea for a solvent builder, and Protein Solutions' quality assurance testing procedures) and Claim 12 for tortious interference with prospective business advantage.  In response to defendants' third motion for summary judgment, the Court granted summary judgment in favor of defendants on the remainder of Claims 1-3 for copyright infringement (as to the underlying source code).

Accordingly, only the following claims remain:

Ninth Claim for Relief:   Plaintiff alleges that Malvern and Mr. Dolak infringed Wyatt's copyright in "PSI FREQUENTLY ASKED QUESTIONS" (Copyright Registration No. TX 6-816-834) with respect to a website called www.dynamiclightscattering.com (limited to injunctive relief);

Tenth Claim for Relief:   Plaintiff alleges that Malvern and Mr. Dolak engaged in false advertising in violation of Section 43(a) of the Lanham Act;

1

1    Eleventh Claim for Relief: Plaintiff alleges that Malvern and Mr. Dolak
2 misappropriated Wyatt's trade secrets;
3    Thirteenth Claim for Relief: Plaintiff alleges that Malvern and Mr. Dolak
4 engaged in unfair competition; and
5    Fourteenth Claim for Relief: Plaintiff alleges it is entitled to an
6 accounting.

**(b) Ninth Claim for Relief for Copyright Infringement**

**1.   Elements Required to Establish Plaintiff's Claim for Copyright Infringement**

In order to prevail on its claims for copyright infringement against Malvern and Mr. Dolak, Wyatt must prove the following:

1. That Wyatt is the owner of a valid copyright; and
2. That Malvern and Mr. Dolak copied original elements from the copyrighted work.

*See* Manual of Model Civil Jury Instructions – Ninth Circuit (2001 ed.) 20.4.

**2.   Brief Description of Key Evidence in Opposition**

This claim relates to a non-commercial website (that is no longer active) that Mr. Dolak created and operated for a short period of time. Neither Malvern nor Mr. Dolak copied any original elements from Wyatt's purported copyrighted work with respect to this website. To the contrary, the material that is accused of being similar reflects long-standing and well-known scientific principles and equations. Moreover, the accused text constitutes a very small portion of the entire copyrighted work that purportedly forms the basis for the claim, such that any copying was *de minimus*.

**(c) Tenth Claim for Relief for Violation of the Lanham Act**

    **1.    Elements Required to Establish Plaintiff's Claim for False Advertising in Violation of Section 43(a) of the Lanham Act**

In order to prevail on its claim against Malvern and Dolak for false advertising in violation of Section 43(a) the Lanham Act, Plaintiff must prove the following elements:

    1.    That Malvern and Mr. Dolak made false statements of fact about their own or another's product in commercial advertising or promotions;

    2.    That those advertisements actually deceived or had the tendency to deceive a substantial segment of their audience;

    3.    That such deception is material, in that it is likely to influence the purchasing decision of customers;

    4.    That Malvern and Mr. Dolak caused their false advertisements to enter interstate commerce; and

    5.    That Wyatt has been or is likely to be injured as a result of the foregoing either by direct diversion of sales from itself to Malvern and Dolak, or by lessening of the good will which its products enjoy with the buying public.

*See Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

    **2.    Brief Description of Key Evidence in Opposition**

Malvern and Mr. Dolak did not make false or misleading statements of fact about their products (or about Wyatt or Wyatt's products) in commercial advertising or promotions. Any statements made by Malvern and Mr. Dolak did not actually deceive or have a tendency to deceive a substantial segment of their audience. To the contrary, the evidence will show that the Zetasizer Nano performs as well or better than the DynaPro in relevant respects; the evidence will also show that there is not a single consumer that was actually deceived by any of the challenged materials. In addition, the statements at issue are not material, because they are not likely to

3

influence the purchasing decision of customers, and there is no evidence that they have actually influenced the purchasing decision of any customer.  Finally, there is no evidence that defendants acted intentionally with respect to any accused misstatements, or that Wyatt has been or is likely to be injured by the foregoing.

### (d) Eleventh Claim for Relief for Misappropriation of Trade Secrets

#### 1. Elements Required to Establish Plaintiff's Claim for Misappropriation of Trade Secrets

In order to prevail on its claim against Malvern and Dolak for misappropriation of trade secrets, Wyatt must prove all of the following:

1. That Wyatt owned the following:

    a. Protein Solutions' customer-related information (specifically, the customer database, information relating to types and volumes of products sold to customers, and knowledge of customer preferences);

    b. Protein Solution's alleged idea for a solvent builder; and

    c. Protein Solutions' quality assurance testing procedures.

2. That these items were trade secrets at the time of the alleged misappropriation;

3. That defendants improperly used or disclosed the trade secrets;

4. That plaintiff was harmed or defendants were unjustly enriched;

5. That defendants' use or disclosure was a substantial factor in causing plaintiff harm or defendants to be unjustly enriched.

*See* Judicial Council of California Civil Jury Instructions (2009 ed.) 4401.

#### 2. Brief Description of Key Evidence in Opposition

The items remaining in Wyatt's misappropriation claim do not constitute trade secrets in that they are not owned by Wyatt, including because much of the alleged misappropriation occurred before Wyatt purchased certain Protein Solutions assets (and Wyatt did not acquire any cause of action associated with such misappropriation when it purchased those assets).  Likewise, the remaining trade

secrets do not derive independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use, and/or were not the subject of efforts that are reasonable under the circumstances to maintain their secrecy, including because the information *is* publicly known or readily ascertainable and/or was disclosed by Wyatt or Protein Solutions to third-parties and/or the public at large.  Moreover, Malvern and Mr. Dolak did not in any event use these trade secrets.  Finally, there is no evidence that Wyatt has suffered any harm attributable to the alleged misappropriation or that defendants have been unjustly enriched.

### (e) Thirteenth Claim for Relief for Unfair Competition

#### 1. Elements Required to Establish Plaintiff's Claim for Unfair Competition

In order to prevail on its claim for unfair competition against Malvern and Mr. Dolak, Wyatt must prove the following:

1. That Malvern and Mr. Dolak engaged in unfair competition, defined as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code);" and

2. That Wyatt suffered injury in fact or lost money or property as a result of the unfair competition.

*See* Cal. Bus. & Prof. Code §§ 17200, 17204; *Troyk v. Farmers Group, Inc.*, 171 Cal. App. 4th 1305, 1350 (2009).

#### 2. Brief Description of Key Evidence in Opposition

Wyatt's Second Amended Complaint makes clear that its unfair competition claim is based on the same facts as its other substantive claims. Accordingly, it fails for the same reasons.  In addition, Malvern and Mr. Dolak have

not engaged in any unlawful, unfair or fraudulent business act or practices or deceptive, untrue or misleading advertising.

### (f) Fourteenth Claim for Relief for an Accounting

#### 1. Elements Required to Establish Plaintiff's Claim for an Accounting

In order to prevail on its claim for an accounting of Malvern and Mr. Dolak's profits, Wyatt must prove the following:

1. That a relationship exists between Wyatt and Defendants, or that an equitable reason justifies an accounting; and

2. That an unknown balance is due and cannot be determined absent an accounting.

*See Union Bank v. Sup. Ct.*, 31 Cal. App. 4th 573, 593-94 (1995).

To the extent Wyatt proves liability on any of its remaining claims and seeks an accounting with respect to a disgorgement of profits remedy (if available), Wyatt must prove that the wrongful conduct was willful and intentional.
*See*, *e.g.*, *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1406 (9th Cir. 1993).

#### 2. Brief Description of Key Evidence in Opposition

Wyatt has no independent right to an accounting. *See* Defendants' Motion for Partial Summary Judgment Regarding Non-Copyright Claims. It also is not entitled to seek disgorgement of profits as a remedy because it was not disclosed in its Rule 26 report or its damages expert's report. In any event, Wyatt is not entitled to the remedy of disgorgement of profits because there is no evidence that any conduct attributable to defendants was willful or intentional.

## II. Defendant's Affirmative Defenses

### (a) Failure to State a Claim

Defendants' defense regarding plaintiff's failure to state a claim as to each of its claims remaining after summary judgment is summarized above.

6

**(b)  Laches**

Defendants allege that plaintiff's remaining claims are barred by the doctrine of laches. This defense requires proof of (1) lack of diligence by plaintiff and (2) prejudice to defendants. *Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1126 (9th Cir. 2006). In this case, plaintiff has known for years that Malvern was pursuing the protein market and that it hired former Protein Solutions' employees. It also had the requisite knowledge regarding Malvern's product, web-based presentations, and software. Plaintiff's delay in filing the current lawsuit is unexplainable and has prejudiced defendants. Indeed, plaintiff itself recognizes the prejudice the delay has caused by asserting that certain pre-litigation documents were not maintained (although any such documents were destroyed or discarded by defendants in the normal course of business, before the present litigation was filed or reasonably foreseeable). The fact that *plaintiff* claims there are missing documents also supports a laches defense.

**(c)  Failure to Mitigate Damages**

Defendants allege that plaintiff's claims are barred, in whole or in part, by plaintiff's failure to take reasonable steps, or any steps whatsoever, to mitigate or minimize its alleged damages, and to such extent may not recover any or all such damages. A plaintiff is not entitled to recover damages for harm to its property that defendants prove plaintiff could have avoided with reasonable efforts or expenditures. *See* Judicial Council of California Civil Jury Instructions (2009 ed.) 3931. The evidence will establish that plaintiff undertook *no* effort to mitigate any of the damages it now claims, and instead sat back and allowed such alleged damages to grow with the passage of time.

**(d)  Statute of Limitations**

Plaintiff apparently concedes, by virtue of its calculation of its purported actual damages, that it is limited to damages dated after December 2004 in light of the

7

applicable statutes of limitations.  17 U.S.C. § 507, Cal. Civ. Code § 3426.6, Cal. Code Civ. Proc. § 343.

### (e) Protected Speech

Defendants allege that imposition of liability against defendants is barred by the First Amendment to the United States Constitution and the Constitution of the State of California.  The First Amendment protects the free exchange of ideas and protected speech must not be discouraged.  *Harte-Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657, 686 (1989).  The speech of which plaintiff complains was made in the context of a dialogue regarding long-standing and well-known scientific principles, and the free exchange of such ideas is protected.

### (f) Truth

As discussed further above, plaintiff will not be able to prove by a preponderance of the evidence that any of the statements of fact alleged to be actionable are substantially false.

### (g) Intervening Cause

Defendant alleges that any damages alleged by plaintiff were not caused by any act or conduct of defendant, but by intervening and superseding causes. Plaintiff contends that it would have received 100% of Malvern's sales but for Malvern's alleged wrongful conduct.  However, Wyatt's losses were due to other intervening and superseding causes, including without limitation (1) Wyatt concedes that certain of the sales achieved by Malvern were achieved because Malvern offers functionality that is not offered by Wyatt (but which is offered by other competitors); and (2) certain customers who are price sensitive would not purchase from Wyatt because Wyatt's prices are typically the highest in the field.

### (h) Collateral Estoppel

To the extent plaintiff intends to rely on any issues that were resolved by the *Viscotek* litigation, plaintiff is collaterally estopped from pursuing, in whole or in

8

part, such claims.  Collateral estoppel precludes relitigation of issues argued and decided in prior proceedings.  The doctrine is applied if the following criteria are met:

    1. the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding;

    2. this issue must have been actually litigated in the former proceeding;

    3. it must have been necessarily decided in the former proceeding;

    4. the decision in the former proceeding must be final and on the merits;

    5. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (1990).

**(i)     Fair Use**

The conduct alleged in plaintiff's ninth cause of action is not actionable because the conduct alleged constitutes a "fair use" of a copyrighted work pursuant to 17 U.S.C. § 107.  "[T]he fair use of a copyrighted work … for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright."  17 U.S.C. § 107.

<u>Elements Required to Establish Defendants' Affirmative Defense</u>

Factors that bear on whether the use of a copyrighted work is a fair use include:

    1. the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

    2. the nature of the copyrighted work;

    3. the amount and substantiality of the portion used in relation to the copyrighted work as a whole;

    4. the effect of the use upon the potential market for or value of the copyrighted work.

*See* Manual of Model Civil Jury Instructions – Ninth Circuit (2001 ed.) 20.18.

1    In this case, the evidence will demonstrate that the website of which
2 plaintiff complains was not for commercial use, but, rather, related to a general
3 discourse on scientific principles relating to dynamic light scattering.  There was no
4 commercial demand for the website and, therefore, there has not been any impact on
5 the value of the copyrighted work.  The copyrighted work itself is not creative in
6 nature, but rather relates to scientific principles.  Finally, the alleged copied material is
7 a very small portion of the entire copyrighted work as a whole.

8    **(j)    Preemption**
9    The tenth through fourteenth causes of action alleged in the SAC are
10 preempted by the United States Copyright Act, 17 U.S.C. section 101, *et seq*., the
11 Lanham Act, 15 U.S.C. section 1125, *et seq*, and/or other applicable provisions of
12 federal law.  "[A]ll legal or equitable rights that are equivalent to any of the exclusive
13 rights within the general scope of copyright as specified by section 106 ... are
14 governed exclusively by this title."  17 U.S.C. § 301(a).  Defendants' claims for false
15 advertising, misappropriation of trade secrets and unfair competition are merely an
16 attempt to enforce the same equitable rights that are granted under the Copyright Act.
17 Likewise, the thirteenth cause of action alleged in the SAC is preempted by Cal. Civ.
18 Code § 3426.7 to the extent it seeks a remedy based on alleged trade secret
19 misappropriation.

20    **(k)    Lack of Capacity to Sue/Lack of Standing**
21    Defendant alleges that plaintiff lacks the capacity and/or standing to
22 prosecute its remaining claims.  Standing for Article III purposes generally requires a
23 showing of three elements: (1) injury in fact, (2) a causal connection between the
24 injury and the challenged action, and (3) the likelihood that the injury will be
25 redressed by a favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-
26 61 (1992).  The "injury in fact" must be "concrete and particularized" and "actual or
27 imminent, not conjectural or hypothetical."  *Friends of the Earth, Inc. v. Laidlaw*
28 *Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000).  Specifically, because plaintiff

1  cannot demonstrate that it has suffered any direct injury attributable to the alleged
2  wrongdoing, he lacks standing.  Moreover, to the extent plaintiff is pursuing claims
3  based upon actions of either defendant prior to the time that plaintiff acquired assets
4  from Protein Solutions, plaintiff lacks standing because the Asset Purchase Agreement
5  at issue specifically excluded "causes of action" from the scope of the assets
6  purchased.

### (l)   Information was Readily Ascertainable by Proper Means

8  To establish this defense, defendants must prove that the information can
9  be obtained, discovered, developed, or compiled without significant difficulty, effort,
10 or expense.  *See* Judicial Council of California Civil Jury Instructions (2009 ed.) 4420.
11 In this case, the evidence will show that any purported trade secret of plaintiff was
12 readily ascertainable through lawful competition and could be developed without
13 significant difficulty, effort or expense.  For example, plaintiff has acknowledged that
14 it was already aware of the identity of virtually all of the customers identified in the
15 Protein Solutions customer database; it has likewise acknowledged that the idea for a
16 solvent builder was not unique or proprietary to Protein Solutions.

### (m)   Unclean Hands

18 To prevail on an unclean hands defense requires establishing two
19 elements:  (1) plaintiff's conduct is inequitable; and (2) plaintiff's conduct relates to
20 the subject matter of its claims.  *Brother Records, Inc. v. Jardine*, 318 F.3d 900, 909
21 (9th Cir. 2003).  In this case, plaintiff has acted wrongfully in its own business with
22 respect to competition and advertising in a manner that precludes its recovery on its
23 claims in this case, including through repeated and intentional violations of criminal
24 statutes.

## III.   Anticipated Evidentiary Issues

26 The parties have addressed many anticipated evidentiary issues by way of
27 motions *in limine*.  Defendants anticipate that there will be numerous objections to
28 exhibits on plaintiff's exhibit list, which will be listed in the parties' pretrial order.

1  There may be other evidentiary objections to specific testimony and/or deposition
2  designations that will be raised with the Court at the time the testimony is to be
3  presented.

## IV. Identification of Issues of Law

Wyatt's counsel has periodically suggested that a rebuttable presumption of actual deception applies in the event a challenged commercial representation is determined to be literally false. However, this presumption applies only in the case of comparative advertising cases (*i.e.* an express comparison between competitors' products) that is not at issue here and, in any event, requires intentional and willful deception. *Fortunet, Inc. v. Gametech Arizona Corp.*, No. 2:06-CV-00393-PMP-PAL, 2008 WL 5083812, *8 (D. NV Nov. 26, 2008) ("[W]hen a defendant's advertising does not directly compare its products with the plaintiff's products, when numerous competitors participate in the market … 'injury to a particular competitor may be a small fraction of the defendant's sales, profits, or advertising expenses.'"), *quoting Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 209 (9th Cir. 1989). For this reason, the rebuttable presumption applies only in comparative advertising cases; absent this limitation, "a plaintiff might enjoy a windfall from a speculative award of damages by simply being a competitor in the same market." *Id., quoting Porous Media Corp. v. Pall Corp.*, 110 F.3d 1329, 1334 (8th Cir. 1997). Because the present case does not involve comparative advertising, there is no legal or factual basis for the assertion of this presumption. Rather, plaintiff retains the burden of proving each element of its false advertising claims.

There may be additional disputes regarding governing law, including issues presented in parties' respective motions *in limine* and/or jury instructions, which will be presented to the Court as they arise.

## V. Bifurcation of Issues

Malvern and Mr. Dolak seek to bifurcate the issue of punitive damages (if any) from the rest of the trial. During the first phase of the trial, argument and/or

evidence of Malvern's profits and/or financial condition as it relates to a request for punitive damages, or any argument that defendants should be punished or made an example of, is inappropriate, irrelevant and highly prejudicial. Until plaintiff has made its predicate showing regarding liability, any such evidence is irrelevant. *See* Cal. Civ. Code § 3295(d) (noting that upon request, the Court shall "preclude the admission of evidence of that a defendant's or cross-defendant's financial condition until after the trier of fact returns a verdict for plaintiff awarding actual damages and finds that a defendant is guilty of malice, oppression or fraud in accordance with [Cal. Civ. Code] Section 3294."); Fed. R. Civ. P. 42(b) (permitting separate trials "to avoid prejudice, or to expedite and economize").

## VI. Jury Trial

A plaintiff is entitled to a jury trial under the Seventh Amendment with respect to claims that essentially sound in tort and seek legal rights rather than equitable rights or rights that are equitable in nature. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 708-711 (1999). Monetary relief is typically considered legal, while injunctive relief is considered equitable. *Id.* at 710, 719.

Accordingly, the following issues are triable to the jury and demand for jury trial was made by Wyatt in its complaint:

- Whether Malvern and Mr. Dolak engaged in false advertising in violation of the Lanham Act (Claim 10);
- Whether Malvern and Dolak misappropriated Wyatt's alleged trade secrets (Claim 11).
- Whether Wyatt suffered actual damages attributable to the alleged wrongdoing.

The following issues will be tried to the Court:

- Whether Malvern and Dolak engaged in unfair competition (Claim 13) (*Hodge v. Superior Court*, 145 Cal. App. 4th 278, 283-85 (2006) (no right to jury trial under Bus. & Prof. Code § 17200).

13

- Whether Wyatt is entitled to an accounting of defendants' profits (Claim 14), or to a disgorgement of those profits under any of its claims.
- Whether Malvern and Mr. Dolak infringed Wyatt's copyright with respect to "PSI Frequently Asked Questions" (Claim 9) (which is limited to injunctive relief)
- Whether Wyatt is entitled to injunctive relief with respect to any of its claims.

## VII. Attorneys' Fees

Under the Copyright Act of 1976, a district court has the discretion to award "a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. Defendants have incurred substantial attorneys' fees in connection with defending themselves against Wyatt's baseless copyright infringement claims resolved in defendants' favor by the Court on summary judgment. The degree of success obtained by defendants is high (plaintiff's only remaining copyright claim is limited to injunctive relief). Moreover, the briefing on the summary judgment motions demonstrates the objective unreasonableness of Wyatt's factual and legal arguments, as well as the fact that these claims were asserted against defendants for frivolous and improper reasons. Having already prevailed on eight of Wyatt's copyright claims in their entirety plus one with respect to plaintiff's request for damages, defendants are entitled to apply to the court for an award of their reasonable attorneys' fees. *See* 17 U.S.C. § 505. Defendants intend to file a motion for an award of their attorneys' fees as required by Fed. R. Civ. P. 54(d).

Defendants have also incurred substantial attorneys' fees in connection with defending themselves against Wyatt's misappropriation of trade secrets claims. If a claim of misappropriation is made in bad faith, the court may award reasonable attorney's fees and costs to the prevailing party. Cal. Civ. Code. § 3426.4. In this case, the Court has already granted summary judgment in favor of defendants on the

majority of Wyatt's purported trade secrets.  What was apparent in the briefing on the motions for summary judgment was that Wyatt acted with subjective bad faith with respect to its assertion of misappropriation against defendants, as well as what it identified as a purported trade secret.  Accordingly, defendants are entitled to an award of fees as the prevailing party, and will likewise file a motion as to such fees pursuant to Fed. R. Civ. P. 54(d).   To the extent defendants prevail on Wyatt's Lanham Act claim as well, it will also seek fees relating to that claim as the prevailing party.

At this stage, Wyatt has not prevailed on any of its claims.  Even if Wyatt prevails on its claims for violation of the Lanham Act and/or misappropriation of trade secrets, Wyatt will not be entitled to attorneys' fees.  With respect to the Lanham Act, there are no "exceptional circumstances" that would warrant an award of fees in favor of Wyatt.  15 USC §1117 ("The court in exceptional cases may award reasonable attorney fees to the prevailing party.").  As to misappropriation of trade secrets, Wyatt cannot and will not be able to establish that any purported misappropriation was "willful and malicious" such that it would be entitled to fees.  Cal. Civ. Code § 3426.4.

//
//
//

15

## VIII. Abandonment of Issues

In their Answers and First Amended Answers, Malvern and Mr. Dolak asserted a number of separate defenses.  Many of these defenses are moot now that certain claims have been dismissed by the Court and thus have not been identified above as affirmative defenses that defendants intend to pursue at trial.  Malvern and Dolak reserve their right to pursue additional affirmative defenses as appropriate.

Dated:  September 28, 2009

SIDLEY AUSTIN LLP
Rollin A. Ransom
Jennifer A. Ratner
Frank J. Broccolo
Johari N. Townes

By: /s/ Rollin A. Ransom.
Rollin A. Ransom
Attorneys for Defendants Malvern Instruments Incorporated and David Dolak