Frank Frisenda
FRISENDA, QUINTON & NICHOLSON
11601 Wilshire Boulevard, Suite 500
Los Angeles, California 90025
Tel.: (702) 792-3910
Fax: (702) 436-4176
E-Mail: frankfrisenda@aol.com

Attorney for Plaintiff WYATT TECHNOLOGY CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WYATT TECHNOLOGY CORPORATION, a California corporation,<br><br>              Plaintiff,<br><br>      vs.<br><br>MALVERN INSTRUMENTS INCORPORATED, a Massachusetts corporation; DAVID DOLAK, an individual; and DOES 1 through 50, inclusive,<br><br>              Defendants. | Case No.: CV07-8298 DDP (MANx)<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 3: TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING DEFENDANTS' CLAIMED COSTS TO BE DEDUCTED FROM GROSS SALES**<br><br>Hearing Date: Oct. 19, 2009<br>Time:             3:00 p.m.<br>Courtroom:   3<br>                     Hon. Dean Pregerson<br><br>Trial Date:    November 3, 2009<br>Time:    10:00 a.m.<br>Place: |

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

1

1  PLEASE TAKE NOTICE that on October 19, 2009, or as soon thereafter
2  as the matter may be heard in the above-referenced Court, Plaintiff Wyatt
3  Technology Corporation (""Wyatt") will and hereby does move to exclude
4  evidence and argument regarding Defendants 'claimed costs to be deducted
5  from gross sales of the accused Zetasizer Nano product.
6      This Motion is based on the accompanying Memorandum of Points and
7  Authorities, the pleadings in this matter, and on such further evidence and
8  argument as may be presented at the hearing on this Motion.  Pursuant to
9  LR 7-3, counsel for the respective parties held a meet and confer at least 20 days
10 prior to filing of this motion.

                                 FRISENDA, QUINTON & NICHOLSON

15 DATED: September 28, 2009    By: _____
                                           Frank Frisenda
                                           Attorneys for Plaintiff
                                           WYATT TECHNOLOGY CORP.

PLAINTIFF'S MOTION IN LIMINE #3: TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING
DEFENDANTS' COSTS TO BE DEDUCTED FROM GROSS SALES

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants should be precluded from introducing any evidence or allegations at trial relating to claimed costs to be deducted from Defendants' gross sales of the accused Zetasizer Nano product and convoy sales. During the course of discovery taken in this action Defendant's 30(b)(6) designee, Mr. Robert Feczko testified that he has no knowledge of the parts list (Bill of Materials), the cost of component parts of the accused products, nor any information attributed to labor or overhead expense to the accused products.

Similarly, Defendants' damages expert, David Nolte, had no knowledge of such costs of goods sold for Defendants' Zetasizer Nano products.

Defendants have failed to produce any documents which evidence the costs of goods sold for the accused products.

It is well established that Plaintiff is entitled to the gross sales unless defendant adequately proves deductible costs, in accordance with defendant's burden of proof.

Regarding establishing and calculating defendant's profits, *see Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1405-1408 (9th Cir. 1993) ("The intent of the infringer is relevant evidence on the issue of awarding profits and damages and the amount;" determining that in order to establish damages under the lost profits method, plaintiff must make prima facie showing of reasonably forecast profits.); *Louis Vuitton S.A. v. Spencer Handbags Corp.*, 765 F.2d 966, 973 (2nd Cir. 1985)  *See also American Honda Motor Co. v. Two Wheel Corp.*, 918 F.2d 1060, 1063 (2d Cir. 1990) (plaintiff entitled to amount of gross sales unless defendant adequately proves amount of costs to be deducted from it); *Polo Fashions, Inc. v. Dick Bruhn, Inc.*, 793 F.2d 1132, 1135 (9th Cir. 1986) (court

2

PLAINTIFF'S MOTION IN LIMINE #3: TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING DEFENDANTS' COSTS TO BE DEDUCTED FROM GROSS SALES

awarded receipts from sales pursuant to 15 U.S.C. § 1117(a)); 5 J. THOMAS MCCARTHY, TRADEMARKS AND UNFAIR COMPETITION § 30.65 (4th ed. 2001) (discussing computation of defendant's profits from infringing sales).

Plaintiff has the burden of proof as to damages. *See Rolex Watch, U.S.A., Inc. v. Michel Co.*, 179 F.3d 704, 712 (9th Cir. 1999) (plaintiff carries burden to show with "reasonable certainty" the defendant's gross sales from the infringing activity); *Lindy Pen Co.*, 982 F.2d at 1405-1408; *Nintendo of America*, 40 F.3d at 1012 (where infringing and noninfringing elements of a work cannot be readily separated, all of a defendant's profits should be awarded to the plaintiff).

### The Relief Granted

"[S]ubject to the principles of equity." The Lanham Act allows the successful litigant to recover: "(1) defendant's profits; (2) any damages sustained by the plaintiff; and (3) the costs of the action." 15 U.S.C. § 1117.

The trial court's primary function is to make violation of the Lanham act unprofitable to the infringing party. *Playboy Enterprises, Inc. v. Baccarat Clothing Co., Inc.*, 692 F.2d 1272, 1274 (9th Cir. 1982). "[A]n award of little more than nominal damages would encourage a counterfeiter to merely switch from one infringing scheme to another as soon as the infringed owner became aware of the fabrication. Such a method of enforcement would fail to serve as a convincing deterrent to the profit maximizing entrepreneur who engaged in

3

PLAINTIFF'S MOTION IN LIMINE #3: TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING DEFENDANTS' COSTS TO BE DEDUCTED FROM GROSS SALES

trademark piracy." *Id.* On the other hand, § 1117 forbids the district court from allowing recoveries that are so excessive as to amount to a penalty. Therefore, the monetary relief granted by the district court must be great enough to further the statute's goal of discouraging trademark infringement but must not be so large as to constitute a penalty. The adequacy of monetary relief awarded under the Lanham Act is reviewed under the abuse of discretion standard. *See Seven-Up Co. v. O-So-Grape Co.*, 283 F.2d 103, 106 (7th Cir. 1960), *cert. denied*, 365 U.S. 869, 81 S.Ct. 903, 5 L.Ed.2d 859 (1961).

To force the defendant to disgorge the profits obtained because of the infringement, the Act requires, "the plaintiff ... to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed" in determining the profit derived from the sale. The defendant may show that his infringement was not profitable. *Mishawaka Rubber & Woolen Co. v. S.S. Kreege Co.*, 316 U.S. 203, 206, 62 S.Ct. 1022, 1024, 86 L.Ed. 1381 (1942). Section 1117 of the Act provides that "[i]f the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case." Some courts have allowed the plaintiff to recover profits even though the defendant lost money on the theory that the plaintiff should not be prejudiced by the defendant's inefficiency. *Callman, Unfair Competition*, § 22.49 at: 258 n. 96.

4

PLAINTIFF'S MOTION IN LIMINE #3: TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING DEFENDANTS' COSTS TO BE DEDUCTED FROM GROSS SALES

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion to exclude any evidence regarding Defendants' costs to be deducted from gross sales.

Because good cause has been shown, Plaintiff's motion should be granted.

Respectfully submitted,

FRISENDA, QUINTON & NICHOLSON

DATED: September 28, 2009            By: _____
Frank Frisenda
Attorneys for Plaintiff
WYATT TECHNOLOGY CORP.

5

PLAINTIFF'S MOTION IN LIMINE #3: TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING DEFENDANTS' COSTS TO BE DEDUCTED FROM GROSS SALES

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Frisenda, Quinton & Nicholson, 11601 Wilshire Blvd, Suite 500, Los Angeles, CA 90025.

On September 28, 2009, I served a true and correct copy of the foregoing document(s) titled: PLAINTIFF'S MOTION IN LIMINE #3: TO ECLUDE EVIDENCE AND ARGUMENT REGARDING DEFENDANTS' COSTS TO BE DEDUCTED FROM GROSS SALES

On interested parties X by placing __ the original X a true copy thereof enclosed in sealed envelopes addressed as follows on the attached service list:

__ BY PERSONAL DELIVERY to the interested parties identified in the attached list.

__ BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

__ BY FAXING: from 702/436-4176 a true and correct copy thereof to the facsimile number of each addressee as listed on the attached service list pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order. Said transmission was reported complete and without error

X BY ELECTRONIC DELIVERY: I served a true and correct copy by electronic delivery pursuant to C.C.P. 1010.6, calling for agreement to accept service by electronic delivery, to the interested parties in this action set forth on the attached mailing list.

X (Federal)   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 28, 2009, at Los Angeles, CA.

____FRANK FRISENDA____
(Print Name)

____(signature)____
(Signature)

6

PLAINTIFF'S MOTION IN LIMINE #3: TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING DEFENDANTS' COSTS TO BE DEDUCTED FROM GROSS SALES

## SERVICE LIST

**Rollin A. Ransom (SBN 196126)**
rransom@sidley.com
**Jennifer A. Ratner (SBN 205155)**
jratner@sidley.com
**Johari N. Townes (SBN 252369)**
jtownes@sidley.com
**SIDLEY AUSTIN LLP**
**555 West Fifth Street, Suite 4000**
**Los Angeles, California 90013-1010**
**Telephone: (213) 896-6000**
**Facsimile: (213) 896-6600**

PLAINTIFF'S MOTION IN LIMINE #3: TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING DEFENDANTS' COSTS TO BE DEDUCTED FROM GROSS SALES