| | |
|---|---|
| 1 | Rollin A. Ransom (SBN 196126) |
| | rransom@sidley.com |
| 2 | Jennifer A. Ratner (SBN 205155) |
| | jratner@sidley.com |
| 3 | Frank J. Broccolo (SBN 210711) |
| | fbroccolo@sidley.com |
| 4 | Johari N. Townes (SBN 252369) |
| | jtownes@sidley.com |
| 5 | SIDLEY AUSTIN LLP |
| | 555 West Fifth Street, Suite 4000 |
| 6 | Los Angeles, California 90013-1010 |
| | Telephone: (213) 896-6000 |
| 7 | Facsimile: (213) 896-6600 |
| 8 | Attorneys for Defendants Malvern |
| 9 | Instruments Incorporated and David Dolak |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

WYATT TECHNOLOGY CORPORATION, a California Corporation,

    Plaintiff,

vs.

MALVERN INSTRUMENTS INCORPORATED, a Massachusetts corporation; DAVID DOLAK, an individual; and DOES 1 through 50, inclusive,

    Defendants.

Case No. CV07-8298 DDP (MANx)

Assigned to: Hon. Dean D. Pregerson

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE WYATT'S WITNESSES FROM MAKING UNFOUNDED CONCLUSORY STATEMENTS CONCERNING DEFENDANTS' CONDUCT, ADVERTISING AND PRODUCTS**

**(DEFENDANTS' MOTION *IN LIMINE* NO. 5)**

Date: October 19, 2009
Time: 3:00 p.m.
Place: Courtroom 3

Defendants Malvern Instruments Incorporated ("Malvern") and David Dolak respectfully submit this reply memorandum in support of their Motion *in Limine* to Preclude Wyatt's Witnesses from Making Unfounded Conclusory Statements Concerning Defendants' Conduct, Advertising and Products. Defendants request that the motion be granted in its entirety.

## I.  DISCUSSION

### A.  Wyatt Does Not Dispute That Defendants Will Be Unfairly Prejudiced If It Is Permitted To Make Its Unfounded And Conclusory Accusations In Front Of The Jury.

In the motion, defendants identified several unfounded accusations that Wyatt has repeatedly made in its pleadings, discovery responses, motions, and deposition testimony, all of which – given the frequency with which they were previously made – are likely to be restated at trial. As defendants explained (and as Wyatt does not dispute), many of these baseless statements go directly to the ultimate issues in the case (*e.g.*, whether defendants "stole" from Wyatt; whether the challenged statements in defendants' advertising are material, etc.). As defendants further explained (and as Wyatt also does not dispute), there is *no* legitimate foundation or other basis that would permit its witnesses to offer such statements. Consequently (and as Wyatt *also* does not dispute), there is a serious risk of unfair prejudice to defendants if Wyatt's witnesses are allowed to make these unsupported and improper accusations at trial.

Nonetheless, Wyatt blithely urges the Court to adopt a "wait and see" approach, and wrongly suggests that defendants' motion *in limine* is improper because it addresses testimony that "has not yet occurred" and purportedly attempts to "usurp the province of the Court." *See* Opp. to MIL No. 5, at 2:3 and 2:9-10. But Wyatt's contentions are nonsensical – all motions in limine *necessarily* address evidence that has not yet been submitted at trial, and motions in limine *invoke* (rather that "usurp") the role of the Court.

The record in this case readily establishes the types of unfounded accusations that Wyatt's witnesses are likely to make at trial. Once this improper testimony is heard by the jury, the bell cannot be unrung, and defendants should not (and cannot properly) be required to wait until *after* they have been unfairly prejudiced to obtain appropriate relief. Indeed, Wyatt's pleadings, briefs, and witness testimony throughout this proceeding vividly illustrate the need for the Court to exercise its authority ahead of time, if there is to be a fair trial in this proceeding.

**B. Wyatt Offers No Meaningful Defense Of The Various Statements Challenged By Defendants' Motion.**

**1. Witnesses Cannot Testify As To Legal Conclusions Or The Application Of Law To Facts.**

Wyatt devotes only a single sentence in its opposition to a defense of the challenged statements, and incorrectly claims that "[a]ny witness at trial may offer opinions if they are asked and to state the factual basis for such opinion." *See* Opp. at 2:11-12. Wyatt is wrong.

First, the law is clear that a witness should not be permitted to testify as to legal conclusions. *See* Defs.' Mot. in Limine No. 5 at 3:4-9, *citing Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059-1060 (9th Cir. 2008) (testimony as to whether a party acted improperly was a legal conclusion and served to do nothing more than invade the province of the jury; district court did not err in granting motion to limit witnesses' testimony to the facts at issue). Tellingly, Wyatt does not even mention, let alone address, this legal authority.

Furthermore, Wyatt does not dispute that its accusations that defendants "stole" or "misappropriated" Wyatt's intellectual property, that defendants made "false claims" or otherwise engaged in false advertising, or any of the other accusations identified in section A of defendants' motion, constitute improper legal conclusions. Thus, these statements are improper and any such testimony should be precluded at trial.

2

### 2. Wyatt Does Not Dispute The Inadmissibility Of The Remaining Testimony Identified In Defendants' Motion.

Similarly, the other "opinions" that Wyatt suggests its witnesses may provide (*see* Opp. at 2:11) are inadmissible because Wyatt cannot lay a proper foundation for such testimony and/or the testimony constitutes hearsay. As with the improper legal conclusions discussed above, Wyatt does not dispute (or even address) the particular facts and law raised in defendants' motion.

Specifically, Wyatt does not dispute that the sole ostensible basis for its (incorrect) claim that defendants' products do not work properly is inadmissible hearsay. *See* Section B to Defs.' Mot. in Limine No. 5.

Likewise, Wyatt does not dispute that its "evidence" of the alleged materiality of statements in defendants' advertising is only the *ipse dixit* conclusions of its employees, nor does Wyatt dispute that the admissibility of this *same* type of evidence was categorically rejected in the caselaw cited in defendants' motion (which legal authority Wyatt also ignores). *See* Section C to Defs.' Mot. in Limine No. 5.

Finally, Wyatt does not dispute that the sole basis of its (incorrect) claim that Malvern was out to "destroy" the DynaPro is inadmissible hearsay. *See* Section D to Defs.' Mot. in Limine No. 5.

In short, Wyatt offers no meaningful dispute respecting any of these issues, effectively conceding the motion on these points.

### 3. Wyatt Cannot Provide Testimony On A Topic Where It Failed To Provide A Competent Rule 30(b)(6) Witness.

Wyatt likewise does not dispute that Wyatt was obligated to designate a witness pursuant to Rule 30(b)(6) concerning its communications with third parties regarding the claims in the lawsuit, including the alleged communication between Wyatt and an unidentified third-party reflecting that Malvern or its employees were out to "destroy" the DynaPro. *See* Section D to Defs.' Mot. in Limine No. 5. It is also undisputed that Wyatt failed to present such a witness – indeed, the Rule 30(b)(6)

3

witness who testified regarding this issue could not provide *any* details regarding this communication. *Id.* Under the well-established authority set forth in the motion (which authority Wyatt likewise ignores), any testimony regarding this communication must be excluded. *Id.*

### C. The Referenced Testimony Should Be Excluded Under Rule 403.

Finally, defendants' motion established that, even if there were some (never unarticulated) argument supporting the admission of any of these statements, the Court should nonetheless exclude them under Rule 403. As with the balance of the motion, Wyatt offers no response. Accordingly, Rule 403 provides an independent basis for exclusion of this testimony.

## II. CONCLUSION

Wyatt provides no justification for admitting any of the sort of conclusory statements concerning defendants' alleged conduct, advertising and that are described in the motion. There is simply no need to "wait and see" what will happen at trial where, as here, the unfair prejudice to defendants is predictable and can be obviated in advance. Defendants respectfully request that the Court grant their motion in its entirety.

Dated: October 8, 2009

SIDLEY AUSTIN LLP
Rollin A. Ransom
Jennifer A. Ratner
Frank J. Broccolo
Johari N. Townes

By: /s/ Rollin A. Ransom
　　　Rollin A. Ransom
　　　Attorneys for Defendants Malvern Instruments Incorporated and David Dolak

4