1  Rollin A. Ransom (SBN 196126)
   rransom@sidley.com
2  Jennifer A. Ratner (SBN 205155)
   jratner@sidley.com
3  Frank J. Broccolo (SBN 210711)
   fbroccolo@sidley.com
4  Johari N. Townes (SBN 252369)
   jtownes@sidley.com
5  SIDLEY AUSTIN LLP
   555 West Fifth Street, Suite 4000
6  Los Angeles, California 90013-1010
   Telephone: (213) 896-6000
7  Facsimile: (213) 896-6600

8  Attorneys for Defendants Malvern
   Instruments Incorporated and David Dolak
9

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WYATT TECHNOLOGY CORPORATION, a California Corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>MALVERN INSTRUMENTS INCORPORATED, a Massachusetts corporation; DAVID DOLAK, an individual; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. CV07-8298 DDP (MANx)<br><br>Assigned to: Hon. Dean D. Pregerson<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF WILLIAM BUCKLEY**<br><br>**(DEFENDANTS' MOTION *IN LIMINE* NO. 1)**<br><br>Date:  October 19, 2009<br>Time:  3:00 p.m.<br>Place: Courtroom 3 |

Defendants Malvern Instruments Incorporated ("Malvern") and David Dolak respectfully submit this reply memorandum in support of their Motion *in Limine* to Exclude the Testimony of William Buckley. Defendants request that the motion be granted in its entirety.

## I. DISCUSSION

In the motion, defendants established that Wyatt's damages expert, William Buckley, should be precluded from testifying because his methodology is fundamentally unreliable (in violation of Rule 702) and inherently misleading to the jury (in violation of Rule 403). Specifically, defendants demonstrated that Mr. Buckley's opinion is unreliable because he (1) fails to link Wyatt's purported damages to *any* of the specific wrongdoing alleged by Wyatt, or even to limit his damages analysis to the segment of the market that *Wyatt concedes* was the target of the alleged wrongful conduct; and (2) uses an "average invoice value" that includes an inapposite, higher-end product, thereby improperly (and significantly) enhancing Wyatt's purported damages.

Wyatt has presented no meaningful legal argument *or* factual evidence in opposition to the motion. On the law, Wyatt attempts to divert the Court's attention from the basic issues presented by the motion by focusing on cases that relate to challenges to an expert's *qualifications*, rather than his or her methodology. And on the facts, Wyatt *concedes* that defendants' alleged wrongful conduct relates to sales within the "niche market" of protein research, and fails to refute (or even address) that the plate reader is not a ready substitute for the instruments at issue in this case, and therefore may not be included in any calculation of an average sales price.

Each of these failures goes directly to the reliability of Mr. Buckley's opinion, and both independently and collectively support the exclusion of Mr. Buckley's testimony in its entirety.

**A.      Mr. Buckley's Opinion is Unreliable and Prejudicial Because it Fails to Link Wyatt's Damages to the Alleged Wrongdoing**

In the motion, defendants described in detail the allegations in Wyatt's Second Amended Complaint and the testimony presented by Wyatt's executives.  The allegations and testimony are consistent, and conclusively demonstrate that any damages attributable to the alleged wrongdoing are related to the protein market. Defs.' Mot. in Limine No. 1 at 2:5-3:21.  In its opposition, Wyatt does not dispute (or even address) any of these allegations or deposition admissions.  On the contrary, Wyatt *concedes* that its claims are directed at defendants' allegedly wrongful conduct with respect to the "niche" protein market:

> But for Defendants' illegal conduct, Plaintiff would have an exclusive niche in the market. . . .  Plaintiff and Malvern are the only two companies that compete head to head in this niche market.

Opp. at 7:1-5.[1]  Wyatt also does not dispute (because it cannot) that the caselaw (including the cases cited in the motion) uniformly requires that a damages expert limit his or her analysis to those "lost sales" that are *attributable to the alleged wrongdoing*.  *See* Defs.' Mot. in Limine No. 1 at 4:25-7:17.  In failing to meet this standard, Mr. Buckley fails to meet the reliability requirements of *Daubert* and Rule 702 of the Federal Rules of Evidence.

Rather than respond to any of this analysis, Wyatt cites general law regarding the trial court's responsibility to act as a "gatekeeper" (Opp. at 7:12-19). But it is precisely this "gatekeeper" function that requires exclusion of Mr. Buckley's

---

[1] Wyatt has articulated a similar theory of liability in other briefs that it recently filed. *See, e.g.,* Pl.'s Opp. to Defs.' Mot. in Limine No. 6 at 2:5-10, 2:25-27 (asserting that Wyatt and Malvern "recognized the unique value of [the Protein Solutions] assets . . . to gain entrée into the protein characterization market" and alleging that Malvern "recognized that by using Protein Solutions' DynaPro pedigree, Malvern could and would succeed in capturing the DynaPro market lost at auction").

testimony. *See Sebastian Int'l, Inc. v. Russolillo*, No. CV 00-3476 SVW (JWJx), 2005 WL 1323127, *6, *7 (C.D. Cal. Feb. 22, 2005) (noting court's "'gatekeeper' role" under *Daubert* and excluding expert report on lost profits because it failed to demonstrate that the purported lost sales "[were] attributable" to the alleged wrongdoing "and not other causes unrelated to the alleged wrong"); *see also DSU Med. Corp. v. JMS Co. Ltd.*, 296 F. Supp. 2d 1140, 1156 (N.D. Cal. 2003) ("In *Daubert-Kumho* 'gatekeeper' terms, the proffered expert testimony . . . relies on a legal 'principle' that is not acceptable to this Court and the testimony is, to that extent, inadmissible."), *aff'd in relevant part,* 471 F.3d 1293 (Fed. Cir. 2006).

        Wyatt then asserts that courts have adopted a "liberal" policy of admitting expert testimony. Opp. at 7:22-24. However, Wyatt fails to note that this "liberal" approach, to the extent it has been adopted at all, applies to questions regarding the expert's *qualifications*.[2] *See, e.g.*, *Holbrook v. Lykes Bros SS Co., Inc.*, 80 F.3d 777, 781-82 (3d Cir. 1996) (noting that "[t]he *first* requirement of Rule 702 – that the proposed witness be an expert – has been liberally construed by this Court") (emphasis added); *accord Kannankeril v. Terminax, Intern, Inc.*, 128 F.3d 802, 809 (3d Cir. 1997) ("If the expert meets liberal minimum qualifications, then the level of the expert's expertise goes to credibility and weight, not admissibility."); *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741 (3d Cir. 1994) ("The first [requirement of Rule 702] is that a witness proffered to testify to specialized knowledge must be an expert. We have interpreted this requirement liberally."). Indeed, the opposition itself

---

[2] Much of Wyatt's opposition simply summarizes its claims and the purported factual basis for those claims. Opp. at 4:22-7:10. Aside from an unambiguous concession that its claims are limited to the protein market, as discussed above, these allegations are not relevant to the current motion. Neither are Wyatt's discussion of Mr. Buckley's purported qualifications (Opp. at 2:5-17) or the documents that Mr. Buckley reviewed in rendering his opinion (*id.* at 2:18-3:12). Moreover, certain portions of Wyatt's opposition appear to relate to some other case entirely. *See, e.g.*, Opp. at 7:25-27 (reference to "ambient air test results"); Opp. at 8:12-13 (reference to "Honeywell's prospects for success").

concedes that these cases relate to qualifications, rather than to the *reliability* of the expert's testimony. *See* Opp. at 7:12-8:11.

Finally, Wyatt suggests that the challenges to Mr. Buckley's analysis go to weight, rather than admissibility, and that defendants can "cross-examine Mr. Buckley to tout Defendants [sic] view of Plaintiff's damages." *See* Opp. at 4:14-15, 8:5-11. But this assertion assumes that Mr. Buckley's analysis meets the *Daubert* standard of reliability (which, as noted above, is not subject to the "liberal" construction purportedly applicable to an expert's qualifications). Not one case cited by Wyatt supports its view that it may simply bypass the Court's "gatekeeper" function and leave all challenges to reliability to the jury. More fundamentally, none of Wyatt's cases addresses (much less refutes) the uniform legal authority cited in the motion, namely, that an expert's failure to limit damages to the alleged wrongdoing renders the opinion unreliabile and, thus, inadmissible. *See* Defs.' Mot. in Limine No. 1 at 4:25-7:17.

It is undisputed that Wyatt's claims in this action are directed at defendants' alleged misconduct with respect to the "niche" protein market. It is also undisputed that Mr. Buckley's damages analysis is based upon 100% of Malvern's sales, rather than only the sales into the protein market. Under the caselaw cited and discussed at length in the motion, Mr. Buckley's failure to limit his damages analysis to the alleged wrongdoing at issue in this case renders his opinion unreliable and inadmissible under *Daubert* and Rule 702.

**B.     Mr. Buckley's Calculation of an "Average Invoice Value" That Includes a Non-Substitute Product Renders his Opinion Speculative, Unreliable and Inadmissible**

As set forth in more detail in defendants' motion, a separate and independent reason for excluding Mr. Buckley's testimony is that the average invoice value upon which Mr. Buckley bases his opinion also renders his opinion unreliable and, therefore, inadmissible. Specifically, Mr. Buckley's average sales value includes

a far more expensive Wyatt instrument (the "Plate Reader") that is not a ready substitute for Wyatt's DyanPro Titan or Malvern's Zetasizer Nano, the dynamic light scattering instruments at issue in this case. Wyatt presents no argument – legal or factual – on this point and fails completely to address the evidence presented by defendants that the Plate Reader is not a ready substitute for either of the products at issue in this action. Defs.' Mot. in Limine No. 1 at 8:11-9:2. Indeed, Wyatt's Opposition does not even reference the Plate Reader or otherwise justify its inclusion in the average invoice value calculated by Mr. Buckley. Because Mr. Buckley's testimony does not "rest[] on a reliable foundation," *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993), Mr. Buckley's testimony is unreliable and thus inadmissible. *See, e.g., Monolithic Power Sys. v. O2 Micro Int'l Ltd.*, 476 F. Supp. 2d 1143, 1155-56 (N.D. Cal. 2007) (excluding expert's testimony on damages based in part on expert's reliance on sales to irrelevant markets, sales of non-infringing products and use of a starting value that was not attributable to the value of the infringing product).

### C. Mr. Buckley's Opinions Should Be Excluded Under Rule 403

Even if Rule 702 did not demand the exclusion of Mr. Buckley's testimony, it should be excluded under Rule 403. Any probative value of Mr. Buckley's testimony would be "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" pursuant to Rule 403. Allowing Mr. Buckley's testimony, untethered as it is to the allegedly wrongful sales, would create a significant danger of misleading the jury into believing that they may award damages significantly higher than those authorized by the law, and of unfairly prejudicing defendants. Rule 403 thus provides an independent basis for exclusion of Mr. Buckley's opinions.

## II. CONCLUSION

Mr. Buckley's opinion is unreliable under the standards of Rule 702 and, in any event, any limited probative value (if any) would be substantially outweighed

by the danger of unfair prejudice and confusion of the issues, and the risk of misleading the jury into believing that they may award damages significantly higher than those authorized by law. For the foregoing reasons and those set forth in defendants' motion, defendants respectfully request that this Court grant its motion *in limine* and exclude Mr. Buckley's testimony in its entirety.

Dated: October 8, 2009

SIDLEY AUSTIN LLP
Rollin A. Ransom
Jennifer A. Ratner
Frank J. Broccolo
Johari N. Townes

By: /s/ Rollin A. Ransom
    Rollin A. Ransom
    Attorneys for Defendants Malvern Instruments Incorporated and David Dolak