Frank Frisenda (SBN 85580)
Frankfrisenda@aol.com
FRISENDA, QUINTON & NICHOLSON
11601 Wilshire Blvd., Suite 500
Los Angeles, California  90025
Telephone:  (702) 792-3910
Facsimile:   (702) 436-4176

Attorneys for Plaintiff Wyatt
Technology Corporation

Rollin A. Ransom (SBN 196126)
rransom@sidley.com
Jennifer A. Ratner (SBN 205155)
jratner@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California  90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for Defendants Malvern
Instruments Incorporated and David Dolak

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

WYATT TECHNOLOGY
CORPORATION, a California
Corporation,

        Plaintiff,

  vs.

MALVERN INSTRUMENTS
INCORPORATED, a Massachusetts
corporation; DAVID DOLAK, an
individual; and DOES 1 through 50,
inclusive,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.  CV07-8298 DDP (MANx)

Assigned to: Hon. Dean D. Pregerson

**JOINT SUBMISSION OF AGREED
JURY INSTRUCTIONS PURSUANT
TO COURT'S STANDING ORDER**

Final Pretrial Conference
Date:       October 19, 2009
Time:      3:00 p.m.
Place:     Courtroom 3

1    Pursuant to the Court's Standing Order, attached hereto is plaintiff Wyatt

2  Technology Corporation's and defendants Malvern Instruments Incorporated and

3  David Dolak's (plaintiff and defendants are collectively referred to as the "parties")

4  joint submission of agreed jury instructions.  As required by the Court's Standing

5  Order, the parties have separately submitted a set of disputed jury instructions.

6

7  Dated:  October 12, 2009              FRISENDA, QUINTON & NICHOLSON
                                        Frank Frisenda
8

9                                       By:  /s/ Frank Frisenda

10                                          Frank Frisenda
                                            Attorney for Plaintiff
                                            Wyatt Technology Corporation
11

12  Dated:  October 12, 2009              SIDLEY AUSTIN LLP
                                          Rollin A. Ransom
13                                        Jennifer A. Ratner
                                          Frank J.  Broccolo
14                                        Johari Townes

15                                        By:  /s/ Jennifer A. Ratner

16                                          Jennifer A. Ratner
                                            Attorneys for Defendants
17                                          Malvern Instruments Incorporated
                                            and David Dolak

18

19

20

21

22

23

24

25

26

27

28

1

# INDEX

| Number | Title | Source | Page |
|---|---|---|---|
| 1 | Duty of Jury (Preliminary) | 9th Cir. 1.1B (modified) | 1 |
| 2 | Claims and Defenses | 9th Cir. 1.2 | 2 |
| 3 | Burden of Proof – Preponderance of the Evidence | 9th Cir. 1.3 | 3 |
| 4 | Burden of Proof – Clear and Convincing Evidence | 9th Cir. 1.4 | 4 |
| 5 | Two or More Parties – Different Legal Rights | 9th Cir. 1.5 | 5 |
| 6 | What is Evidence | 9th Cir. 1.6 | 6 |
| 7 | What is Not Evidence | 9th Cir. 1.7 | 7 |
| 8 | Evidence for Limited Purpose | 9th Cir. 1.8 | 8 |
| 9 | Direct and Circumstantial Evidence | 9th Cir. 1.9 | 9 |
| 10 | Ruling on Objections | 9th Cir. 1.10 | 10 |
| 11 | Credibility of Witnesses | 9th Cir. 1.11 | 11 |
| 12 | Conduct of the Jury | 9th Cir. 1.12 | 12 |
| 13 | No Transcript Available to Jury | 9th Cir. 1.13 | 13 |
| 14 | Taking Notes | 9th Cir. 1.14 | 14 |
| 15 | Bench Conferences and Recesses | 9th Cir. 1.18 | 15 |
| 16 | Outline of Trial | 9th Cir. 1.19 | 16 |
| 17 | Use of Interrogatories of a Party | 9th Cir. 2.10 | 17 |
| 18 | Expert Opinion | 9th Cir. 2.11 | 18 |
| 19 | Charts and Summaries Not Received in Evidence | 9th Cir. 2.12 | 19 |
| 20 | Charts and Summaries in Evidence | 9th Cir. 2.13 | 20 |
| 21 | Liability of Corporations – Scope of Authority | 9th Cir. 4.2 (title modified) | 21 |
| 22 | Scope of Authority Defined | 9th 4.5 (modified) | 22 |
| 23 | Duty of Jury (Final) | 9th 1.1(C) | 23 |
| 24 | Possession Without Use of Alleged Trade Secrets | *Central Valley Gen. Hosp. v. Smith*, 162 Cal. App. 4th 501, 528-29 (2008) | 24 |
| 25 | Damages – Proof | 9th Cir. 5.1 | 25 |
| 26 | Punitive Damages – Recovery of and Measure – Trial Not Bifurcated* | California Jury Instructions – Civil (2009 ed.) BAJI 14.71 (modified) | 26 |

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 27 | Duty to Deliberate | 9th Cir. 3.1 | 28 |
| 28 | Communication with Court | 9th Cir. 3.2 | 29 |
| 29 | Return of Verdict | 9th Cir. 3.3 | 30 |

**Instruction No. 1**

<u>DUTY OF JURY (Preliminary)</u>

Ladies and gentlemen:  You are now the jury in this case.  It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Source:  Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 1.1B (modified).

1

**Instruction No. 2**

<u>CLAIMS AND DEFENSES</u>

To help you follow the evidence, I will give you a brief summary of the legal claims and positions of the parties:

The plaintiff in this case is Wyatt Technology Corporation.  The defendants are Malvern Instruments, Inc. and David Dolak.

Wyatt asserts two claims against Malvern and Mr. Dolak.  The first claim is for false advertising.  The second claim is for misappropriation of trade secrets.  Wyatt has the burden of proving these claims.

Malvern and Mr. Dolak deny Wyatt's claims in their entirety and further deny that Wyatt is entitled to any award of damages because it has not suffered any harm.

Source:  Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 1.2 (modified).

**Instruction No. 3**

<u>BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE</u>

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Source:  Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 1.3.

**Instruction No. 4**

**<u>BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE</u>**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

Source:  Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 1.4.

**Instruction No. 5**

<u>TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS</u>

You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

Source:  Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 1.5.

**Instruction No. 6**

<u>WHAT IS EVIDENCE</u>

The evidence you are to consider in deciding what the facts are consists of:

  1. the sworn testimony of any witness;

  2. the exhibits which are received into evidence; and

  3. any facts to which the lawyers stipulate.

Source:  Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 1.6.

**Instruction No. 7**

<u>WHAT IS NOT EVIDENCE</u>

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Source:  Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 1.7.

7

**Instruction No. 8**

EVIDENCE FOR LIMITED PURPOSE

          Some evidence may be admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

          Source:  Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 1.8.

**Instruction No. 9**

<u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Source:  Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 1.9 (including comment).

**Instruction No. 10**

<u>RULING ON OBJECTIONS</u>

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Source:  Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 1.10.

**Instruction No. 11**

<u>CREDIBILITY OF WITNESSES</u>

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness's testimony;

6.    the reasonableness of the witness's testimony in light of all the evidence; and

7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Source: Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 1.11.

## Instruction No. 12

## <u>CONDUCT OF THE JURY</u>

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the bailiff to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

Source: Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 1.12.

**Instruction No. 13**

<u>NO TRANSCRIPT AVAILABLE TO JURY</u>

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

Source:  Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 1.13.

**Instruction No. 14**

<u>TAKING NOTES</u>

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Source:  Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 1.14.

**Instruction No. 15**

BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Source:  Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 1.18.

**Instruction No. 16**

<u>OUTLINE OF TRIAL</u>

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendants may cross-examine.  Then the defendants may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Source: Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 1.19.

**Instruction No. 17**

<u>USE OF INTERROGATORIES OF A PARTY</u>

Evidence may be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

Source:  Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 2.10.

17

**Instruction No. 18**

<u>EXPERT OPINION</u>

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Source: Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 2.11.

**Instruction No. 19**

<u>CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE</u>

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Source: Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 2.12.

**Instruction No. 20**

<u>CHARTS AND SUMMARIES IN EVIDENCE</u>

Certain charts and summaries may be received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

Source:  Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 2.13.

**Instruction No. 21**

**<u>LIABILITY OF CORPORATIONS – SCOPE OF AUTHORITY</u>**

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

Source: Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 4.2 (title modified).

1

**Instruction No. 22**

2

**SCOPE OF AUTHORITY DEFINED**

3
                An agent or employee is acting within the scope of authority if the agent

4
or employee is engaged in the performance of duties which were expressly or

5
impliedly assigned to the agent or employee by the principal or employer.

6
                Source: Manual of Model Civil Jury Instructions – Ninth Circuit (2007

7
ed.) 4.5 (modified).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instruction No. 23**

<u>DUTY OF JURY (Final)</u>

Members of the Jury:  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Source:  Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 1.1(C).

1

### Instruction No. 24

2

### **<u>POSSESSION WITHOUT USE OF ALLEGED TRADE SECRETS</u>**

3    Mere possession of a trade secret does not constitute misappropriation.  If

4 you find that Malvern or Mr. Dolak had possession of the three alleged trade secrets

5 but did not use them, you must find that there was no misappropriation.

6    *Central Valley Gen. Hosp. v. Smith*, 162 Cal. App. 4th 501, 528-29

7 (2008).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Instruction No. 25**

2

<u>DAMAGES -- PROOF</u>

3
4
5
6

      If you find for Wyatt on Wyatt's false advertising or misappropriation of trade secrets claims, you must determine Wyatt's damages.  It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

7
8

      Source:  Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 5.1 (modified)

**Instruction No. 26**

<u>PUNITIVE DAMAGES – RECOVERY OF AND MEASURE – TRIAL NOT</u>

<u>BIFURCATED</u>*

If you find that plaintiff suffered actual injury, harm or damage caused by misappropriation of trade secrets, you should then consider whether or not you should award punitive damages against Malvern or Mr. Dolak, for the sake of example and by way of punishment.  You are not required to award any punitive damages.  You should in your discretion award punitive damages, if, but only if, you find by clear and convincing evidence that the defendant was guilty of oppression or malice in the conduct on which you base your finding of liability.

"Malice" means conduct which is despicable conduct which is carried on by the defendant with a willful and conscious disregard for the rights of others.

"Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

"Despicable conduct" is conduct which is so vile or contemptible that it would be looked down upon and despised by ordinary decent people.

The law provides no fixed standards as to the amount of such punitive damages, but leaves the amount to the jury's sound discretion, exercised without passion or prejudice.

In arriving at any award of punitive damages, consider the following factors:

(1)     The reprehensibility of the conduct of the defendant;

(2)     The amount of punitive damages which will have a deterrent effect on the defendant in the light of defendant's financial condition;

(3)     That the punitive damages must bear a reasonable relation to the injury, harm, or damage actually suffered by the plaintiff.

If you find that plaintiff is entitled to an award of punitive damages, you must state the amount of punitive damage separately in your verdict.

26

1             Source:  California Jury Instructions – Civil (2009 ed.) BAJI 14.71

2 (modified).

3             *Subject to defendants' request for bifurcation.

**Instruction No. 27**

<u>DUTY TO DELIBERATE</u>

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Source: Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 3.1.

28

**Instruction No. 28**

COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Source:  Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 3.2.

**Instruction No. 29**

<u>RETURN OF VERDICT</u>

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Source:  Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 3.3.