Frank Frisenda (SBN 85580)
Frankfrisenda@aol.com
FRISENDA, QUINTON & NICHOLSON
11601 Wilshire Blvd., Suite 500
Los Angeles, California  90025
Telephone:  (702) 792-3910
Facsimile:  (702) 436-4176

Attorneys for Plaintiff Wyatt
Technology Corporation

Rollin A. Ransom (SBN 196126)
rransom@sidley.com
Jennifer A. Ratner (SBN 205155)
jratner@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California  90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for Defendants Malvern
Instruments Incorporated and David Dolak

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WYATT TECHNOLOGY CORPORATION, a California Corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MALVERN INSTRUMENTS INCORPORATED, a Massachusetts corporation; DAVID DOLAK, an individual; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No.  CV07-8298 DDP (MANx)<br><br>Assigned to: Hon. Dean D. Pregerson<br><br>**JOINT SUBMISSION OF DISPUTED JURY INSTRUCTIONS PURSUANT TO COURT'S STANDING ORDER**<br><br>Final Pretrial Conference<br>Date:　　　October 19, 2009<br>Time:　　　3:00 p.m.<br>Place:　　　Courtroom 3 |

Pursuant to the Court's Standing Order, attached hereto are proposed jury instructions submitted by plaintiff Wyatt Technology Corporation or defendants Malvern Instruments Incorporated and David Dolak as to which the parties have been unable to reach agreement.  Plaintiff's additional proposed jury instructions to which defendants have not agreed, including the parties' positions in support and opposition to these instructions, are attached hereto as Exhibit A.  Defendants' additional proposed jury instructions to which plaintiff has not agreed, including the parties' positions in support and opposition to these instructions, are attached hereto as Exhibit B.

Dated:  October 12, 2009

FRISENDA, QUINTON & NICHOLSON
Frank Frisenda


By:  /s/ Frank Frisenda
_____
    Frank Frisenda
    Attorney for Plaintiff
    Wyatt Technology Corporation

Dated:  October 12, 2009

SIDLEY AUSTIN LLP
Rollin A. Ransom
Jennifer A. Ratner
Frank J.  Broccolo
Johari Townes


By:  /s/ Jennifer A. Ratner
_____
    Jennifer A. Ratner
    Attorneys for Defendants
    Malvern Instruments Incorporated
    and David Dolak

**INDEX**

| Number | Title | Source | Page |
|---|---|---|---|
| EXHIBIT A – PLAINTIFF'S ADDITIONAL PROPOSED INSTRUCTIONS | | | |
| 30 | Stipulations Of Fact | 9th Cir. 2.2 | 2 |
| 31 | Judicial Notice | 9th Cir. 2.3 | 3 |
| 32 | Deposition In Lieu Of Live Testimony | 9th Cir. 2.4 | 4 |
| 33 | Transcript Of Tape Recording | 9th Cir. 2.5 | 5 |
| 34 | Impeachment Evidence – Witness | 9th Cir. 2.8 | 6 |
| 35 | Additional Instructions Of Law | 9th Cir. 3.4 | 7 |
| 36 | Agent And Principal – Definition | 9th Cir. 4.4 | 8 |
| 37 | Act Of Agent Is Act Of Principal – Scope Of Authority Not In Issue | 9th Cir. 4.6 | 9 |
| 38 | Measures Of Types Of Damages | 9th Cir. 5.2 | 10 |
| 39 | Damages Arising In The Future – Discount To Present Cash Value | 9th Cir. 5.4 | 13 |
| 40 | Punitive Damages | 9th Cir. 5.5 | 14 |
| 41 | Obligation To Prove – More Likely True Than Not | Jud. Council of Cal. Civ. Jury Instr. 200 | 16 |
| 42 | More Likely True – Clear And Convincing Proof | Jud. Council of Cal. Civ. Jury Instr. 201 | 17 |
| 43 | Direct And Indirect Evidence | Jud. Council of Cal. Civ. Jury Instr. 202 | 18 |
| 44 | Party Having Power To Produce Better Evidence | Jud. Council of Cal. Civ. Jury Instr. 203 | 19 |
| 45 | Willful Suppression Of Evidence | Jud. Council of Cal. Civ. Jury Instr. 204 | 21 |
| 46 | Failure To Explain Or Deny Evidence | Jud. Council of Cal. Civ. Jury Instr. 205 | 23 |
| 47 | Statements Of A Party Opponent | Jud. Council of Cal. Civ. Jury Instr. 212 | 25 |
| 48 | Adoptive Admissions | Jud. Council of Cal. Civ. Jury Instr. 213 | 26 |
| 49 | Trade Secrets – Misappropriation Of Trade Secrets – Introduction | Jud. Council of Cal. Civ. Jury Instr. 4400 | 28 |
| 50 | Trade Secrets – Misappropriation Of Trade Secrets – Essential Factual Elements | Jud. Council of Cal. Civ. Jury Instr. 4401 | 30 |

| Number | Title | Source | Page |
|---|---|---|---|
| 51 | Trade Secrets – "Trade Secret" Defined | Jud. Council of Cal. Civ. Jury Instr. 4402 (modified) | 33 |
| 52 | Trade  Secrets – Secrecy Requirement | Jud. Council of Cal. Civ. Jury Instr. 4403 | 35 |
| 53 | Trade Secrets – Reasonable Efforts To Protect Safety | Jud. Council of Cal. Civ. Jury Instr. 4404 | 37 |
| 54 | Trade Secrets – Misappropriation By Acquisition | Jud. Council of Cal. Civ. Jury Instr. 4405 | 40 |
| 55 | Trade Secrets – Misappropriation By Disclosure | Jud. Council of Cal. Civ. Jury Instr. 4406 | 42 |
| 56 | Trade Secrets – Misappropriation By Use | Jud. Council of Cal. Civ. Jury Instr. 4407 | 45 |
| 57 | Trade Secrets – Improper Means Of Acquiring Trade Secret | Jud. Council of Cal. Civ. Jury Instr. 4408 | 48 |
| 58 | Trade Secrets – Remedies For Misappropriation Of Trade Secrets | Jud. Council of Cal. Civ. Jury Instr. 4409 | 50 |
| 59 | Unjust Enrichment | Jud. Council of Cal. Civ. Jury Instr. 4410 | 52 |
| 60 | Trade Secrets – Punitive Damages For Willful And Malicious Misappropriation | Jud. Council of Cal. Civ. Jury Instr. 4411 | 55 |
| 61 | Trademark Liability – Theories And Policies (15 U.S.C. §§ 1114(1), 1125(a)) | 9th Cir. 15.4 | 58 |
| 62 | Trademark Damages—Plaintiff's Actual Damages (15 U.S.C. § 1117(a)) | 9th Cir. 15.25 | 60 |
| 63 | Trademark Damages—Defendant's Profits (15 U.S.C. § 1117(a)) | 9th Cir. 15.26 | 62 |

| Number | Title | Source | Page |
|---|---|---|---|
| 64 | Adverse Inference From Spoliation | *Glover v. BIC Corp.*, 6 F.3d 1318, 1329, 1330 (9th Cir. 1993); *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991); *Advantacare Health Partners v. Access IV*, 2004 WL 1837997, *6 (N.D. Cal. 2004); *Byrnie v. Town of Cromwell, Bd. Of Educ.*, 243 F.3d 93, 109 (2d Cir. 2001); *Housing Rights Center v. Sterling*, 2005 WL 3320739, *3 (C.D. Cal. 2005); *Rogers v. T.J. Samson Community Hosp.*, 276 F.3d 228, 234 (6th Cir. 2002); *One Beacon Ins. Co. v. Broadcast Development Group, Inc.*, 2005 WL 2077499, *5 (6th Cir. 2005) | 64 |
| 65 | Punitive Damages – Individual And Entity Defendants – Trial Not Bifurcated | Jud. Council of Cal. Civ. Jury Instr. 3947 | 67 |
| EXHIBIT B – DEFENDANTS' ADDITIONAL PROPOSED INSTRUCTIONS | | | |
| 66 | Established Fact | 9th Cir. 2.3 (modified) | 71 |
| 67 | Misappropriation Of Trade Secrets – Essential Elements | Fed. Jury Pract. & Instr. § 127.10 (modified) | 73 |
| 68 | Trade Secret – Defined | Fed. Jury Pract. & Instr. § 127.11 (modified) | 75 |
| 69 | Reasonable Efforts To Protect Secrecy | Jud. Council of Cal. Civ. Jury Instr. 4404 (modified) | 77 |
| 70 | Misappropriation | Fed. Jury Pract. & Instr. § 127.13 (modified) | 79 |

4

| Number | Title | Source | Page |
|---|---|---|---|
| 71 | False Advertising – Essential Elements | *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997) | 80 |
| 72 | False Advertising – Element 1:  (False Statement Of Fact) | *In re Century 21-Re/Max Real Estate Advertising Claims Litigation*, 882 F. Supp. 915,  923 (C.D. Cal. 1994) | 81 |
| 73 | False Advertising – Element 1: (Commercial Advertising/Promotions) | *Coastal Abstract Service, Inc. v. First American Title Ins. Co.*, 173 F.3d 725, 734 (9th Cir. 1999); *Gonzalez v. Allstate Ins. Co.*, No. CV 04-1548 FMC (PJWx), 2005 WL 5891935, * 8 (C.D. Cal. Aug. 2, 2005) | 82 |
| 74 | False Advertising – Element 2: (Actual Customer Deception) | *William H. Morris Co. v. Group W, Inc.*, 66 F.3d 255, 258 (9th Cir. 1995) | 83 |
| 75 | False Advertising – Element 3: (Materiality) | *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997) | 84 |
| 76 | False Advertising – Element 4: (Interstate Commerce) | *Health Net v. U.S.A. Healthnet, Inc.*, No. CV 92-3925 KN, 1993 WL 209558, *3 (C.D.Cal. May 12, 1993) | 85 |
| 77 | False Advertising – Element 5: (Actual Injury) | *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 210 (9th Cir. 1989) | 86 |
| 78 | Subsequent Remedial Measures | Fed. R. Evid. 407 | 87 |

| Number | Title | Source | Page |
|---|---|---|---|
| 79 | No Misappropriation – Pre 11/04 | Court's July 27, 2009 Order Granting in Part and Denying in Part Defendants' Motions for Partial Summary Judgment on Copyright and Non-Copyright Claims, p. 39 n.25 | 88 |
| 80 | Proof Of Causation | *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) | 89 |
| 81 | Complete Affirmative Defense | 9th Cir. 5.3 | 90 |
| 82 | Affirmative Defense:  Failure To Mitigate Damages | 9th Cir. 5.3 | 91 |
| 83 | Affirmative Defense: Information Was Readily Ascertainable By Proper Means | Jud. Council of Cal. Civ. Jury Instr. 4420. | 92 |
| 84 | No Duplication Of Damages | *Berry v. Oswalt*, 143 F.3d 1127, 1130 (8th Cir. 1998) | 93 |
| 85 | False Advertising – Damages | *In re Century 21-Re/Max Real Estate Advertising Claims Litigation*, 882 F. Supp. 915, 923 (C.D. Cal. 1994); *Contessa Food Products, Inc. v. Lockpur Fish Processing Co.*, Nos. CV 98-8218 NM (SHx), 99-4783 NM (SHx), 2003 WL 25778704, *5 (C.D. Cal. 2003); 9th Cir. 5.1 (modified) | 94 |

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 86 | Misappropriation – Compensatory Damages | Fed. Jury Pract. & Instr. § 127.14 (modified) | 95 |

# EXHIBIT A – PLAINTIFF'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instruction No. 30**

**<u>STIPULATIONS OF FACT</u>**

   The parties have agreed to certain facts that will be read to you.  You should therefore treat these facts as having been proved.

   Source: Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 2.2.

**<u>Wyatt's Statement in Support</u>**

**<u>Defendants' Statement in Opposition</u>**

   The parties have not stipulated to any facts.  Consequently, Wyatt's proposed jury instruction is premature.

   In the event that the parties stipulate to certain facts, defendants do not oppose this instruction with respect to such facts.

**Instruction No. 31**

**JUDICIAL NOTICE**

The court has decided to accept as proved the fact that [*state fact*], even though no evidence has been introduced on the subject.  You must accept this fact as true.

Source: Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 2.3.

**Wyatt's Statement in Support**

**Defendants' Statement in Opposition**

Wyatt fails to identify any facts that are properly subject to judicial notice, let alone relevant ones.  Consequently, Wyatt's proposed jury instruction is premature.

In the event that either party identifies relevant facts that are properly subject to judicial notice, defendants do not oppose this instruction with respect to such facts.

3

## Instruction No. 32

## <u>DEPOSITION IN LIEU OF LIVE TESTIMONY</u>

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of [*witness*] was taken on [*date*]. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

Source: Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 2.4.

## <u>Wyatt's Statement in Support</u>

## <u>Defendants' Statement in Opposition</u>

Wyatt fails to identify any relevant deposition testimony of a witness who is not available to testify in person at trial.

Insofar as Wyatt claims that it intends to submit the deposition testimony of Andy Prior, defendants object and move to exclude such testimony on the grounds that his testimony is irrelevant and/or unfairly prejudicial pursuant to Federal Rules of Evidence 402 and 403.

**Instruction No. 33**

**<u>TRANSCRIPT OF TAPE RECORDING</u>**

You [are about to listen] [have listened] to a tape recording that has been received in evidence. [Please listen to it very carefully.] Each of you [has been] [was] given a transcript of the recording to help you identify speakers and as a guide to help you listen to the tape. However, bear in mind that the tape recording is the evidence, not the transcript. If you [hear] [heard] something different from what [appears] [appeared] in the transcript, what you heard is controlling. After the tape has been played, the transcript will be taken from you.

Source: Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 2.5.

**<u>Wyatt's Statement in Support</u>**

**<u>Defendants' Statement in Opposition</u>**

Wyatt fails to identify any tape recording that it intends to submit at trial (and, indeed, never produced any tape recording during discovery).  As such, Wyatt's proposed jury instruction is unnecessary and should be rejected.

1
2

**Instruction No. 34**

**<u>IMPEACHMENT EVIDENCE -- WITNESS</u>**

3      The evidence that a witness [e.g., has been convicted of a crime, lied

4 under oath on a prior occasion, etc.] may be considered, along with all other evidence,

5 in deciding whether or not to believe the witness and how much weight to give to the

6 testimony of the witness and for no other purpose.

7      Source: Manual of Model Civil Jury Instructions – Ninth Circuit (2007

8 ed.) 2.8.

9      **<u>Wyatt's Statement in Support</u>**

10

11      **<u>Defendants' Statement in Opposition</u>**

12      In a related lawsuit that Wyatt filed against Viscotek Corporation, the

13 Honorable Dickran Tevrizian concluded that Wyatt had violated both federal and state

14 criminal laws, including the Computer Fraud and Abuse Act (18 U.S.C. § 1030), the

15 Stored Communications Act (18 U.S.C. § 2701 *et seq.*), and the California Computer

16 Data Access and Fraud Act (Cal. Penal Code § 502 *et seq.*), by illegally intercepting

17 the personal e-mails of a former Protein Solutions employee. The Ninth Circuit upheld

18 these findings on appeal.

19      Although Wyatt now concedes in its proposed jury instruction that the

20 conviction of such crimes may be considered when evaluating credibility, Wyatt filed

21 a meritless motion in limine to exclude evidence of Wyatt's criminal history. *See*

22 Wyatt's Motion in Limine No. 2. Insofar as the Court denies Wyatt's Motion in

23 Limine No. 2 (as it should), defendants do not object to this proposed jury instruction.

24 However, because Wyatt fails to identify any other crimes or improper conduct by

25 any other party or witness, absent the introduction of evidence concerning Wyatt's

26 prior criminal history, Wyatt's proposed jury instruction is unnecessary and should be

27 rejected.

28

6

**Instruction No. 35**

**ADDITIONAL INSTRUCTIONS OF LAW**

At this point I will give you a further instruction. By giving a further instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this was read separately to you. You shall consider this instruction together with all of the other instructions that were given to you.

[*Insert text of new instruction.*]

You will now retire to the jury room and continue your deliberations.

Source: Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 3.4. (modified)

**Wyatt's Statement in Support**

**Defendants' Statement in Opposition**

Wyatt's proposed jury instruction is vague, because it fails to identify the other instruction(s) that it references.  Consequently, it should be rejected.

**Instruction No. 36**

**AGENT AND PRINCIPAL – DEFINITION**

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal. [One may be an agent without receiving compensation for services.] [The agency agreement may be oral or written.]

Source: Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 4.4.

**Wyatt's Statement in Support**


**Defendants' Statement in Opposition**

Wyatt's proposed jury instruction is duplicative and unnecessary in light of agreed-upon jury instructions nos. 21 and 22. Inundating jurors with yet another instruction respecting this issue is more likely to confuse than edify the jury. As such, this proposed jury instruction should be rejected.

8

**Instruction No. 37**

**ACT OF AGENT IS ACT OF PRINCIPAL – SCOPE OF AUTHORITY NOT IN ISSUE**

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

Source: Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 4.6.

**Wyatt's Statement in Support**

**Defendants' Statement in Opposition**

Wyatt's proposed jury instruction is also duplicative and unnecessary in light of agreed-upon jury instructions nos. 21 and 22. Inundating jurors with yet another instruction respecting this issue is more likely to confuse than edify them. As such, this proposed jury instruction should be rejected as well.

**Instruction No. 38**

**<u>MEASURES OF TYPES OF DAMAGES</u>**

In determining the measure of damages, you should consider:

[The nature and extent of the injuries;]

[The [disability] [disfigurement] [loss of enjoyment of life] experienced [and which with reasonable probability will be experienced in the future];]

[The [mental,] [physical,] [emotional] pain and suffering experienced [and which with reasonable probability will be experienced in the future];]

[The reasonable value of necessary medical care, treatment, and services received to the present time;]

[The reasonable value of necessary medical care, treatment, and services which with reasonable probability will be required in the future;]

[The reasonable value of [wages] [earnings] [earning capacity] [salaries] [employment] [business opportunities] [employment opportunities] lost to the present time;]

[The reasonable value of [wages] [earnings] [earning capacity] [salaries] [employment] [business opportunities] [employment opportunities] which with reasonable probability will be lost in the future;]

[The reasonable value of necessary [household help] [services other than medical] [and] [expenses] [_____] required to the present time;]

10

[The reasonable value of necessary [household help] [services other than medical] [and] [expenses] [_____] which with reasonable probability will be required in the future;]

[The reasonable value of necessary repairs to any property which was damaged;]

[The difference between the fair market value of any damaged property immediately before the occurrence and its fair market value immediately thereafter;] [and]

[The reasonable value of necessary repairs to any property which was damaged plus the difference between the fair market value of the property immediately before the occurrence and its fair market value after it is repaired.]

[The lesser of the following:

1. the reasonable cost of necessary repairs to any property which was damaged plus the difference between the fair market value of the property immediately before the occurrence and its fair market value after it is repaired; or

2. the difference between the fair market value of the property immediately before the occurrence and the fair market value of the unrepaired property immediately after the occurrence.]

[Such sum as will reasonably compensate for any loss of use of any damaged property during the time reasonably required for its [repair] [replacement].]

11

1    Source: Manual of Model Civil Jury Instructions – Ninth Circuit (2007

2    ed.) 5.2.

3    **Wyatt's Statement in Support**

4

5    **Defendants' Statement in Opposition**

6    Wyatt's proposed jury instruction is likely to confuse the jury and should

7    be rejected because it references damages that are plainly not at issue in this action.

8    For example, the proposed instruction reference damages for "disfigurement," "loss of

9    enjoyment of life," "reasonable value of necessary medical care," and various other

10   types of damages that are irrelevant to these proceedings.

11   The Court should instead accept defendants' proposed jury instructions

12   nos. 85 and 86, which are instructions regarding damages that are specifically tailored

13   to the claims at issue in this action.

**Instruction No. 39**

**DAMAGES ARISING IN THE FUTURE – DISCOUNT TO PRESENT CASH VALUE**

Any award for future economic damages must be for the present cash value of those damages.

Noneconomic damages are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. You should also consider decreases in the value of money which may be caused by Future inflation.

Source: Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 5.4.

**Wyatt's Statement in Support**


**Defendants' Statement in Opposition**

Wyatt's proposed jury instruction is improper because Wyatt is not entitled to any "future economic damages" with respect to its claims.  *See* Defendants' Motion in Limine Nos. 1 and 3.  Accordingly, this instruction is both irrelevant and likely to confuse the jury.

**Instruction No. 40**

## PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by clear and convincing evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct , including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

14

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

[Punitive damages may not be awarded against _____.] [You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants.] [Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.]

Source: Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 5.5.

**<u>Wyatt's Statement in Support</u>**

**<u>Defendants' Statement in Opposition</u>**

Wyatt's proposed jury instruction regarding punitive damages is duplicative and unnecessary in light of the parties' agreed-upon jury instruction no. 26.  Consequently, this proposed jury instruction should be rejected.

1

**Instruction No. 41**

2

**OBLIGATION TO PROVE – MORE LIKELY TRUE THAN NOT TRUE**

3        A party must persuade you, by the evidence presented in court, that what

4  he or she is required to prove is more likely to be true than not true.  This is referred to

5  as "the burden of proof."

6        After weighing all of the evidence, if you cannot decide that something is

7  more likely true than not true, you must conclude that the party did not prove it. You

8  should consider all the evidence, no matter which party produced the evidence.

9        In criminal trials, the prosecution must prove that the defendant is guilty

10  beyond a reasonable doubt. But in civil trials, such as this one, the party who is

11  required to prove something need prove only that it is more likely to be true than not

12  true.

13        Source: Judicial Council of California Civil Jury Instructions (2009 ed.)

14  200.

15        **Wyatt's Statement in Support**

16

17        **Defendants' Statement in Opposition**

18        Wyatt's proposed jury instruction is duplicative and unnecessary in light

19  of the parties' agreed-upon jury instruction no. 3.  Furthermore, Wyatt improperly

20  references the Judicial Council of California Civil Jury Instructions, when the Court's

21  rules indicate that the parties should use the Ninth Circuit's Manual of Model Civil

22  Jury Instructions as a reference.  As a result, this proposed jury instruction should be

23  rejected.

24

25

26

27

28

16

**Instruction No. 42**

**MORE LIKELY TRUE – CLEAR AND CONVINCING PROOF**

Certain facts must be proved by clear and convincing evidence, which is a higher burden of proof. This means the party must persuade you that it is highly probable that the fact is true. I will tell you specifically which facts must be proved by clear and convincing evidence.

Source: Judicial Council of California Civil Jury Instructions (2009 ed.) 201.

**Wyatt's Statement in Support**


**Defendants' Statement in Opposition**

Wyatt's proposed jury instruction is duplicative and unnecessary in light of the parties' agreed-upon jury instruction no. 4.  Furthermore, Wyatt improperly references the Judicial Council of California Civil Jury Instructions, when the Court's rules indicate that the parties should use the Ninth Circuit's Manual of Model Civil Jury Instructions as a reference.  As a result, this proposed jury instruction should be rejected.

## Instruction No. 43
## **DIRECT AND INDIRECT EVIDENCE**

Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence. It can be someone's opinion.

Some evidence proves a fact directly, such as testimony of a witness who saw a jet plane flying across the sky. Some evidence proves a fact indirectly, such as testimony of a witness who saw only the white trail that jet planes often leave. This indirect evidence is sometimes referred to as "circumstantial evidence." In either instance, the witness' testimony is evidence that a jet plane flew across the sky.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Whether it is direct or indirect, you should give every piece of evidence whatever weight you think it deserves.

Source: Judicial Council of California Civil Jury Instructions (2009 ed.) 202.

**Wyatt's Statement in Support**


**Defendants' Statement in Opposition**

Wyatt's proposed jury instruction is duplicative and unnecessary in light of the parties' agreed-upon jury instruction no. 9. Furthermore, Wyatt improperly references the Judicial Council of California Civil Jury Instructions, when the Court's rules indicate that the parties should use the Ninth Circuit's Manual of Model Civil Jury Instructions as a reference. As a result, this proposed jury instruction should be rejected.

1

**Instruction No. 44**

2

<u>**PARTY HAVING POWER TO PRODUCE BETTER EVIDENCE**</u>

3          You may consider the ability of each party to provide evidence. If a party

4   provided weaker evidence when it could have provided stronger evidence, you may

5   distrust the weaker evidence.

6          Source: Judicial Council of California Civil Jury Instructions (2009 ed.)

7   203.

8          <u>**Wyatt's Statement in Support**</u>

9          <u>Authority</u>:  *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993)

10  ("[A] trial court also has the broad discretionary power to permit a jury to draw an

11  adverse inference from the destruction or spoliation against the part or witness

12  responsible for that behavior."); *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir.

13  1991) ("Generally, a trier of fact may draw an adverse inference from the destruction

14  of evidence relevant to a case."); *Advantacare Health Partners v. Access IV*, 2004 WL

15  1837997, *6 (N.D. Cal. 2004) ("In the Ninth Circuit, spoliation of evidence raises a

16  presumption that the destroyed evidence goes to the merits of the case, and further,

17  that such evidence was adverse to the party that destroyed it.") (citations omitted).

18  Importantly, "a finding of 'bad faith' is *not* a prerequisite to this corrective procedure.

19  *See, e.g. Glover*, 6 F.3d at 1330; *see Byrnie v. Town of Cromwell, Bd. Of Educ.*, 243

20  F.3d 93, 109 (2d Cir. 2001) (culpable state of mind for an imposition of an adverse

21  inference includes negligence).  A litigant has a freestanding duty "to preserve what it

22  knows, or reasonably should know, is relevant in the action, is reasonably calculated

23  to lead to the discovery of admissible evidence, is reasonably likely to be requested

24  during discovery and/or is the subject of a pending discovery request."  *Housing*

25  *Rights Center v. Sterling*, 2005 WL 3320739, *3 (C.D. Cal. 2005).

26          An adverse inference jury instruction should be given where "[s]ufficient

27  evidence exists to permit a jury to determine the factual predicate" underlying a claim

28  of spoliation.  *Rogers v. T.J. Samson Community Hosp.*, 276 F.3d 228, 234 (6th Cir.

1   2002).  "When a genuine question exists as to whether a party's loss or destruction of

2   evidence was negligent (or worse), it is appropriate to defer that question to the jury,

3   by instructing jurors that if they find that the spoliation of evidence was at least

4   negligent, they may infer that the missing evidence would favor the non-spoliating

5   party."  *One Beacon Ins. Co. v. Broadcast Development Group, Inc.*, 2005 WL

6   2077499, *5 (6th Cir. 2005).

7                    **<u>Defendants' Statement in Opposition</u>**

8                    Wyatt's proposed jury instruction should be rejected, because it relies on

9   a state law jury instruction that references state (as opposed to federal) procedural

10  and/or evidentiary law.  Wyatt has not cited any parallel proposition under federal

11  procedural or evidentiary law.  To the extent this instruction is intended to relate to

12  alleged destruction of evidence, Wyatt's proposed jury instruction is improper.  As

13  explained in defendants' Motion in Limine No. 8, there is no basis for Wyatt to make

14  any accusations that defendants spoliated evidence.  Moreover, in the event that Wyatt

15  wanted to seek evidentiary sanctions against defendants for the spoliation of evidence

16  (which it could not plausibly have done), Wyatt should have filed an appropriate

17  motion in limine as defendants did so that such issues could have been fully briefed

18  and fairly determined by the Court.  *See*, *e.g.*, Defendants' Motion in Limine No. 3

19  (seeking to exclude evidence of alleged damages due to, among other things, Wyatt's

20  failure to adequate disclose such claims in Wyatt's Rule 26(a) disclosures);

21  Defendants' Motion in Limine No. 5 (seeking to exclude evidence based upon, among

22  other things, Wyatt's failure to produce a proper witness pursuant to Rule 30(b)(6));

23  and Motion in Limine No. 11 (seeking to exclude evidence in light of Wyatt's failure

24  to comply with discovery orders).  It has not done so.

25

26

27

28

                                                    20

**Instruction No. 45**

**WILLFUL SUPPRESSION OF EVIDENCE**

You may consider whether one party intentionally concealed or destroyed evidence.  If you decide that a party did so, you may decide that the evidence would have been unfavorable to the party.

Source: Judicial Council of California Civil Jury Instructions (2009 ed.) 204.

**Wyatt's Statement in Support**

Authority:  *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993) ("[A] trial court also has the broad discretionary power to permit a jury to draw an adverse inference from the destruction or spoliation against the part or witness responsible for that behavior."); *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991) ("Generally, a trier of fact may draw an adverse inference from the destruction of evidence relevant to a case."); *Advantacare Health Partners v. Access IV*, 2004 WL 1837997, *6 (N.D. Cal. 2004) ("In the Ninth Circuit, spoliation of evidence raises a presumption that the destroyed evidence goes to the merits of the case, and further, that such evidence was adverse to the party that destroyed it.") (citations omitted). Importantly, "a finding of 'bad faith' is *not* a prerequisite to this corrective procedure. *See, e.g. Glover*, 6 F.3d at 1330; *see Byrnie v. Town of Cromwell, Bd. Of Educ.*, 243 F.3d 93, 109 (2d Cir. 2001) (culpable state of mind for an imposition of an adverse inference includes negligence).  A litigant has a freestanding duty "to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request."  *Housing Rights Center v. Sterling*, 2005 WL 3320739, *3 (C.D. Cal. 2005).

An adverse inference jury instruction should be given where "[s]ufficient evidence exists to permit a jury to determine the factual predicate" underlying a claim of spoliation.  *Rogers v. T.J. Samson Community Hosp.*, 276 F.3d 228, 234 (6th Cir.

2002).  "When a genuine question exists as to whether a party's loss or destruction of evidence was negligent (or worse), it is appropriate to defer that question to the jury, by instructing jurors that if they find that the spoliation of evidence was at least negligent, they may infer that the missing evidence would favor the non-spoliating party."  *One Beacon Ins. Co. v. Broadcast Development Group, Inc.*, 2005 WL 2077499, *5 (6th Cir. 2005).

## **Defendants' Statement in Opposition**

Wyatt's proposed jury instruction is improper.  As explained in defendants' Motion in Limine No. 8, there is no basis for Wyatt to make any accusations that defendants spoliated evidence.  Moreover, in the event that Wyatt wanted to seek evidentiary sanctions against defendants for the spoliation of evidence (which it could not plausibly have done), Wyatt should have filed an appropriate motion in limine as defendants did so that such issues could have been fully briefed and fairly determined by the Court.  *See*, *e.g.*, Defendants' Motion in Limine No. 3 (seeking to exclude evidence of alleged damages due to, among other things, Wyatt's failure to adequate disclose such claims in Wyatt's Rule 26(a) disclosures); Defendants' Motion in Limine No. 5 (seeking to exclude evidence based upon, among other things, Wyatt's failure to produce a proper witness pursuant to Rule 30(b)(6)); and Motion in Limine No. 11 (seeking to exclude evidence in light of Wyatt's failure to comply with discovery orders).  It has not done so.

1

### Instruction No. 46

2

### <u>FAILURE TO EXPLAIN OR DENY EVIDENCE</u>

3        You may consider whether a party failed to explain or deny some

4    unfavorable evidence.  Failure to explain or to deny unfavorable evidence may

5    suggest that the evidence is true.

6        Source: Judicial Council of California Civil Jury Instructions (2009 ed.)

7    205.

8        <u>**Wyatt's Statement in Support**</u>

9        <u>Authority</u>:  *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993)

10   ("[A] trial court also has the broad discretionary power to permit a jury to draw an

11   adverse inference from the destruction or spoliation against the part or witness

12   responsible for that behavior."); *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir.

13   1991) ("Generally, a trier of fact may draw an adverse inference from the destruction

14   of evidence relevant to a case."); *Advantacare Health Partners v. Access IV*, 2004 WL

15   1837997, *6 (N.D. Cal. 2004) ("In the Ninth Circuit, spoliation of evidence raises a

16   presumption that the destroyed evidence goes to the merits of the case, and further,

17   that such evidence was adverse to the party that destroyed it.") (citations omitted).

18   Importantly, "a finding of 'bad faith' is *not* a prerequisite to this corrective procedure.

19   *See, e.g. Glover*, 6 F.3d at 1330; *see Byrnie v. Town of Cromwell, Bd. Of Educ.*, 243

20   F.3d 93, 109 (2d Cir. 2001) (culpable state of mind for an imposition of an adverse

21   inference includes negligence).  A litigant has a freestanding duty "to preserve what it

22   knows, or reasonably should know, is relevant in the action, is reasonably calculated

23   to lead to the discovery of admissible evidence, is reasonably likely to be requested

24   during discovery and/or is the subject of a pending discovery request."  *Housing*

25   *Rights Center v. Sterling*, 2005 WL 3320739, *3 (C.D. Cal. 2005).

26        An adverse inference jury instruction should be given where "[s]ufficient

27   evidence exists to permit a jury to determine the factual predicate" underlying a claim

28   of spoliation.  *Rogers v. T.J. Samson Community Hosp.*, 276 F.3d 228, 234 (6th Cir.

1   2002).  "When a genuine question exists as to whether a party's loss or destruction of

2   evidence was negligent (or worse), it is appropriate to defer that question to the jury,

3   by instructing jurors that if they find that the spoliation of evidence was at least

4   negligent, they may infer that the missing evidence would favor the non-spoliating

5   party."  *One Beacon Ins. Co. v. Broadcast Development Group, Inc.*, 2005 WL

6   2077499, *5 (6th Cir. 2005).

7   ### **Defendants' Statement in Opposition**

8           Wyatt's proposed jury instruction should be rejected, because it relies on

9   a state law jury instruction that references state (as opposed to federal) procedural

10  and/or evidentiary law.  Wyatt has not cited any parallel proposition under federal

11  procedural or evidentiary law.  To the extent this instruction is intended to relate to

12  alleged destruction of evidence, Wyatt's proposed jury instruction is improper.  As

13  explained in defendants' Motion in Limine No. 8, there is no basis for Wyatt to make

14  any accusations that defendants spoliated evidence.  Moreover, in the event that Wyatt

15  wanted to seek evidentiary sanctions against defendants for the spoliation of evidence

16  (which it could not plausibly have done), Wyatt should have filed an appropriate

17  motion in limine as defendants did so that such issues could have been fully briefed

18  and fairly determined by the Court.  *See*, *e.g.*, Defendants' Motion in Limine No. 3

19  (seeking to exclude evidence of alleged damages due to, among other things, Wyatt's

20  failure to adequate disclose such claims in Wyatt's Rule 26(a) disclosures);

21  Defendants' Motion in Limine No. 5 (seeking to exclude evidence based upon, among

22  other things, Wyatt's failure to produce a proper witness pursuant to Rule 30(b)(6));

23  and Motion in Limine No. 11 (seeking to exclude evidence in light of Wyatt's failure

24  to comply with discovery orders).  It has not done so.

25

26

27

28

24

**Instruction No. 47**

**STATEMENTS OF A PARTY OPPONENT**

A party may offer into evidence any oral or written statement made by an opposing party outside the courtroom.

When you evaluate evidence of such a statement, you must consider these questions:

1.   Do you believe that the party actually made the statement? If you do not believe that the party made the statement, you may not consider the statement at all.

2.   If you believe that the statement was made, do you believe it was reported accurately?

You should view testimony about an oral statement made by a party outside the courtroom with caution.

Source: Judicial Council of California Civil Jury Instructions (2009 ed.) 212.

**Wyatt's Statement in Support**


**Defendants' Statement in Opposition**

This proposed jury instruction should be rejected, because it relies on a state law jury instruction that references state (as opposed to federal) procedural and/or evidentiary law, and there is no parallel in the Court's approved jury instruction sources.  Moreover, as explained in defendants' Motion in Limine No. 10, Wyatt apparently intends to introduce a declaration submitted by third-party Tim Smithson in a *separate* lawsuit brought by Wyatt against Mr. Smithson and another competitor. The declaration constitutes hearsay that is not subject to any exception, including because Smithson, who is not a party to this litigation, is not (and never has been) an authorized representative of any party in this matter.

25

1

**Instruction No. 48**

2

**ADOPTIVE ADMISSIONS**

3

You have heard evidence that _____ [*insert name of declarant*] made

4

the following statement: _____ [*insert description of statement*]. You may

5

consider that statement as evidence against _____ [*insert name of party against*

6

*whom statement was offered*] only if you find that both of the following conditions are

7

true:

8

1.      That _____ [*insert name of party against whom statement was*

9

*offered*] was aware of and understood the statement; and

10

2.      That _____ [*insert name of party against whom statement was*

11

*offered*], by words or conduct, either

12

(a) expressed its belief that the statement was true; or

13

(b) implied that the statement was true.

14

If you do not decide that these conditions are true, you must not consider

15

the statement at all.

16

Source: Judicial Council of California Civil Jury Instructions (2009 ed.)

17

213.

18

**Wyatt's Statement in Support**

19

20

**Defendants' Statement in Opposition**

21

This proposed jury instruction should be rejected, because it relies on a

22

state law jury instruction that references state (as opposed to federal) procedural

23

and/or evidentiary law, and there is no parallel in the Court's approved jury instruction

24

sources.  Moreover, as explained in defendants' Motion in Limine No. 10, Wyatt

25

apparently intends to introduce a declaration submitted by third-party Tim Smithson

26

in a *separate* lawsuit brought by Wyatt against Mr. Smithson and another competitor.

27

The declaration constitutes hearsay that is not subject to any exception, including

28

because Smithson, who is not a party to this litigation, is not (and never has been) an

26

authorized representative of any party in this matter.  In any event, plaintiff has failed to identify the purported "adoptive admissions" that would be the subject of this instruction, rendering the instruction premature at best.

**Instruction No. 49**

**TRADE SECRETS - MISAPPROPRIATION OF TRADE SECRETS –**
**INTRODUCTION**

Wyatt claims that it is the owner of proprietary information relating to the research, design, production, marketing, sales and distribution of DLS measurement systems.

Wyatt claims that this information is a trade secret and that defendants Malvern and Dolak "misappropriated" them.  "Misappropriation" means the improper use of the trade secrets.

Wyatt also claims that defendants Malvern and Dolak's misappropriation caused it harm and Defendant Malvern and Dolak to be unjustly enriched.

Defendants Malvern and Dolak deny that they used any trade secrets.

Defendants Malvern and Dolak also claim  [insert affirmative defenses]

Source: Judicial Council of California Civil Jury Instructions (2009 ed.) 4400.

**Wyatt's Statement in Support**

4400. Misappropriationof Trade Secrets - Introduction, December 2007.

CACI No. 4401 – Misappropriation of Trade Secrets – Essential Factual Elements;

Sources and Authority: Civil Code § 3426.1;

Secondary Sources:

13 Witkin, Summary of California Law (10th ed. 2005) Equity, § 81;

1 Milgrim on Trade Secrets, Ch. 1, *Definitional Aspects,* § 1.01 (Matthew Bender;

3 Levy et al., California Torts, Ch. 40, *Fraud and Deceit and Other Business Torts,* § 40.40 et seq. (Matthew Bender);

49 California Forms of Pleading and Practice, Ch. 565, *Unfair Competition,* § 565.103 (Matthew Bender(;

28

1        1 Zamore, Business Torts, Ch. 17, *Trade Secrets*, § 17.05 et seq.

2   (Matthew Bender);

3        Edelson & Kay, eds., Trade Secret Litigation and Protectionin California

4   (State Bar of California 2005) Chs. 1, 2, 6, 12.

5                       **<u>Defendants' Statement in Opposition</u>**

6        Wyatt's proposed jury instruction (which is based upon the Judicial

7   Council of California Civil Jury Instructions, a source not identified in the Court's

8   Standing Order) should be rejected in favor of the parties' agreed-upon jury

9   instruction no. 2, and defendants' proposed jury instruction no. 67, which is based

10  upon O'Malley-Grenig-Lee, et al., Federal Jury Practice and Instructions (Fifth

11  Edition) – the Court's preferred resource.

**Instruction No. 50**

**TRADE SECRETS – MISAPPROPRIATION OF TRADE SECRETS –**
**ESSENTIAL FACTUAL ELEMENTS**

Wyatt claims that defendants Malvern and Dolak have misappropriated  trade secrets.  To succeed on this claim, Wyatt must prove all of the following:

1.    That Wyatt owned the following re Proterion:

a)    The customer data base;

b)    Confidential information relating to the finances of Proterion;

c)    Confidential information relating to research development, manufacturing, suppliers, and distributors of Proterion;

d)    Confidential information relating to the technical processes of Proterion;

e)    Confidential information relating to the marketing and distribution agreements of  Proterion's products;

f)    Confidential information relating to types and volumes of products sold to Proterion's customers;

g)    Confidential information relating to Proterion's strategies and plans as to the pricing of goods sold to Proterion's customers;

h)    Confidential information relating to Proterion's entire marketing and production plans, including its short term and long term strategy;

i)    Confidential information relating to knowledge of customer preferences of changes in Proterion's products;

j)    Confidential information relating to Proterion's plans for new products and changes to existing products; and

k)    Confidential information relating to Acquired Assets set forth in Purchase Agreement at para. 1.1 (c)(d)(e)(f)(g) and (h).

30

2.      That this information was trade secret at the time of the misappropriation;

3.      That defendants Wyatt and Dolak improperly used and disclosed the trade secrets;

4.      That Wyatt was harmed and defendants Malvern and Dolak were unjustly enriched; and

5.      That defendants Malvern and Dolak's use was a substantial factor in causing Wyatt's harm and defendants  Malvern and Dolak to be unjustly enriched.

Source: Judicial Council of California Civil Jury Instructions (2009 ed.) 4401.

**Wyatt's Statement in Support**

4401 Misappropriation of Trade Secrets – Essential Factual  Elements, December 2007.

Read also CACI No. 4402, "Trade Secret" *Defined*, to give the jury guidance on element 2;

Sources and Authority:  Civil Code § 3426.1 provides:

"A trade secret is misappropriated if a person (1) acquires a trade secret knowing or having reason to know that the trade secret has been acquired by 'improper means,' (2) discloses or uses a trade secret the person has acquired by 'improper means' or in violation of a nondisclosure obligation, (3) discloses or uses a trade secret the person knew or should have known was derived from another who had acquired it by improper means or who had a  nondisclosure obligation or (4) discloses or uses a trade secret after learning that it is a trade secret but before a material change of position."  (*Ajaxo Inc. v. E*Trade Group Inc.* (2005) 135 Cal.App.4th 21, 66 [37 Cal.Rptr. 221].

1          Secondary Sources:

2                1 Milgrim on Trade Secrets, Ch. 1, *Definitional Aspects,* § 1.01 (Matthew

3    Bender;

4                1 Zamore, Business Torts, Ch. 17, *Trade Secrets*, § 17.05 et seq.

5    (Matthew Bender);

6                3 Levy et al., California Torts, Ch. 40, *Fraud and Deceit and Other*

7    *Business Torts,* § 40.40 et seq. (Matthew Bender);

8                49 California Forms of Pleading and Practice, Ch. 565, *Unfair*

9    *Competition,* § 565.103 (Matthew Bender);

10               Edelson & Kay, eds., Trade Secret Litigation and Protectionin California

11   (State Bar of California 2005) Chs. 1, 2, 6, 12.

12                    **Defendants' Statement in Opposition**

13               Wyatt's proposed jury instruction (which is based upon the Judicial

14   Council of California Civil Jury Instructions, a source not identified in the Court's

15   Standing Order) should be rejected in favor of defendants' proposed jury instruction

16   no. 67, which is based upon O'Malley-Grenig-Lee, et al., Federal Jury Practice and

17   Instructions (Fifth Edition) – the Court's preferred resource.  Moreover, defendants

18   note that Wyatt's proposed jury instruction references various forms of information

19   that the Court already determined could not support any trade secrets claim.  *See*,

20   Court's July 29, 2009 Order; Defendants' Motion in Limine No. 6.  Wyatt's proposed

21   jury instruction should be rejected for this additional reason.

22

23

24

25

26

27

28

**Instruction No. 51**

**TRADE SECRETS – "TRADE SECRET" DEFINED**

To prove that the information was a trade secret, Wyatt must prove all of the following:

      1.    That the information was secret;

      2.    That the information was actually or potentially valuable,  giving Wyatt a substantial business advantage over its competitors, because it was secret; and

      3.    That Wyatt made reasonable efforts to keep the information secret.

Source: Judicial Council of California Civil Jury Instructions (2009 ed.) 4402 (modified).

**Wyatt's Statement in Support**

4402 "Trade Secret" Defined, December 2007, revised April 2008.

Give also CACI No. 4403, *Secrecy Requirement,* if more explanation of element 1 is needed.  Give CACI No. 4412, "*Independent Economic Value" Explained,* if more explanation of element 2 is needed.  Give CACI No. 4404, *Reasonable Efforts to Protect Secrecy*, if more explanation of element 3 is needed.

"[T]he test for a trade secret is whether the matter sought tobe protected is information (1) that is valuable because it is unknown to others and (2) that the owner has attempted to keep secret. … [I]n order to qualify as a trade secret, the information 'must be secret, and must not be of public knowledge or of a general knowledge in the trade or business.'" (*DVD Copy Control Ass'n v. Bunner* (2004) 116 Cal.App. 4th 241, 251 [10 Cal.Rptr.3d 185], internal citations omitted.)

A customer list can be found to have economic value because its disclosure would allow a competitor to direct its sales efforts to those customers who have already shown a willingness to use a unique type of service or product as opposed to a list of people who only might be interest." (*Morlife, Inc. v. Perry* (1997) 56 Cal.App.4th 1514, 1522 [66 Cal.Rptr.2d 731], internal citations omitted.)

33

Secondary Sources:

13 Witkin, Summary of California Law (10th ed. 2005) Equity, § 81;

1 Milgrim on Trade Secrets, Ch. 1, *Definitional Aspects,* § 1.01 (Matthew Bender;

3 Levy et al., California Torts, Ch. 40, *Fraud and Deceit and Other Business Torts,* § 40.40 et seq. (Matthew Bender);

49 California Forms of Pleading and Practice, Ch. 565, *Unfair Competition,* § 565.103 (Matthew Bender);

Edelson & Kay, eds., Trade Secret Litigation and Protectionin California (State Bar of California 2005) Chs. 1, 2, 6, 12.

## **Defendants' Statement in Opposition**

Wyatt's proposed jury instruction (which is based upon the Judicial Council of California Civil Jury Instructions, a source not identified in the Court's Standing Order) should be rejected in favor of defendants' proposed jury instruction no. 68, which is based upon O'Malley-Grenig-Lee, et al., Federal Jury Practice and Instructions (Fifth Edition) – the Court's preferred resource.  Moreover, the proposed jury instruction is also incomplete.  Because Proterion assigned Wyatt the purported trade secrets at issue, Wyatt must also prove that Proterion made reasonable efforts to maintain the information's secrecy prior to its assignment to Wyatt.  Wyatt's proposed jury instruction should be rejected for this additional reason.

1

**Instruction No. 52**

2

**TRADE SECRETS – SECRECY REQUIREMENT**

3        The secrecy required to prove that something is a trade secret does not

4 have to be absolute in the sense that no one else in the world possesses the

5 information.  It may be disclosed to employees involved in Wyatt's use of the trade

6 secret as long as they are instructed to keep the information secret.  It may also be

7 disclosed to nonemployees if they are obligated to keep the information secret.

8 However, it must not have been generally known to the public or to people who could

9 obtain value from knowing it.

10        Source: Judicial Council of California Civil Jury Instructions (2009 ed.)

11 4403.

12        **Wyatt's Statement in Support**

13        4403.  Secrecy Requirement, December 2007.

14        CACI No. 4402, "Trade Secret" *Defined*, to give the jury additional

15 guidance on the secrecy requirement of element 1 of that instruction.

16        Sources and Authority:

17        "'[R]easonable efforts to maintain secrecy have been held to include

18 advising employees of the existence of a trade secret, limiting access to a trade secret

19 on 'need to know basis,' and controlling plant access.'"  (*Courtesy Temporary*

20 *Service, Inc. v. Camacho* (1990) 222 Cal.App.3d 1278, 1288 [272 Cal.Rptr. 352].)

21        Secondary Sources:

22        13 Witkin, Summary of California Law (10th ed. 2005) Equity, § 81;

23        1 Milgrim on Trade Secrets, Ch. 1, *Definitional Aspects,* § 1.01 (Matthew

24 Bender;

25        3 Levy et al., California Torts, Ch. 40, *Fraud and Deceit and Other*

26 *Business Torts,* § 40.40 et seq. (Matthew Bender);

27        49 California Forms of Pleading and Practice, Ch. 565, *Unfair*

28 *Competition,* § 565.103 (Matthew Bender);

35

1    Edelson & Kay, eds., Trade Secret Litigation and Protectionin California

2 (State Bar of California 2005) Chs. 1, 2, 6, 12.

3    **<u>Defendants' Statement in Opposition</u>**

4    Wyatt's proposed jury instruction should be rejected in favor of

5 defendants proposed jury instruction nos. 68 and 69, which more fully explain the

6 nature of this requirement and conforms its explanation to the facts of this case.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instruction No. 53**

**TRADE SECRETS – REASONABLE EFFORTS TO PROTECT SECRECY**

To establish that the DSL measurement systems information are trade secrets, Wyatt must prove that it made reasonable efforts under the circumstances to keep it secret.  "Reasonable efforts" are the efforts that would be made by a reasonable business in the same situation and having the same knowledge and resources as Wyatt, exercising due care to protect important information of the same kind.  This requirement applies separately to each item that Wyatt claims to be a trade secret.

In determining whether or not Wyatt made reasonable efforts to keep the information secret, you should consider all of the facts and circumstances.  Among the factors you may consider are the following:

a.	Whether documents or computer files containing the DSL measurement systems information were marked with confidentially warnings;

b.	Whether Wyatt instructed its employees to treat the information as confidential information;

c.	Whether Wyatt restricted access to the DSL measurement systems information to persons who had a business reason to know the information;

d.	Whether Wyatt kept the DSL measurement systems information in a restricted or secured area;

e.	Whether Wyatt required employees or others with access to the information to sign confidentiality or nondisclosure agreements;

f.	Whether Wyatt took any action to protect the specific DSL measurement systems information, or whether it relied on general measures taken to protect its business information or assets;

g.	The extent to which any general measures taken by Wyatt would prevent the unauthorized disclosure of the DSL measurement systems information;

37

h.      Whether there were other reasonable measures available to Wyatt that it did not take; and

Source: Judicial Council of California Civil Jury Instructions (2009 ed.) 4404.

**<u>Wyatt's Statement in Support</u>**

4404.   Reasonable Efforts to Protect Secrecy, December 2007.

CACI No. 4402, "*Trade Secret*" *Defined,* to guide the jury with regard to element 3 of that instruction, that the plaintiff made reasonable efforts to keep the information secret.  Ready only the factors supported by the evidence in the case.  Use factor I to present additional factors.

Sources and Authority:

"Reasonable efforts to maintain secrecy have been held to include advising employees of the existence of a trde secret, limiting access to a trade secret on 'need to know basis,' and controlling plant access.  … Requiring employees to sign confidentiality agreement is a reasonable step to ensure secrecy."  (*Whyte v. Schlage Lock Co.* (2002) 101 Cal.App.4[th] 1443, 1454 [125 Cal.Rptr.2d 277, internal citations omitted.);

Advising California Employers and Employees (Cont.Ed.Bar) Ch. 11, Reasonable Effort to Maintain Secrecy, § 11.6;

Trade Secrets Practice in California (Cont.Ed.Bar 2d ed.) §§ 4.9-4.10;

1 Milgrim on Trade Secrets, Ch. 1, *Definitional Aspects,* § 1.01 (Matthew Bender;

3 Levy et al., California Torts, Ch. 40, *Fraud and Deceit and Other Business Torts,* § 40.40 et seq. (Matthew Bender);

Edelson & Kay, eds., Trade Secret Litigation and Protectionin California (State Bar of California 2005) Chs. 1, 2, 6, 12.

38

1

## **<u>Defendants' Statement in Opposition</u>**

2        Wyatt's proposed jury instruction should be rejected in favor of

3   defendants proposed jury instruction no. 69, which more fully explains the nature of

4   this requirement and conforms its explanation to the facts of this case.  In addition,

5   Wyatt's proposed jury instruction is improper because it identifies only evidence that

6   Wyatt intends to present at trial, unfairly priming the jury to resolve this issue in

7   Wyatt's favor.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Instruction No. 54**

2

**TRADE SECRETS – MISAPPROPRIATION BY ACQUISITION**

3          Defendant Malvern misappropriated Wyatt's trade secrets by acquisition

4  if Defendant Malvern acquired the trade secrets and knew or had reason to know that

5  it used improper means to acquire them.

6          Source: Judicial Council of California Civil Jury Instructions (2009 ed.)

7  4405.

8          **Wyatt's Statement in Support**

9          4405.  Misappropriation by Acquisition, December 2007.

10          CACI 4401, *Misappropriationof Trade Secrets – Essential Factual*

11  *Elements*, if the plaintiff claims that the defendant's acquisition of the information

12  alleged to be a trade secret is a misappropriation.  Also, CACI No. 4408, *Improper*

13  *Means of Acquiring Trade Secret.*

14          Sources and Authority:  Civil Code § 3426.1(b)(1) provides:

15          "Defendants … obtained these secrets improperly.  Their tortuous acts

16  resulted from a breach of confidence by Van Den Berg in copying or stealing plans,

17  designs and other documents related to [plaintiff]'s products which defendants

18  themselves wanted to product in competition with [plaintiff].  The production which is

19  extended to trade secrets fundamentally rests upon the theory that they re improperluy

20  acquired by a defendant, usually through theft or a breach of confidence." (*Vacco*

21  *Indus. V. Van Den Berg* (1992) 5 Cal.App.4th 34, 50 [6 Cal.Rptr.2d 602].)

22          Secondary Sources:

23          3 Levy et al., California Torts, Ch. 40, *Fraud and Deceit and Other*

24  *Business Torts,* § 40.40 et seq. (Matthew Bender);

25          49 California Forms of Pleading and Practice, Ch. 565, *Unfair*

26  *Competition,* § 565.103 (Matthew Bender);

27          Edelson & Kay, eds., Trade Secret Litigation and Protectionin California

28  (State Bar of California 2005) Chs. 1, 2, 6, 12.

40

## Defendants' Statement in Opposition

Wyatt's proposed instruction should be rejected because it is irrelevant – Wyatt is not pursuing a claim of misappropriation by acquisition. *See* Plaintiff's Memorandum of Contentions of Fact and Law Pursuant to Local Rule 16-4, at 13. Wyatt's proposed instruction should also be rejected because it is confusing and might incorrectly suggest to the jury that mere possession of a purported trade secret alone, even without use, constitutes misappropriation. *See*, *e.g.*, agreed-upon jury instruction no. 24; *Central Valley Gen. Hosp. v. Smith*, 162 Cal. App. 4th 501, 528-29 (2008). That is an incorrect statement of the law. Finally, the instruction should also be rejected because it is based upon the Judicial Council of California Civil Jury Instructions, a source not identified in the Court's Standing Order.

**Instruction No. 55**

## <u>TRADE SECRETS – MISAPPROPRIATION BY DISCLOSURE</u>

Defendant Malvern misappropriated Wyatt's trade secrets by disclosure if Malvern:

    1.    Disclosed them without Wyatt's consent; and

    2.    Did any of the following:

        a.    Acquired knowledge of the trade secrets by improper means;

        b.    At the time of disclosure, knew or had reason to know that its knowledge of Wyatt's trade secrets came from or through [name of third party], and that [third party] had previously acquired the trade secrets by improper means;

        c.    At the time of disclosure, knew or had reason to know that its knowledge of Wyatt's trade secrets was acquired [insert circumstances giving rise to duty to maintain secrecy], which created a duty to keep the DSL measurement systems information secret;

        d.    At the time of disclosure, knew or had reason to know that its knowledge of Wyatt's trade secrets came from or through [name of third party], and that [third party] had a duty to Wyatt to keep the DSL measurement systems information secret; or

        e.    Before a material change of its position, knew or had reason to know that they were trade secrets and that knowledge of them had been acquired by accident or mistake.

Source: Judicial Council of California Civil Jury Instructions (2009 ed.) 4406.

## <u>Wyatt's Statement in Support</u>

4406.  Misappropriate by Disclosure, December 2007.

42

CACI No. 4401 *Misappropriationof Trade Secrets – Essential Factual Elements*, if the plaintiff claims that the defendant's acquisition of the information alleged to be a trade secret is a misappropriation

Sources and Authority:  Civil Code § 3426.1(b)(2) provides:

"Under the UTSA, simple disclosure or usemay suffice to create liability. It is no longer necessary, if it ever was, to prove that the purpose to which the acquired information is put is outweighed by the interests of the trade secret holder or that use of a trade secret cannot be prohibited if it is infeasible to do so." (*Morlife, Inc. v. Perry* (1997) 56 Cal.App.4[th] 1514, 1527 [66 Cal.Rptr.2d 731].)

"Nothing in the UTSA requires that the defendant gain any advantage from the disclosure; it is sufficient to show 'use' by disclosure of a trae secret with actual or constructive knowledge that the secret was acquired under circumstances giving rise to a duty to maintain its secrecy." (*Religious Tech. Ctr., supra*, 923 F.Supp. at p. 1257, fn. 31.)

"When a competitor hires a former employee of plaintiff who is likely to disclose trade secrets, '[i]t is a question of fact whether the competitor had constructive notice of the plaintiff's right I the secret.'" (*Ralph Andrews Productions, Inc. v. Paramount Pictures Corp.* (1990) 222 Cl.App.3d 676, 682-683 [271 Cal.Rptr. 797[ internal citation omitted.)

Secondary Sources:

3 Levy et al., California Torts, Ch. 40, *Fraud and Deceit and Other Business Torts,* § 40.40 et seq. (Matthew Bender);

49 California Forms of Pleading and Practice, Ch. 565, *Unfair Competition,* § 565.103 (Matthew Bender);

Edelson & Kay, eds., Trade Secret Litigation and Protectionin California (State Bar of California 2005) Chs. 1, 2, 6, 12.

43

## Defendants' Statement in Opposition

Wyatt's proposed instruction is irrelevant because Wyatt has failed to identify any instance where the defendants "misappropriated" Wyatt's purported trade secrets through "disclosure."  Although Wyatt alleged that David Dolak improperly disclosed Wyatt's trade secrets when he allegedly provided Proterion's customer information to Tim Smithson, as the Court held in its order dated July 29, 2009, and as defendants again explained in their Motion in Limine No. 9, no causes of action arising from this alleged disclosure were ever transferred to Wyatt and, consequently, it cannot assert any such claims against defendants in this action.  Finally, Wyatt's proposed jury instruction (which is based upon the Judicial Council of California Civil Jury Instructions, a source not identified in the Court's Standing Order) should be rejected in favor of defendants' proposed jury instruction nos. 67 and 70, which are based upon O'Malley-Grenig-Lee, et al., Federal Jury Practice and Instructions (Fifth Edition) – the Court's preferred resource.

### Instruction No. 56

### <u>TRADE SECRETS – MISAPPROPRIATION BY USE</u>

Defendant Malvern misappropriated Wyatt's trade secrets by use if Malvern:

1.    Used them without Wyatt's consent; and

2.    Did any of the following:

    a.    Acquired knowledge of the trade secrets by improper means;

    b.    At the time of use, knew or had reason to know that its knowledge of Wyatt's trade secrets came from or through [name of third party], and that [third party] had previously acquired the trade secrets by improper means;

    c.    At the time of use, knew or had reason to know that its knowledge of Wyatt's trade secrets was acquired under circumstances creating a legal obligation to limit use of the DSL measurement systems information;

    d.    At the time of use, knew or had reason to know that its knowledge of Wyatt's trade secrets came from or through [name of third party], and that [third party] had a duty to Wyatt to limit use of the DSL measurement systems information; or

    e.    Before a material change of its position, knew or had reason to know that they were trade secrets and that knowledge of them had been acquired by accident or mistake.

Source: Judicial Council of California Civil Jury Instructions (2009 ed.) 4407.

### <u>Wyatt's Statement in Support</u>

4407.  Misappropriate by Use, December 2007.

CACI No. 4401 *Misappropriation of Trade Secrets – Essential Factual*

45

*Elements*, if the plaintiff claims that the defendant's acquisition of the information alleged to be a trade secret is a misappropriation.

Sources and Authority:  Civil Code § 3426.1(b)(2) provides;

Civil Code § 19 provides:  "Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact."

"Under the plain terms of the Uniform Trade Secrets Act, defendants maybe personally liable if:  they used, through the corporation, [plaintiff's] trade secrets; at the time of the use of the confidential information they knew or had reason to know that knowledge of the trade secrets was derived from or through a person who had improperly acquired the knowledge, or the secrets were obtained by a person who owed a duty to plaintiffs to maintain the secrecy.  Employing the confidential information in manufacturing, production, researchy or development, marketing goods that embody the trade secret, or soliciting customers through the use of trade secret information, all constitute use.  Use a trade secret without knowledge it was acquired by improper means does not subject a person to liability unless the person receives notice that its use of the information is wrongful."  (*PMC, Inc. v. Kadisha* (2000) 78 Cal.App.4th 1368, 1383 [93 Cal.Rptr.2d 663], internal citations omitted.)

"When a competitor hires a former employee of plaintiff who is likely to disclose trade secrets, '[i]t is a question of fact whether the competitor had constructive notice of the plaintiff's right I the secret.'"  (*Ralph Andrews Productions, Inc. v. Paramount Pictures Corp.* (1990) 222 Cl.App.3d 676, 682-683 [271 Cal.Rptr. 797]  internal citation omitted.)

Secondary Sources:

3 Levy et al., California Torts, Ch. 40, *Fraud and Deceit and Other Business Torts,* § 40.40 et seq. (Matthew Bender);

1    49 California Forms of Pleading and Practice, Ch. 565, *Unfair*

2    *Competition,* § 565.103 (Matthew Bender);

3    Edelson & Kay, eds., Trade Secret Litigation and Protectionin California

4    (State Bar of California 2005) Chs. 1, 2, 6, 12.

5    **<u>Defendants' Statement in Opposition</u>**

6    Wyatt's proposed jury instruction (which is based upon the Judicial

7    Council of California Civil Jury Instructions, a source not identified in the Court's

8    Standing Order) should be rejected in favor of defendants' proposed jury instruction

9    nos. 67 and 70, which are based upon O'Malley-Grenig-Lee, et al., Federal Jury

10   Practice and Instructions (Fifth Edition) – the Court's preferred resource.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instruction No. 57**

**TRADE SECRETS – IMPROPER MEANS OF ACQUIRING TRADE SECRET**

Improper means of acquiring a trade secret or knowledge of a trade secret include, but are not limited to, theft, bribery, misrepresentation, breach or inducing a breach of a duty to maintain secrecy, wiretapping, or electronic eavesdropping.

However, it is not improper to acquire a trade secret or knowledge of a trade secret by any of the following:

1.      Independent efforts to invent or discover the information;

2.      Reverse engineering; that is, examining or testing a product to determine how it works, by a person who has a right to possess the product;

3.      Obtaining the information as a result of a license agreement with the owner of the information;

4.      Observing the information in public use or on public display; or

5.      Obtaining the information from published literature, such as trade journals, reference books, the Internet, or other publicly available sources.

Source: Judicial Council of California Civil Jury Instructions (2009 ed.) 4408.

**Wyatt's Statement in Support**

4408.  Improper Means of Acquiring Trade Secrets, December 2007.

Civil Code § 3426.1(a);

Secondary Sources:

13 Witkin, Summary of California Law (10th ed. 2005) Equity, § 81(1);

3 Levy et al., California Torts, Ch. 40, *Fraud and Deceit and Other Business Torts,* § 40.40 et seq. (Matthew Bender);

49 California Forms of Pleading and Practice, Ch. 565, *Unfair Competition,* § 565.103 (Matthew Bender);

Edelson & Kay, eds., Trade Secret Litigation and Protectionin California (State Bar of California 2005) Chs. 1, 2, 6, 12.

48

1

## **Defendants' Statement in Opposition**

2         Wyatt's proposed instruction should be rejected because it is confusing

3 and might incorrectly suggest to the jury that mere possession of a purported trade

4 secret alone, even without use, constitutes misappropriation.  *See*, the parties' agreed-

5 upon jury instruction no. 24; *Central Valley Gen. Hosp. v. Smith*, 162 Cal. App. 4th

6 501, 528-29 (2008).  That is an incorrect statement of the law.

7         Although defendants do not object to instructing the jury that the ***use*** of a

8 purported trade secret is not actionable in the event that the information was acquired

9 by the five methods set forth in Wyatt's proposed jury instruction, any such advice

10 should be included in the parties' agreed-upon jury instruction no. 24, to ensure that

11 the jury understands that possession alone does not give rise to liability.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instruction No. 58**

**TRADE SECRETS – REMEDIES FOR MISAPPROPRIATION OF TRADE SECRETS**

If Wyatt proves that Defendant Malvern misappropriated its trade secrets, then Wyatt is entitled to recover damages if the misappropriation caused Wyatt to suffer an actual loss or Defendant Malvern to be unjustly enriched.

If Defendant Malvern's misappropriation did not cause Wyatt to suffer an actual loss or Defendant Malvern to be unjustly enriched, Wyatt may still be entitled to a reasonable royalty for no longer than the period of time the use could have been prohibited.  However, I will calculate the amount of any royalty.

Source: Judicial Council of California Civil Jury Instructions (2009 ed.) 4409.

**Wyatt's Statement in Support**

4409.  Remedies for Misappropriation of Trade Secret, December 2007.

CACI No. 4401, Misappropriation of Trade Secrets – Essential Factual *Elements*, in all cases.

Select the nature of the recovery sought, either for the plaintiff's actual loss or for the defendant's unjust enrichment, or both.  If the plaintiff's claim of actual injury or loss is based on lost profits, give CACI No. 3903N, *Lost Profits (Economic Damage)*.  If unjust enrichment is alleged, give CACI No. 4410, *Unjust Enrichment*.

Sources and Authority:

Civil Code § 3426.3 provides:

"Under subdivision (a), a complainant may recover damages for the actual loss caused by misappropriation, as well as for any unjust enrichment not taken into account in computing actual loss damages.  Subdivision (b) provides for an alternative remedy of the payment of royalties from future profits where 'neither damages nor unjust enrichment caused by misappropriation [is] provable.'"  (*Ajaxo Inc. v. E*Trade Group Inc.* (2005) 135 Cal.App.4th 21, 61 [37 Cal.Rptr.3d 221].)

50

Secondary Sources:

13 Witkin, Summary of California Law (10th ed. 2005) Equity, § 81;

1 Milgrim on Trade Secrets, Ch. 1, *Definitional Aspects,* § 1.01 (Matthew Bender;

3 Levy et al., California Torts, Ch. 40, *Fraud and Deceit and Other Business Torts,* § 40.40 et seq. (Matthew Bender);

49 California Forms of Pleading and Practice, Ch. 565, *Unfair Competition,* § 565.103 (Matthew Bender(;

Edelson & Kay, eds., Trade Secret Litigation and Protectionin California (State Bar of California 2005) Chs. 1, 2, 6, 12.

### **Defendants' Statement in Opposition**

Wyatt's proposed jury instruction (which is based upon the Judicial Council of California Civil Jury Instructions, a source not identified in the Court's Standing Order) should be rejected in favor of defendants' proposed jury instruction no. 86, which is based upon O'Malley-Grenig-Lee, et al., Federal Jury Practice and Instructions (Fifth Edition) – the Court's preferred resource.

## Instruction No. 59

## UNJUST ENRICHMENT

Defendant Malvern was unjustly enriched if its misappropriation of Wyatt's trade secrets caused Defendant Malvern to received a benefit that it otherwise would not have achieved.

To decide the amount of any unjust enrichment, first determine the value of Defendant Malvern's benefit that would not have been achieved except for its misappropriation.  Then subtract from that amount Defendant Malvern's reasonable expenses, including the value of the [specify categories of expenses in evidence, such as labor, materials, rents, interest on invested capital].  In calculating the amount of any unjust enrichment, do not take into account any amount of damages for Wyatt's actual loss.

Source: Judicial Council of California Civil Jury Instructions (2009 ed.) 4410.

### Wyatt's Statement in Support

4410.  Unjust Enrichment, December 2007.

CACI No. 4409, *Remedies for Misappropriationof Trade Secrets*, if unjust enrichment and supported by the evidence.

Sources and Authority:  Civil Code § 3426 provides:

"In general, '[a] person who has been unjustly enriched at the expense of another is required to make restitution to the other.'  (Rest., Restitution, § 1.) 'Ordinarily the benefit to the one and the loss to the other are co-extensive, and the result . . . is to compel the one to surrender the benefit which he has received and thereby to make restitution to the other for the loss which he has suffered.'  'In other situations, a benefit has been received by the defendant but the plaintiff ha snot suffered a corresponding loss or, in some cases, any loss, but nevertheless the enrichment of the defendant would be unjust.  In such cases, the defendant maybe under a duty to give to the plaintiff the amount by which he has been enriched.'"

1  (*Unilogic, Inc. v. Burroughs Corp.* (1992) 10 Cal.App.4[th] 612, 627-628 [12 Cl.Rptr.2d

2  741].)

3        Restatement of Restitution, section 1, comment a, states:  "A person is

4  enriched if he has received a benefit (see Comment b).  A person is unjustly enriched

5  if the retention of the benefit would be unjust (see Comment c)."

6        Restatement of Restitution, section 1, comment b, states:  "*What

7  constitutes a benefit.*  A person confers a benefit upon another if he gives to the other

8  possession of or some other interest in money, land, chattels, or choses in action,

9  performs services beneficial to or at the request of the other, satisfies a debt or a duty

10  of the other, or in any way adds to the other's ecurity or advantage.  He confers a

11  benefit not only where he adds to the property of another, but also where he saves the

12  other from expense or loss.  The word 'benefit,' therefore, denotes any form of

13  advantage.  The advantage for which a person ordinarily must pay is pecuniary

14  advantage; it is not, however, necessarily so limited, as where a physician attends an

15  insensible person who is saved subsequent pain or who receives thereby a greater

16  chance of living."

17        Secondary Sources:

18        13 Witkin, Summary of California Law (10th ed. 2005) Equity, § 81;

19        1 Milgrim on Trade Secrets, Ch. 1, *Definitional Aspects,* § 1.01 (Matthew

20  Bender;

21        3 Levy et al., California Torts, Ch. 40, *Fraud and Deceit and Other

22  Business Torts,* § 40.40 et seq. (Matthew Bender);

23        49 California Forms of Pleading and Practice, Ch. 565, *Unfair

24  Competition,* § 565.103 (Matthew Bender(;

25        Edelson & Kay, eds., Trade Secret Litigation and Protectionin California

26  (State Bar of California 2005) Chs. 1, 2, 6, 12.

27

28

1

## **<u>Defendants' Statement in Opposition</u>**

2      Wyatt's proposed jury instruction should be rejected because Wyatt has

3   not preserved any claim for recovery of Malvern's profits.  *See* Defendants' Motion in

4   Limine No. 3.   Defendants further note that Wyatt's proposed jury instruction is

5   based upon the Judicial Council of California Civil Jury Instructions, a source not

6   identified in the Court's Standing Order.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instruction No. 60**

## TRADE SECRETS – PUNITIVE DAMAGES FOR WILLFUL AND MALICIOUS MISAPPROPRIATION

If you decide that Defendant Malvern's misappropriation caused Wyatt harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed Wyatt and to discourage similar conduct in the future.

In order to recover punitive damages, Wyatt must prove by clear and convincing evidence that Defendant Malvern acted willfully and maliciously. You must determine whether Defendant Malvern acted willfully and maliciously, but you will not be asked to determine the amount of any punitive damages. I will calculate the amount later.

"Willfully" means that Defendant Malvern acted with a purpose or willingness to commit the act or engage in the conduct in question, and the conduct was not reasonable under the circumstances at the time and was not undertaken in good faith.

"Maliciously" means that Defendant Malvern acted with an intent to cause injury, or that Defendant Malvern's conduct was despicable and was done with a willful and knowing disregard for the rights of others. "Despicable conduct" is conduct so vile, base, or wretched that it would be looked down on and despised by ordinary decent people. Defendant Malvern acted with knowing disregard if it was aware of the probable consequences of its conduct and deliberately failed to avoid those consequences.

Source: Judicial Council of California Civil Jury Instructions (2009 ed.) 4411.

### Wyatt's Statement in Support

4411. Punitive Damages for Willful and Malicious Misappropriation, December 2007.

Give this instruction if there is evidence that the defendant acted willfully and maliciously, so as to support an award of punitive damages.  (See Civil Code, § 3426.3(c).)

No reported California state court case has address whether the jury or the court should decide whether any misappropriation was "willful and malicious," and if so, whether the finding must be made by clear and convincing evidence rather than a preponderance of the evidence.  In *AjaxoInc. V. E\*Trade Group Inc.* (2005) 135 Cal.App.4th 21, 66 [37 Cal.Rptr.3d 221], the court affirmed a jury's finding by clear and convincing evidence that the defendant's isappropriation ws willful and malicious.  If the court decides to require the "clear and convincing" standard, include the bracketed language in the first paragraph and also give CACI No. 201, *MoreLikely True—Clear and Convincing Proof.*

Sources and Authority:  Civil Code § 3426.3(c) provides:

"If willful and malicious misappropriation exists, the court may award exemplary damages in an amount not exceeding twice any award made under subdivision (a) or (b)."

Secondary Sources:

13 Witkin, Summary of California Law (10th ed. 2005) Equity, § 81;

1 Milgrim on Trade Secrets, Ch. 1, *Definitional Aspects,* § 1.01 (Matthew Bender;

3 Levy et al., California Torts, Ch. 40, *Fraud and Deceit and Other Business Torts,* § 40.40 et seq. (Matthew Bender);

49 California Forms of Pleading and Practice, Ch. 565, *Unfair Competition,* § 565.103 (Matthew Bender(;

Edelson & Kay, eds., Trade Secret Litigation and Protectionin California (State Bar of California 2005) Chs. 1, 2, 6, 12.

## **Defendants' Statement in Opposition**

Wyatt's proposed jury instruction regarding punitive damages is duplicative and unnecessary in light of the parties' agreed-upon jury instruction no. 26.  Consequently, this proposed jury instruction should be rejected.

**Instruction No. 61**

**TRADEMARK LIABILITY—THEORIES AND POLICIES**

**(15 U.S.C. §§ 1114(1), 1125(a))**

The trademark laws balance three often-conflicting goals:  1) protecting the public from being misled about the nature and source of goods and services, so that the consumer is not confused or misled in the market; 2) protecting the rights of a business to identify itself to the public and its reputation in offering goods and services to the public; and 3) protecting the public interest in fair competition in the market.

The balance of these policy objectives vary from case to case, because they may often conflict.  Accordingly, each case must be decided by examining its specific facts and circumstances, of which you are to judge.

In my instructions, I will identify types of facts you are to consider in deciding if the defendant is liable to the plaintiff for violating the trademark law. These facts are relevant to whether the defendant is liable for:

1.    infringing plaintiff's registered trademark rights, by using a trademark in a manner likely to cause confusion among consumers;

2.    unfairly competing, by using a trademark in a manner likely to cause confusion as to the origin or quality of plaintiff's goods;

3.    unfairly competing, by using trade dress in a manner likely to cause confusion as to the origin or quality of plaintiff's goods;

4.    infringing plaintiff's trade name, by using similar corporate, business or professional names in a manner likely to cause confusion about the source of products in the minds of consumers; and

5.    false advertising, by making a false statement that was material and that tended to deceive consumers, injuring the plaintiff in the market.

Source: Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 15.4.

58

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Wyatt's Statement in Support</u>**

**<u>Defendants' Statement in Opposition</u>**

Wyatt's proposed jury instruction should be rejected, because it essentially addresses the infringement of a party's trademark, which is not at issue in this action and will likely only confuse the jury with extraneous issues.

Defendants' proposed jury instructions nos. 71 to 77 properly address the specific Lanham Act claim at issue in this proceeding.

**Instruction No. 62**

**TRADEMARK DAMAGES—PLAINTIFF'S ACTUAL DAMAGES**

**(5 U.S.C. § 1117(a))**

If you find for Wyatt on Wyatt's false advertising claim and find that the defendants had statutory notice or actual notice of Wyatt's registered trademark, you must determine Wyatt's actual damages.

Wyatt has the burden of proving actual damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate Wyatt for any [injury] [and] [or] [property damage] you find was caused by the defendants' infringement of Wyatt's registered trademark.

You should consider the following:

1.    [The [injury to] [loss of] the plaintiff's reputation];

2.    [The [injury to] [loss of] plaintiff's goodwill, including injury to the plaintiff's general business reputation];

3.    [The lost profits that the plaintiff would have earned but for the defendant's infringement.  Profit is determined by deducting all expenses from gross revenue];

4.    [The expense of preventing customers from being deceived];

5.    [The cost of future corrective advertising reasonably required to correct any public confusion caused by the infringement]; [and]

6.    [*Insert any other factors that bear on plaintiff's actual damages.*].

When considering prospective costs (e.g., cost of future advertising, expense of preventing customers from being deceived), you must not overcompensate. Accordingly, your award of such future costs should not exceed the actual damage to the value of the plaintiff's mark at the time of the infringement by the defendant.

Source: Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 15.25.

**Wyatt's Statement in Support**

**Defendants' Statement in Opposition**

Once again, Wyatt's proposed jury instruction should be rejected, because it focuses upon the "infringement of [a] registered trademark," which is not at issue in this action and will only confuse the jury with extraneous issues. Wyatt's jury instruction should further be rejected because it includes measures of damages as to which Wyatt has failed to preserve a claim (*e.g.*, Malvern's profits). *See, e.g.*, Defendants' Motion in Limine No. 3.

Defendants' proposed jury instruction no. 85 properly addresses the damages associated with the Lanham Act claim at issue in this proceeding.

**Instruction No. 63**
## TRADEMARK DAMAGES—DEFENDANT'S PROFITS
## (15 U.S.C. § 1117(a))

In addition to actual damages, the plaintiff is entitled to any profits earned by the defendants that are attributable to the infringement, which the plaintiff proves by a preponderance of the evidence.  You may not, however, include in any award of profits any amount that you took into account in determining actual damages.

Profit is determined by deducting all expenses from gross revenue.

Gross revenue is all of defendants' receipts from using the trademark in the sale of a [product].  The plaintiff has the burden of proving defendants' gross revenue by a preponderance of the evidence.

Expenses are all [operating] [overhead] and production costs incurred in producing the gross revenue.  Defendants have the burden of proving the expenses [and the portion of the profit attributable to factors other than use of the infringed trademark] by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of the [*specify goods*] using the trademark is attributable to factors other than use of the trademark, you shall find that the total profit is attributable to the infringement.

Source: Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 15.26.

**Wyatt's Statement in Support**

**Defendants' Statement in Opposition**

Once again, Wyatt's proposed jury instruction should be rejected, because it also focuses upon revenues related to an "infringed trademark," which is not at issue in this action and will only confuse the jury with extraneous issues.  More fundamentally, Wyatt's proposed jury instruction should be rejected because Wyatt

62

1    has not preserved any claim for recovery of Malvern's profits.  *See* Defendants'

2    Motion in Limine No. 3.  In any event, defendants' proposed jury instruction no. 85

3    properly addresses the damages associated with the Lanham Act claim at issue in this

4    proceeding.

**Instruction No. 64**

**<u>ADVERSE INFERENCE FROM SPOLIATION</u>**

The Plaintiff, Wyatt, contends that David Dolak and the defendants, did not take appropriate steps to preserve relevant evidence and destroyed such evidence. Mr. Dolak and the defendants deny that contention.

If you find that relevant evidence that was within Mr. Dolak's or defendants' control is missing or has been destroyed and that the evidence is missing because of their bad faith or negligent, unjustified or careless actions or inaction, you may infer that such evidence, if available now, would have been favorable to Wyatt and adverse to Mr. Dolak or the defendants.

Mr. Dolak's or the defendants' destruction of evidence was negligent, unjustified or careless if they had notice that the evidence might be relevant to this litigation when they destroyed the evidence or made the evidence unavailable. A person is under a duty to preserve evidence that he or she knows, or reasonably should know, could be relevant to a case.

See, e.g., Glover v. BIC Corp., 6 F.3d 1318, 1329 (9th Cir. 1993) ("[A] trial court also has the broad discretionary power to permit a jury to draw an adverse inference from the destruction or spoliation against the part or witness responsible for that behavior."); Akiona v. United States, 938 F.2d 158, 161 (9th Cir. 1991) ("Generally, a trier of fact may draw an adverse inference from the destruction of evidence relevant to a case."); Advantacare Health Partners v. Access IV, 2004 WL 1837997, *6 (N.D. Cal. 2004) ("In the Ninth Circuit, spoliation of evidence raises a presumption that the destroyed evidence goes to the merits of the case, and further, that such evidence was adverse to the party that destroyed it.") (citations omitted). Importantly, "a finding of 'bad faith' is not a prerequisite to this corrective procedure. See, e.g. Glover, 6 F.3d at 1330; see Byrnie v. Town of Cromwell, Bd. Of Educ., 243 F.3d 93, 109 (2d Cir. 2001) (culpable state of mind for an imposition of an adverse inference includes negligence). A litigant has a freestanding duty "to preserve what it

1   knows, or reasonably should know, is relevant in the action, is reasonably calculated
2   to lead to the discovery of admissible evidence, is reasonably likely to be requested
3   during discovery and/or is the subject of a pending discovery request."  Housing
4   Rights Center v. Sterling, 2005 WL 3320739, *3 (C.D. Cal. 2005).

5          An adverse inference jury instruction should be given where "[s]ufficient
6   evidence exists to permit a jury to determine the factual predicate" underlying a claim
7   of spoliation.  Rogers v. T.J. Samson Community Hosp., 276 F.3d 228, 234 (6th Cir.
8   2002).  "When a genuine question exists as to whether a party's loss or destruction of
9   evidence was negligent (or worse), it is appropriate to defer that question to the jury,
10  by instructing jurors that if they find that the spoliation of evidence was at least
11  negligent, they may infer that the missing evidence would favor the non-spoliating
12  party."  One Beacon Ins. Co. v. Broadcast Development Group, Inc., 2005 WL
13  2077499, *5 (6th Cir. 2005).

14                    **Wyatt's Statement in Support**

15

16                **Defendants' Statement in Opposition**

17          Wyatt's proposed jury instruction is improper.  As explained in
18  defendants' Motion in Limine No. 8, there is no basis for Wyatt to make any
19  accusations that defendants spoliated evidence.  Moreover, in the event that Wyatt
20  wanted to seek evidentiary sanctions against defendants for the spoliation of evidence
21  (which it could not plausibly have done), Wyatt should have filed an appropriate
22  motion in limine as defendants did so that such issues could have been fully briefed
23  and fairly determined by the Court.  *See*, *e.g.*, Defendants' Motion in Limine No. 3
24  (seeking to exclude evidence of alleged damages due to, among other things, Wyatt's
25  failure to adequate disclose such claims in Wyatt's Rule 26(a) disclosures);
26  Defendants' Motion in Limine No. 5 (seeking to exclude evidence based upon, among
27  other things, Wyatt's failure to produce a proper witness pursuant to Rule 30(b)(6));
28

and Motion in Limine No. 11 (seeking to exclude evidence in light of Wyatt's failure to comply with discovery orders).  It has not done so.

**Instruction No. 65**

## <u>PUNITIVE DAMAGES – INDIVIDUAL AND ENTITY DEFENDANTS –</u>
## <u>TRIAL NOT BIFURCATED</u>

If you decide that David Dolak and Malvern's conduct caused Wyatt harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against Mr. Dolak only if Wyatt proves by clear and convincing evidence that Mr. Dolak engaged in that conduct with malice, oppression, or fraud.

You may award punitive damages against Malvern only if Wyatt proves that Malvern acted with malice, oppression, or fraud. To do this, Wyatt must prove by clear and convincing evidence that the malice, oppression, or fraud was conduct of one or more officers, directors, or managing agents of Malvern, who acted on behalf of Malvern.

"Malice" means that a defendant acted with intent to cause injury or that a defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A defendant acts with knowing disregard when the defendant is aware of the probable dangerous consequences of his or its conduct and deliberately fails to avoid those consequences.

"Oppression" means that a defendant's conduct was despicable and subjected Wyatt to cruel and unjust hardship in knowing disregard of its rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that a defendant intentionally misrepresented or concealed a material fact and did so intending to harm Wyatt.

67

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following separately for each defendant in determining the amount:

(a)    How reprehensible was that defendant's conduct? In deciding how reprehensible a defendant's conduct was, you may consider, among other factors:

1.    Whether the conduct caused physical harm;

2.    Whether the defendant disregarded the health or safety of others;

3.    Whether Wyatt was financially weak or vulnerable and the defendant knew Wyatt was financially weak or vulnerable and took advantage of it.

4.    Whether the defendant's conduct involved a pattern or practice; and

5.    Whether the defendant acted with trickery or deceit.

(b)    Is there a reasonable relationship between the amount of punitive damages and Wyatt's harm?

(c)    In view of that defendant's financial condition, what amount is necessary to punish him or it and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because a defendant has substantial financial resources.

Source: Judicial Council of California, Civil Jury Instructions (2009 ed.) 3947.

**Wyatt's Statement in Support**

**Defendants' Statement in Opposition**

Wyatt's proposed jury instruction regarding punitive damages is

68

1   duplicative and unnecessary in light of the parties' agreed-upon jury instruction no.

2   26.  Consequently, this proposed jury instruction should be rejected.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT B – DEFENDANTS' ADDITIONAL PROPOSED JURY INSTRUCTIONS

## Instruction No. 66

<u>ESTABLISHED FACT</u>

The Court has decided to accept as proved the facts listed below, even though no evidence has been introduced on the subject.  You must accept the following fact as true:

1.    Malvern and Mr. Dolak did not use or exploit any of Wyatt's alleged trade secrets in connection with any client or potential client that Wyatt claims to have lost as a result of the alleged conduct.

2.    There is no evidence that but for the alleged wrongful conduct, Wyatt would have sold a dynamic light scattering instrument to any client or potential client in lieu of any sale made by Malvern to such client or potential client.

3.    None of Wyatt's clients or potential clients have special or unique needs or characteristics that are not generally known to the public.

4.    Wyatt's clients and potential clients are solicited by multiple competitors and such solicitation is not limited to Malvern and Wyatt.

5.    None of Wyatt's customers have purchased a DynaPro from Wyatt solely based on information provided on Wyatt's website without any further information from, samples from or demonstrations by Wyatt.

6.    Wyatt does not have any evidence or testimony from clients or potential clients respecting any of its allegations in this case.

7.    There is no evidence that, as to any challenged representation, such representation was likely to affect the purchase decisions of the audience.

8.    There is no evidence that, as to any challenged representation, such representation related to an essential characteristic, nature or quality of the advertised product.

9.    Wyatt employees accessed and used Melinda Reynolds' Wyatt email account even after she left Wyatt's employment.

71

1    10.    Wyatt has no evidence that it lost any customers as a result of the

2  alleged wrongful conduct.

3    11.    Wyatt has no evidence of any similarities between Malvern

4  products/data and Wyatt and/or Protein Solutions' products/data.

5    12.    There is no evidence that Malvern or Mr. Dolak used the Protein

6  Solutions' customer database in conducting its marketing.

7    Source:  Manual of Model Civil Jury Instructions – Ninth Circuit (2007

8  ed.) 2.3 (modified).

9    **Defendants' Statement in Support**

10    Defendants' proposed jury instruction is consistent with the relief that

11  defendants seek in connection with their Motion in Limine No. 11.  For the reasons set

12  forth in that motion, this instruction should be given.

13    **Wyatt's Statement in Opposition**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instruction No. 67**

<u>MISAPPROPRIATION OF TRADE SECRETS – ESSENTIAL ELEMENTS</u>

Wyatt claims Malvern and Mr. Dolak have misappropriated three trade secrets. Specifically, Wyatt alleges that Malvern and Mr. Dolak misappropriated:

      a.  Protein Solutions' customer-related information (specifically, the customer database, information relating to types and volumes of products sold to customers, and knowledge of customer preferences);

      b.  Protein Solutions' alleged idea for a solvent builder; and

      c.  Protein Solutions' quality assurance testing procedures.

You are to determine whether any of these alleged trade secrets has been misappropriated by Malvern or Mr. Dolak. In order to establish a trade secret violation, Wyatt has the burden of proving by a preponderance of the evidence, as to each of the alleged trade secrets, that

One: the trade secret exists and it was owned by Wyatt at the time of the alleged misappropriation;

Two: Malvern and Mr. Dolak acquired those secrets as a result of a confidential relationship;

Three: Malvern or Mr. Dolak used the secret information; and

Four: Wyatt suffered harm as a direct and proximate result of Malvern or Mr. Dolak's use or disclosure of Wyatt's trade secret or Malvern or Mr. Dolak gained unjustly from such use or disclosure.

Only wrongful use of secret information disclosed in confidence gives rise to liability. To find Malvern or Mr. Dolak liable for misappropriation of trade secrets, you must find by the preponderance of the evidence that Wyatt had the three specific alleged trade secrets that were acquired by Malvern or Mr. Dolak as a result of a confidential relationship and that Malvern or Mr. Dolak used these secrets in developing or making its product.

73

Source:  O'Malley-Grenig-Lee, et al., Federal Jury Practice and Instructions (Fifth Edition) § 127.10 (modified).

## **Defendants' Statement in Support**

Defendants' proposed jury instruction is based upon O'Malley-Grenig-Lee, et al., Federal Jury Practice and Instructions (Fifth Edition), the Court's preferred resource.  As such, it should be used (in connection with the parties' agreed-upon jury instruction no. 2) in lieu of plaintiff's proposed jury instruction nos. 49 and 50, which are based on the Judicial Council of California Civil Jury Instructions, a source not identified in the Court's Standing Order.  Further—unlike plaintiff's proposed jury instructions—it is appropriately tailored to include only factual and evidentiary considerations that are relevant to the particular trade secret claims at issue.

## **Wyatt's Statement in Opposition**

**Instruction No. 68**

TRADE SECRET – DEFINED

A trade secret is any formula, pattern, device, or compilation of information used in a business that affords a demonstrable competitive advantage to the person who knows the secret.  To prove that each of the three alleged trade secrets in fact constituted trade secrets under the law, Wyatt must prove as to each alleged trade secret:

        1.     That the information was secret;

        2.     That it had actual or potential independent economic value because it was secret; and

        3.     That Wyatt made reasonable efforts to keep it secret.

In order for something to be secret, it must not be public knowledge in the trade or business.  Matters of general knowledge in an industry cannot be a trade secret.  Trade secret protection is lost if the secret is disclosed to the public.

In determining whether Wyatt has proven by a preponderance of the evidence that each of the three items constitutes a trade secret, you may consider the following factors:

        (1)     The extent to which the information was known outside of Wyatt's business;

        (2)     The extent to which it was known by employees and others involved in Wyatt's business;

        (3)     The extent of measures taken by Wyatt to guard the secrecy of the information;

        (4)     The value of the information to Wyatt and its competitors;

        (5)     The amount of effort or money expended in developing the information;

        (6)     The ease or difficulty with which the information could be properly acquired or duplicated by others.

75

1     Source:  O'Malley-Grenig-Lee, et al., Federal Jury Practice and

2 Instructions (Fifth Edition) § 127.11 (modified).

3     **Defendants' Statement in Support**

4     Defendants' proposed jury instruction is based upon O'Malley-Grenig-

5 Lee, et al., Federal Jury Practice and Instructions (Fifth Edition), the Court's preferred

6 resource.  As such, it should be used in lieu of plaintiff's proposed jury instruction no.

7 51, which is based upon the Judicial Council of California Civil Jury Instructions, a

8 source not identified in the Court's Standing Order.

9     **Wyatt's Statement in Opposition**

**Instruction No. 69**

<u>REASONABLE EFFORTS TO PROTECT SECRECY</u>

To establish that each of the three alleged trade secrets in fact constitute trade secrets under the law, plaintiff must prove that it made reasonable efforts under the circumstances to keep it secret. "Reasonable efforts" are the efforts that would be made by a reasonable business in the same situation and having the same knowledge and resources as plaintiff, exercising due care to protect important information of the same kind. This requirement applies separately to each item that plaintiff claims to be a trade secret.

In this case, the three alleged trade secrets were owned by a company called Protein Solutions, or Proterion, before Wyatt acquired certain assets of Protein Solutions. Accordingly, plaintiff must prove both that Protein Solutions and Wyatt made reasonable efforts under the circumstances to keep the three items secret. If Wyatt does not prove that both Wyatt and Protein Solutions made such reasonable efforts, the items do not constitute trade secrets.

In determining whether or not plaintiff made reasonable efforts to keep each of the three alleged trade secrets actually secret, you should consider all of the facts and circumstances. Among the factors you may consider are the following:

a.    Whether documents or computer files containing the information were marked with confidentiality warnings;

b.    Whether plaintiff instructed its employees to treat the information as confidential information;

c.    Whether plaintiff restricted access to the information to persons who had a business reason to know the information;

d.    Whether plaintiff kept the information in a restricted or secured area;

e.    Whether plaintiff required employees or others with access to the information to sign confidentiality or nondisclosure agreements;

77

f.      Whether plaintiff took any action to protect the information, or whether it relied on general measures taken to protect its business information or assets;

g.      The extent to which any general measures taken by plaintiff would prevent the unauthorized disclosure of the information;

h.      Whether there were other reasonable measures available to Wyatt that it did not take.

Source:  Judicial Council of California Civil Jury Instructions (2009 ed.) 4404 (modified).

### Defendants' Statement in Support

Defendants' proposed jury instruction accurately describes what Wyatt must prove in order to establish that the three alleged trade secrets at issues are actually are trade secrets as a matter of law.  Further, this proposed jury instruction accurately explains that Wyatt must prove Wyatt's assignor, Protein Solutions, also made reasonable efforts to maintain the secrecy of the purported trade secrets prior to its assignment to Wyatt.  Accordingly, defendants' proposed jury instruction is more thorough than, and should be used in lieu of, plaintiff's proposed jury instruction nos. 52 and 53.

### Wyatt's Statement in Opposition

**Instruction No. 70**

<u>MISAPPROPRIATION</u>

If you decide that there was a confidential relationship between Wyatt or Protein Solutions and those who worked at Malvern and that Wyatt or Protein Solutions disclosed the three alleged trade secrets to those people, then you must decide whether the information was misappropriated by Malvern or Mr. Dolak.

A misappropriation has occurred if Malvern or Mr. Dolak used the alleged trade secrets to make its products. Mere conjecture or speculation as to this use is not sufficient. Wyatt must prove by a preponderance of the evidence that Malvern or Mr. Dolak used the trade secrets in making Malvern's products.

Source:  O'Malley-Grenig-Lee, et al., Federal Jury Practice and Instructions (Fifth Edition) § 127.13 (modified).

**Defendants' Statement in Support**

Defendants' proposed jury instruction is based upon O'Malley-Grenig-Lee, et al., Federal Jury Practice and Instructions (Fifth Edition), the Court's preferred resource.  As such, it should be used in lieu of plaintiff's proposed jury instruction nos. 55 and 56, which are based upon the Judicial Council of California Civil Jury Instructions, a source not identified in the Court's Standing Order.

**Wyatt's Statement in Opposition**

79

**Instruction No. 71**

<u>FALSE ADVERTISING – ESSENTIAL ELEMENTS</u>

In order to prevail on its claim against Malvern and Mr. Dolak for false advertising in violation of Section 43(a) the Lanham Act, Wyatt must prove the following elements:

1.     That Malvern and Mr. Dolak made false statements of fact about their own or another's product in commercial advertising or promotions;

2.     That those advertisements actually deceived or had the tendency to deceive a substantial segment of their audience;

3.     That such deception was material;

4.     That Malvern and Mr. Dolak caused their false advertisements to enter interstate commerce; and

5.     That Wyatt has been or is likely to be injured as a result of the foregoing either by direct diversion of sales from itself to Malvern and Mr. Dolak, or by lessening of the good will which its products enjoy with the buying public.

*See Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

**Defendants' Statement in Support**

Because the Court's preferred sources do not include an instruction concerning the essential elements of a false advertising claim, defendants' proposed jury instruction is based upon current Ninth Circuit authority.  Wyatt bears the burden of proof as to its false advertising claim, and an instruction on the essential elements of the claim is therefore necessary.  None of Wyatt's proposed jury instructions address this issue.  Defendants' proposed jury instruction, which accurately states the elements of the claim, should therefore be adopted.

**Wyatt's Statement in Opposition**

**Instruction No. 72**

<u>FALSE ADVERTISING – ELEMENT 1:  (False Statement of Fact)</u>

In order to prevail on its claim for false advertising in violation of the Lanham Act, Wyatt must show that the challenged statements are false statements of fact.

In a false advertising suit under the Lanham Act, Wyatt must show either that the challenged advertisement was literally false or that, while literally true, it was likely to deceive consumers.

When evaluating whether the advertisement is literally false, the statement must be viewed in the complete context.

A claim which is ambiguous, or which can reasonably be understood as conveying different messages, is not literally false.

*See In re Century 21-Re/Max Real Estate Advertising Claims Litigation*, 882 F. Supp. 915,  923 (C.D. Cal. 1994).

**Defendants' Statement in Support**

Because the Court's preferred sources do not include an instruction concerning the essential elements of a false advertising claim, defendants' proposed jury instruction is based upon current authority from the United States District Court, Central District of California.  Such an instruction is necessary to explain what Wyatt must prove to establish that defendants made a false statement of fact under the Lanham Act, and none of Wyatt's proposed jury instructions address this issue. Defendants' proposed jury instruction, which accurately states what is required to prove this element of Wyatt's claim, should therefore be adopted.

**Wyatt's Statement in Opposition**

**Instruction No. 73**

<u>FALSE ADVERTISING – ELEMENT 1:  (Commercial Advertising/Promotions)</u>

In order to prevail on its claim for false advertising in violation of the Lanham Act, Wyatt must show that the challenged representations constitute commercial advertising or promotion.

In order for representations to constitute "commercial advertising or promotion" under the Lanham Act, the statements must be (1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing customers to buy defendant's goods or services; and (4) must be disseminated sufficiently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry.  Not all business-related communications constitute commercial speech.  Rather, commercial speech is "speech which does no more than propose a commercial transaction."

*See Coastal Abstract Service, Inc. v. First American Title Ins. Co.*, 173 F.3d 725, 734 (9th Cir. 1999); *Gonzalez v. Allstate Ins. Co.*, No. CV 04-1548 FMC (PJWx), 2005 WL 5891935, * 8 (C.D. Cal. Aug. 2, 2005).

**Defendants' Statement in Support**

Because the Court's preferred sources do not include an instruction concerning the essential elements of a false advertising claim, defendants' proposed jury instruction is based upon current authority from the Ninth Circuit and United States District Court, Central District of California.  Such an instruction is necessary to explain what Wyatt must prove to establish that the challenged representations are actionable under the Lanham Act.  None of Wyatt's proposed jury instructions address this issue.  Defendants' proposed jury instruction, which accurately states what is required to prove this element of Wyatt's claim, should therefore be adopted.

**Wyatt's Statement in Opposition**

**Instruction No. 74**

FALSE ADVERTISING – ELEMENT 2: (Actual Customer Deception)

   In order to prevail on its claim for false advertising in violation of the Lanham Act, Wyatt must show that the challenged representations actually deceived or had the tendency to deceive the consuming public.  In order to prove that, Wyatt must produce evidence showing what message ordinary consumers received from the advertisement; it is not enough for Wyatt to suggest how they could have reacted.

   *See William H. Morris Co. v. Group W, Inc.*, 66 F.3d 255, 258 (9th Cir. 1995).

**Defendants' Statement in Support**

   Because the Court's preferred sources do not include an instruction concerning the essential elements of a false advertising claim, defendants' proposed jury instruction is based upon current authority from the Ninth Circuit.  Such an instruction is necessary to explain what Wyatt must prove to establish that the challenged representations violated the Lanham Act.  None of Wyatt's proposed jury instructions address this issue.  Defendants' proposed jury instruction, which accurately states what is required to prove this element of Wyatt's claim, should therefore be adopted.

**Wyatt's Statement in Opposition**

1

**Instruction No. 75**

2

FALSE ADVERTISING – ELEMENT 3:  (Materiality)

3

       In order to prevail on its claim for false advertising in violation of the

4

Lanham Act, Wyatt must show that the challenged representations were material to

5

the consuming public.  In order for a statement to be material, Wyatt must prove that

6

the statement is likely to influence the purchasing decision of customers.

7

       *See Southland Sod*, 108 F.3d at 1139.

8

       **Defendants' Statement in Support**

9

       Because the Court's preferred sources do not include an instruction

10

concerning the essential elements of a false advertising claim, defendants' proposed

11

jury instruction is based upon current authority from the Ninth Circuit.  Such an

12

instruction is necessary to explain what Wyatt must prove to establish that the

13

challenged representations violated the Lanham Act.  None of Wyatt's proposed jury

14

instructions address this issue.  Defendants' proposed jury instruction, which

15

accurately states what is required to prove this element of Wyatt's claim, should

16

therefore be adopted.

17

       **Wyatt's Statement in Opposition**

18

19

20

21

22

23

24

25

26

27

28

84

<b>Instruction No. 76</b>

<u>FALSE ADVERTISING – ELEMENT 4:  (Interstate Commerce)</u>

In order to prevail on its claim for false advertising in violation of the Lanham Act, Wyatt must show that Malvern and Mr. Dolak caused the challenged representations to enter interstate commerce.

*See Health Net v. U.S.A. Healthnet, Inc.*, No. CV 92-3925 KN, 1993 WL 209558, *3 (C.D.Cal. May 12, 1993).

<b><u>Defendants' Statement in Support</u></b>

Because the Court's preferred sources do not include an instruction concerning the essential elements of a false advertising claim, defendants' proposed jury instruction is based upon current authority from the United States District Court, Central District of California.  Such an instruction is necessary to explain what Wyatt must prove to establish that the challenged representations violated the Lanham Act. None of Wyatt's proposed jury instructions address this issue.  Defendants' proposed jury instruction, which accurately states what is required to prove this element of Wyatt's claim, should therefore be adopted.

<b><u>Wyatt's Statement in Opposition</u></b>

1

2

**Instruction No. 77**

3

<u>FALSE ADVERTISING – ELEMENT 5:  (Actual Injury)</u>

4          In order to prevail on its claim for false advertising in violation of the

5    Lanham Act, Wyatt must prove that it has been or is likely to be injured as a result of

6    the challenged representations either by direct diversion of sales from itself to

7    Malvern or by lessening of the good will which its products enjoy with the buying

8    public.  Because Wyatt is seeking monetary damages, it must present actual evidence

9    of some injury resulting from the deception.  This is an essential element of the

10   Wyatt's case.

11          *See Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 210 (9th

12   Cir. 1989)**.**

13          **<u>Defendants' Statement in Support</u>**

14          Because the Court's preferred sources do not include an instruction

15   concerning the essential elements of a false advertising claim, defendants' proposed

16   jury instruction is based upon current authority from the Ninth Circuit.  Such an

17   instruction is necessary to explain what Wyatt must prove to establish that the

18   challenged representations violated the Lanham Act.  None of Wyatt's proposed jury

19   instructions address this issue.  Defendants' proposed jury instruction, which

20   accurately states what is required to prove this element of Wyatt's claim, should

21   therefore be adopted.

22          **<u>Wyatt's Statement in Opposition</u>**

23

24

25

26

27

28

**Instruction No. 78**

<u>SUBSEQUENT REMEDIAL MEASURES</u>

Evidence that Malvern modified its online presentations after the filing of this lawsuit is not admissible to prove any wrongdoing on Malvern's part or that there was any need for such a modification.  It may be considered solely for purposes of proving Malvern's ownership or control of the online presentations.

*See* Fed. R. Evid. 407.

**<u>Defendants' Statement in Support</u>**

Defendants' proposed jury instruction accurately states federal procedural and/or evidentiary law.  None of Wyatt's proposed jury instructions address this issue, and defendants' proposed jury instruction should therefore be adopted.

**<u>Wyatt's Statement in Opposition</u>**

## Instruction No. 79

### NO MISAPPROPRIATION – PRE 11/04

If, as to any of the three items Wyatt contends are trade secrets, you find that the only evidence of misappropriation by either Malvern or Mr. Dolak occurred prior to the time that Wyatt acquired assets from Protein Solutions in November 2004, you must find in favor of Malvern and Mr. Dolak on Wyatt's claim with respect to that alleged trade secret.

Source: Court's July 27, 2009 Order Granting in Part and Denying in Part Defendants' Motions for Partial Summary Judgment on Copyright and Non-Copyright Claims, p. 39 n.25.

### **Defendants' Statement in Support**

Wyatt acquired the purported trade secrets at issue from Protein Solutions, and this Court has already ruled that any misappropriation by either defendant that predated such acquisition is not actionable by Wyatt. This proposed jury instruction accurately explains that, to prevail on its trade secret claim, Wyatt must prove that some misappropriation occurred after the acquisition. None of Wyatt's proposed jury instructions address this issue. Defendants' proposed jury instruction, which is based on this Court's previous rulings, should therefore be adopted.

### **Wyatt's Statement in Opposition**

**Instruction No. 80**

PROOF OF CAUSATION

For Wyatt to prevail on its false advertising or misappropriation claims, plaintiff must prove that it suffered an injury in fact. The "injury in fact" must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." You may not award damages that are speculative or hypothetical.

In addition, to be entitled to damages, plaintiff must establish:

(1) injury in fact;

(2) a causal connection between the injury and the challenged action; and

(3) the likelihood that the injury will be redressed by a favorable decision.

*See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

**Defendants' Statement in Support**

Because the Court's preferred sources do not include an instruction concerning the essential elements of a false advertising claim, defendants' proposed jury instruction is based upon current United States Supreme Court authority. Wyatt bears the burden of proof as to its false advertising and misappropriation claims, including whether it suffered an injury in fact, and an instruction concerning this element is therefore necessary. None of Wyatt's proposed jury instructions address this issue. Defendants' proposed jury instruction, which accurately states what must be proven to establish injury in fact, should therefore be adopted.

**Wyatt's Statement in Opposition**

1

2

**Instruction No. 81**

COMPLETE AFFIRMATIVE DEFENSE

3        On any claim, if you find that each of the elements on which the plaintiff

4   has the burden of proof has been proved, your verdict should be for the plaintiff on

5   that claim, unless you also find that the defendants has proved an affirmative defense,

6   in which event your verdict should be for the defendants on that claim.

7        Source:  Manual of Model Civil Jury Instructions – Ninth Circuit (2001

8   ed.) 5.3.

9        **Defendants' Statement in Support**

10       Defendants are entitled to a jury instruction that establishes what effect

11  adequate proof of an affirmative defense should have.  This proposed jury instruction

12  is consistent with the parties' agreed-upon jury instruction no. 3, which generally

13  instructs as to the burden of proof required to prove an affirmative defense.

14       **Wyatt's Statement in Opposition**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

90

**Instruction No. 82**

<u>AFFIRMATIVE DEFENSE:  FAILURE TO MITIGATE DAMAGES</u>

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate damages means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.    that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.    the amount by which damages would have been mitigated.

A plaintiff is not entitled to recover damages for harm to its property that defendants prove plaintiff could have avoided with reasonable efforts or expenditures.

Source:  Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 5.3.

**Defendants' Statement in Support**

Defendants are entitled to offer proof to establish the affirmative defense of failure to mitigate damages.  A jury instruction is necessary to inform the jury what defendants must prove to establish the defense, and what effect such proof should have on Wyatt's claim for damages.  Defendants' proposed jury instruction is consistent with the parties' agreed-upon jury instruction no. 3, which generally instructs as to the burden of proof required to prove an affirmative defense.

**Wyatt's Statement in Opposition**

91

1

**Instruction No. 83**

2

AFFIRMATIVE DEFENSE: INFORMATION WAS READILY

3

ASCERTAINABLE BY PROPER MEANS

4        Malvern and Mr. Dolak did not misappropriate Wyatt's trade secrets if

5    Malvern and Mr. Dolak prove that the information were readily ascertainable by

6    proper means at the time of the alleged acquisition, use or disclosure.

7        There is no fixed standard for determining what is "readily ascertainable

8    by proper means."  In general, information is readily ascertainable if it can be

9    obtained, discovered, developed, or compiled without significant difficulty, effort, or

10   expense.  For example, information is readily ascertainable if it is available in trade

11   journals, reference books, or published materials.  On the other hand, the more

12   difficult information is to obtain, and the more time and resources that must be

13   expended in gathering it, the less likely it is that the information is readily

14   ascertainable by proper means.

15       Source: Judicial Council of California Civil Jury Instructions (2009 ed.)

16   4420.

17   **Defendants' Statement in Support**

18       Defendants are entitled to offer proof to establish that the information

19   comprising Wyatt's purported trade secrets was readily ascertainable by proper means

20   at the time of the alleged acquisition, use or disclosure.  A jury instruction is necessary

21   to inform the jury what defendants must prove to establish the defense.  Defendants'

22   proposed jury instruction is consistent with the parties' agreed-upon jury instruction

23   no. 3, which generally instructs as to the burden of proof required to prove an

24   affirmative defense.

25   **Wyatt's Statement in Opposition**

26

27

28

92

**Instruction No. 84**

**<u>NO DUPLICATION OF DAMAGES</u>**

You are to award damages only as it applies to each of the two individual claims on the verdict.  That is, you may not duplicate your awards if you find for the plaintiff against more than one defendant or on more than one claim.

You are to consider each of these claims separately not only as to the liability but to the damages.

If you find in favor of the plaintiff against a particular defendant, then you consider only the damages that are applicable to that particular claim as against that particular defendant.

*See Berry v. Oswalt*, 143 F.3d 1127, 1130 (8th Cir. 1998).

**<u>Defendants' Statement in Support</u>**

As described in the parties' agreed-upon jury instruction no. 5, each defendant has its own legal rights and the jury must decide the case as to each defendant separately.  This proposed jury instruction, which is consistent with the parties' agreed-upon jury instruction no. 5, clarifies that each defendant's right to separate consideration extends to its liability for damages.

**<u>Wyatt's Statement in Opposition</u>**

93

**Instruction No. 85**

FALSE ADVERTISING - DAMAGES

To prevail on its claim for violation of the Lanham Act, plaintiff must prove by a preponderance of the evidence that it has lost sales or business goodwill as a direct result of the statements at issue.  In so doing, plaintiff must prove a logical causal connection between the alleged false advertising and its own alleged harm. Permissible evidence regarding diverted sales includes evidence of a sale lost as a result of the alleged false advertising, customer surveys or testimony of a customer.

Wyatt has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Wyatt for any actual injury you find was caused by Malvern or Mr. Dolak.  It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

*See In re Century 21*, 882 F. Supp. at 923; *Contessa Food Products, Inc. v. Lockpur Fish Processing Co.*, Nos. CV 98-8218 NM (SHx), 99-4783 NM (SHx), 2003 WL 25778704, *5 (C.D. Cal. 2003); Manual of Model Civil Jury Instructions – Ninth Circuit (2007 ed.) 5.1 (modified)

**Defendants' Statement in Support**

Defendants' proposed jury instruction is specifically tailored to the claims at issue in this action, unlike plaintiff's proposed jury instructions nos. 62 and 63 (which include references to damages that plainly are not at issue).  As such it should be used in lieu of plaintiff's proposed jury instruction nos. 62 and 63.

**Wyatt's Statement in Opposition**

1

**Instruction No. 86**

2

<u>MISAPPROPRIATION – COMPENSATORY DAMAGES</u>

3        If you should find by a preponderance of the evidence that Malvern or

4  Mr. Dolak has misappropriated Protein Solutions' customer-related information,

5  Protein Solutions' alleged idea for a solvent builder, and Protein Solutions' quality

6  assurance testing procedures, and that each of these items constitutes a trade secret,

7  you must then determine the amount of damages, if any, that Wyatt is entitled to

8  receive.

9        The fact that I am instructing you on the subject of damages does not

10  mean that Wyatt is or is not entitled to recover damages.  I am expressing no opinion

11  one way or the other.  These instructions are only to guide you if you find from a fair

12  preponderance of the evidence that Wyatt is entitled to recover damages.

13        Wyatt has the burden of establishing the amount of actual damages, if

14  any, that were suffered.  Damages must be determined with reasonable certainty from

15  the evidence presented.  Mathematical precision need not be shown, but you are not to

16  guess or speculate as to damages.

17        You may only award an amount that would fairly compensate Wyatt for

18  damages proximately caused by Malvern's or Mr. Dolak's use of trade secrets (if

19  any).  You may consider, in awarding such actual damages, the cost Malvern or Mr.

20  Dolak would have incurred in acquiring the same information or trade secrets through

21  its own experimentation or through other lawful means, or you may consider the

22  actual value of what has been appropriated.

23        Source:  O'Malley-Grenig-Lee, et al., Federal Jury Practice and

24  Instructions (Fifth Edition) § 127.14 (modified).

25        **<u>Defendants' Statement in Support</u>**

26        Defendants' proposed jury instruction is specifically tailored to the

27  claims at issue in this action, unlike plaintiff's proposed jury instructions nos. 58 and

28

95

59 (which include references to damages that plainly are not at issue).  As such it should be used in lieu of plaintiff's proposed jury instruction nos. 58 and 59.

## **Wyatt's Statement in Opposition**